UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN D. CERQUEIRA,<br><br>    Complainant,<br><br>v.<br><br>AMERICAN AIRLINES, INC.,<br><br>    Defendant. | CIVIL ACTION NO.: 05-11652 WGY |

## DEFENDANT'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

The Defendant, American Airlines, Inc. ("AA"), hereby answers the Amended Complaint of the Plaintiff, John Cerqueira ("Plaintiff"), as follows:

### INTRODUCTION

1. No response from AA is required as to Paragraph 1 of Plaintiff's Complaint ("the Amended Complaint"), as it is merely a summary recitation of Plaintiff's claims.

### JURISDICTION AND VENUE

2. AA neither admits nor denies the allegations in paragraph 2 of the Amended Complaint, as they constitute conclusions of law to which no response is required.

3. AA admits to the allegations in paragraph 3 of the Amended Complaint insofar as facts are alleged but neither admits no denies those portions of the allegations that are conclusions of law to which no response is required.

1

## PARTIES

4.  AA is without sufficient knowledge or information to either admit or deny the allegations of paragraph 4 of the Amended Complaint.

5.  AA admits to the allegations in paragraph 5 of the Amended Complaint.

## FACTS

6.  AA admits to the allegations in the first sentence of paragraph 6 of the Amended Complaint. AA is without sufficient knowledge or information to either admit or deny the remaining allegations of paragraph 6.

7.  AA admits to the Plaintiff purchasing his ticket, however, is without sufficient knowledge or information to either admit or deny the remaining allegations of paragraph 7 of the Amended Complaint.

8.  AA is without sufficient knowledge to either admit or deny the allegations in paragraph 8 of the Amended Complaint.

9.  AA lacks sufficient knowledge to either admit or deny how the plaintiff checked his baggage, but otherwise admits to the remaining allegations in paragraph 9 of the Amended Complaint.

10. AA admits to the allegations in paragraph 10 of the Amended Complaint insofar as they pertain to the plaintiff requesting to change his seat assignment and his ultimate seat assignment, but lacks sufficient knowledge to either admit or deny the remaining allegations.

11. AA admits to the allegations in paragraph 11 of the Amended Complaint.

12. AA is without sufficient knowledge or information to either admit or deny the allegations of paragraph 12 of the Amended Complaint.

13. AA is without sufficient knowledge or information to either admit or deny the allegations of paragraph 13 of the Amended Complaint.

14. AA is without sufficient knowledge or information to either admit or deny the allegations of paragraph 14 of the Amended Complaint.

15. AA is without sufficient knowledge or information to either admit or deny the allegations of paragraph 15 of the Amended Complaint.

16. AA admits to the allegations in paragraph 16 of the Amended Complaint insofar as they relate to the plaintiff and adjacent passengers being asked for their boarding passes, but lacks sufficient knowledge to either admit or deny the remaining allegations.

17. AA admits that the flight attendant left with Mr. Cerqueira's receipt and the boarding passes of the two other men, and troopers from the Massachusetts State Police boarded the plane and demanded the two individuals and the Plaintiff to immediately deplane with their carry-on luggage. AA denies the remaining allegations of paragraph 17 of the Amended Complaint.

18. AA is without sufficient knowledge or information to either admit or deny the allegations of paragraph 18 of the Amended Complaint.

19. AA is without sufficient knowledge or information to either admit or deny the allegations of paragraph 19 of the Amended Complaint.

20. AA is without sufficient knowledge or information to either admit or deny the allegations of paragraph 20 of the Amended Complaint.

21. AA is without sufficient knowledge or information to either admit or deny the allegations of paragraph 21 of the Amended Complaint.

22. AA is without sufficient knowledge or information to either admit or deny the allegations of paragraph 22 of the Amended Complaint.

23. AA admits that the plaintiff was escorted to the ticket counter and was cleared for further travel, but lacks sufficient knowledge to either admit or deny the remaining allegations in paragraph 23 of the Amended Complaint.

24. AA admits to the allegations in paragraph 24 of the Amended Complaint.

25. AA admits to the allegations in paragraph 25 of the Amended Complaint with the exception of what Ms. Traer said to the two men in question, because it lacks sufficient knowledge to either admit or deny the substance of that conversation.

26. AA admits to Ms. Traer refunding the cost of the return portion of the Plaintiff's ticket and that she suggested he contact AA customer service, however, it denies the remaining allegations in paragraph 26 of the Amended Complaint.

27. AA admits to the allegations in paragraph 27 of the Amended Complaint insofar as they allege that the recited communication was sent by the plaintiff, but lacks sufficient knowledge to either admit or deny the remaining allegations.

28. AA admits to the allegations in paragraph 28 of the Amended Complaint.

29. AA is without sufficient knowledge or information to either admit or deny the allegations of paragraph 29 of the Amended Complaint.

30. AA admits to the allegations in paragraph 30 of the Amended Complaint.

31. AA is without sufficient knowledge or information to either admit or deny the allegations of paragraph 31 of the Amended Complaint.

32. AA admits to the allegations in paragraph 32 of the Amended Complaint.

33. AA admits to the allegations in paragraph 33 of the Amended Complaint.

34.    AA admits to the allegations in paragraph 34 of the Amended Complaint.

35.    AA admits to the allegations in paragraph 35 of the Amended Complaint.

36.    AA is without sufficient knowledge or information to either admit or deny the allegations of paragraph 36 of the Amended Complaint.

37.    AA admits to the allegations in paragraph 37 of the Amended Complaint insofar as they allege that the plaintiff was refused service, but denies that it was Ms. Traer's decision.

38.    AA admits to the allegations in paragraph 38 of the Amended Complaint insofar as they allege action taken by Ms. Traer and the basis of the same, but denies the characterization it being her decision.

39.    AA admits to the allegations in paragraph 39 of the Amended Complaint insofar as they allege that she was an agent and employee of AA at all relevant times, but denies the characterization her actions as being her decision.

40.    AA admits to the allegations in paragraph 40 of the Amended Complaint.

41.    AA denies the allegations in paragraph 41 of the Amended Complaint.

42.    AA denies the allegations in paragraph 42 of the Amended Complaint.

43.    AA denies the allegations in paragraph 43 of the Amended Complaint.

44.    AA is without sufficient knowledge or information to either admit or deny the allegations of paragraph 44 of the Amended Complaint insofar as they allege the plaintiff's damages, but in further answering denies that it engaged in any unlawful conduct.

45.    AA denies the allegations in paragraph 45 of the Amended Complaint.

46.    AA admits to the allegations in paragraph 46 of the Amended Complaint.

### COUNT I: 42 U.S.C. § 1981

47. AA restates and re-alleges its responses to paragraphs 1-46 as if fully set forth herein.

48. AA denies the allegations in paragraph 48 of the Amended Complaint.

49. AA denies the allegations in paragraph 49 of the Amended Complaint.

### COUNT II: TITLE VI OF THE CIVIL RIGHTS ACT OF 1964 (42 U.S.C. § 2000d)

50. AA restates and re-alleges its responses to paragraphs 1-49 as if fully set forth herein.

51. AA denies the allegations in paragraph 51 of the Amended Complaint.

52. AA denies the allegations in paragraph 52 of the Amended Complaint.

### COUNT III: M.G.L.c. 272, § 98

53. AA restates and re-alleges its responses to paragraphs 1-52 as if fully set forth herein.

54. AA denies the allegations in paragraph 54 of the Amended Complaint.

55. AA admits denying Mr. Cerqueira access to AA flight number 2237, however, it denies the remaining allegations on paragraph 55 of the Amended Complaint.

56. AA denies the allegations in paragraph 56 of the Amended Complaint.

57. AA denies the allegations in paragraph 57 of the Amended Complaint.

### AFFIRMATIVE DEFENSES

#### First Defense

The Amended Complaint fails to state a claim upon which injunctive relief may be granted.

## Second Defense

The Plaintiff cannot demonstrate a likelihood of success on the merits, therefore, he is not entitled to any temporary or preliminary injunctive relief he seeks against American Airlines.

## Third Defense

The Plaintiff cannot obtain the permanent injunctive relief he seeks here based upon the facts alleged, or those that he might ultimately prove at the trial of this action.

## Fourth Defense

The actions of Captain Ehlers were permitted, because he reasonably relied upon information given to him, which information caused him to have a reasonable belief that the Plaintiff was or may have posed a risk to the security of the flight.

## Fifth Defense

The actions of Captain Ehlers were not arbitrary and capricious, and all of his actions were taken in accordance with the duty imposed upon him by Federal Aviation Act, 49 U.S.C. § 44902, which affords an airline and its employees the discretion to refuse transport of a passenger who is or may be inimical to airline safety or security.

## Sixth Defense

The actions of American Airlines and Captain Ehlers were not the result in whole or in part of any unlawful discrimination prohibited by M.G.L. c. 272, §§ 92A and 98; 42 U.S.C. § 1981 and 42 U.S.C. § 2000d.

### Seventh Defense

Plaintiff cannot establish that American Airlines or any of its employees acted with deliberate discriminatory intent.

### Eighth Defense

Pursuant to 42 U.S.C. § 2000d, Plaintiff has failed to establish that he is the intended beneficiary of the federally funded program from which American Airlines is alleged to have received assistance, and thus lacks standing to sue under this statute.

### Ninth Defense

Pursuant to 42 U.S.C. § 2000d, Plaintiff has failed to establish that American Airlines' actions were intentional, wanton, malicious, callous or showed reckless disregard to Plaintiff's civil rights.

### Tenth Defense

The Plaintiff is not entitled to the declaratory relief sought.

### Eleventh Defense

The Plaintiff's injuries were proximately caused by intervening or superseding acts of a third person or persons for whom American Airlines had no responsibility or control, and therefore the Plaintiff may not recover against it.

### Twelfth Defense

The Amended Complaint fails to state a claim for punitive damages upon which relief can be granted, because even if all the facts alleged are taken as true, they do not allege nor establish the requisite elements of such a claim.

8

THE DEFENDANT RESERVES THE RIGHT TO ADD ADDITIONAL AFFIRMATIVE DEFENSES.

AMERICAN AIRLINES, INC., DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

WHEREFORE, the Defendant, American Airlines, Inc., requests the following relief:

1. That this Court enter judgment in its favor on all claims set forth in Count I of the Plaintiff's amended complaint;

2. That this Court enter judgment in its favor on all claims set forth in Count II of the Plaintiff's amended complaint;

3. That this Court enter judgment in its favor on all claims set forth in Count III of the Plaintiff's amended complaint;

4. That this Court deny the Plaintiff's request for injunctive relief;

5. That this Court deny Plaintiff's request for declaratory relief; and

6. That this Court grant American Airlines, Inc. such other and further relief as may be appropriate.

Respectfully Submitted,
AMERICAN AIRLINES, INC.
By Its Attorneys,

/s/ Michael A. Fitzhugh
Michael A. Fitzhugh, BBO 169700
Sonia L. Skinner, BBO # 631858
**FITZHUGH, PARKER & ALVARO LLP**
155 Federal Street, Suite 1700
Boston, MA 02110-1727
(617) 695-2330

CERTIFICATE OF SERVICE

I hereby certify that I caused a copy of the forgoing to be served upon opposing counsel of record set forth below, by first class mail postage prepaid, this 30th day of September, 2005.

/s/ Melissa M. Wangenheim
Melissa M. Wangenheim