UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JOHN D. CERQUEIRA,

           Plaintiff,

v.

AMERICAN AIRLINES, INC.,

           Defendant.

Civil Action No: 05-11652-WGY

### JOINT MOTION FOR ENTRY OF PROTECTIVE ORDER

Plaintiff John D. Cerqueira, by his attorneys, Birnbaum & Godkin, LLP, and Defendant American Airlines, Inc., by its attorneys, Fitzhugh, Parker & Alvaro LLP, hereby jointly move for entry of the Proposed Protective Order attached hereto as Exhibit A. As grounds for this motion, the parties state that the Proposed Protective Order is necessary to protect the disclosure of confidential and highly confidential information.

WHEREFORE, John D. Cerqueira and American Airlines, Inc. respectfully request that the Court allow this motion; and grant such other relief as the Court deems just and proper.

Respectfully submitted,

| | |
|---|---|
| **JOHN D. CERQUEIRA,**<br>By his attorneys, | **AMERICAN AIRLINES, INC.,**<br>By its attorneys, |
| /s/ David S. Godkin<br>David S. Godkin (BBO #196530)<br>Erica Abate Recht (BBO #641452)<br>Birnbaum & Godkin, LLP<br>280 Summer Street<br>Boston, MA 02210<br>617-307-6100 | /s/ Michael A. Fitzhugh<br>Michael A. Fitzhugh, Esq. (BBO #169700)<br>Anne-Marie Gerber (BBO #649337)<br>Fitzhugh, Parker & Alvaro LLP<br>155 Federal Street<br>Suite 1700<br>Boston, MA 02110<br>(617) 695-2330 |
| /s/ Michael T. Kirkpatrick<br>Michael T. Kirkpatrick, Esq.<br>Public Citizen Litigation Group<br>1600 20th Street, NW<br>Washington, DC 20009<br>(202) 588-1000 | |

Dated: February 8, 2006

CERTIFICATE OF SERVICE

I, Erica Abate Recht, hereby certify that a true and correct copy of the foregoing document was delivered to all counsel of record on February 8, 2006 by electronic means.

/s/Erica Abate Recht

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JOHN D. CERQUEIRA,

          Plaintiff,

v.

AMERICAN AIRLINES, INC.,

          Defendant.

Civil Action No: 05-11652-WGY

## [PROPOSED] PROTECTIVE ORDER

Discovery taken in the above-captioned case shall be conducted subject to the following Protective Order:

1. In connection with discovery proceedings in this action, the Parties to this action who are called upon to provide discovery may designate any document, thing, material, testimony, or other information derived therefrom, as CONFIDENTIAL under the terms of this Protective Order.

2. In connection with discovery proceedings in this action, third parties who are called upon to provide discovery may designate any document, thing, material, testimony, or other information derived therefrom, as CONFIDENTIAL under the terms of this Protective Order. Unless otherwise provided for herein or agreed to by a producing Party to this action, third parties may not have access to the CONFIDENTIAL information of that producing Party.

3. A Party or third party may designate as CONFIDENTIAL any document or any portion of a document, and any other thing, material, testimony, or other

information that it reasonably and in good faith believes contains or reflects proprietary or confidential material or information that it desires not to be made public.

4.  Documents and other material containing CONFIDENTIAL information, as defined herein (*see* Paragraph 3), shall be so designated by labeling the documents (each page for multi-page documents) or other material produced by a Party or third party with the legend "CONFIDENTIAL," and a Bates label or similar designation sufficient to establish the identity of the producing Party or third party. Except as otherwise agreed by the Parties, such markings shall be done at the time such documents or other materials are served, copied, or otherwise produced.

5.  Notwithstanding the forgoing, if a producing Party or third party elects to produce original files or records for inspection and the inspecting Party desires to inspect those files, no "CONFIDENTIAL" designation need be made by the producing Party or third party in advance of the initial inspection. All materials produced in such manner shall be treated by the receiving Party as CONFIDENTIAL until the time of physical production by the producing Party or third party. Thereafter, upon selection of specified documents for copying by the inspecting Party, the producing Party or third party shall mark the copies of such materials as may contain CONFIDENTIAL information with the appropriate designation at the time the copies are produced to the inspecting Party.

6.  Testimony given at a deposition may be designated as CONFIDENTIAL by making a statement to that effect on the record during the deposition or at the time the statements are made. Prior to fifteen (15) days after receiving a transcript or recording of such deposition or of the statements being made, a Party or third party wishing to designate a transcript, recording or statements, or any portion thereof, as

CONFIDENTIAL shall notify all other Parties in writing of such designation. A Party or third party may not simply designate an entire transcript or statement, but shall make a good faith effort to designate only such portions that contain CONFIDENTIAL information. The Parties and any third party shall treat all such transcripts, recordings, or statements as CONFIDENTIAL during such fifteen (15) days after receiving the transcript or recordings or until written notice of a designation is received, whichever occurs first. The Parties may modify this procedure by mutual agreement without further order of this Court.

7. Counsel for the producing Party or third party may also request that only those persons duly authorized to have access to CONFIDENTIAL information be present during any portion(s) of a deposition in which such information is disclosed. The failure of such other persons to comply with a request of this type shall constitute substantial justification for counsel to adjourn the deposition and timely seek relief from the Court.

8. Counsel for the Parties shall use reasonable protective measures to ensure that all CONFIDENTIAL information is used solely for the purposes specified herein, and disclosed only to authorized persons. All CONFIDENTIAL materials shall be maintained in a secure manner by those authorized to have access to such materials, as provided herein.

9. Absent a specific order by this Court, subject to the provisions of this Protective Order, once designated as CONFIDENTIAL, such designated information, and any summaries, abstracts, or documents derived from such information (collectively, "Documents"), shall be used by the Parties solely in connection with this litigation and only for purposes of this litigation, and not for any other litigation or any other business,

competitive, or governmental purpose or function, and such information shall not be disclosed to anyone except as provided herein.

10. Material designated CONFIDENTIAL that is produced pursuant to this Order may be disclosed or made available <u>only</u> to the Parties' in-house counsel and the Parties' outside counsel of record, including the professional, paralegal, clerical, secretarial or other employees thereof whose functions require access to CONFIDENTIAL information, and to the "qualified persons" designated below:

   a. this Court, any juror, any reporter(s) employed in this action to take or record testimony involving such information and their employees whose duties may require access to such information, or any other entity or person authorized by this Court or required by law;

   b. commercial copy services, translators, data entry and computer support organizations hired by and assisting outside counsel for a Party;

   c. the Parties to this action, including any officers, directors, and employees of the Parties;

   d. outside experts or consultants (together with their staff) retained to assist in the prosecution or defense of this action;

   e. deposition and trial witnesses, if otherwise entitled to see CONFIDENTIAL Information under the terms of this Protective Order; and

   f. any other persons upon the written consent of the Parties.

11. For each expert and technical advisor to whom a receiving party desires to disclose any CONFIDENTIAL information, prior to the disclosure of the information, the receiving party shall provide written notice to the producing party of the name of such person at least ten (10) days prior to disclosure and provide a detailed resume for such person which identifies the present employer and title of the person, and includes the present and past medical, business and technical employment experience and consulting

relationships for that person. No written notice identifying supporting personnel employed by such person is necessary. Within ten (10) days after receipt of such notice, the producing party may object to such disclosure by giving written notice to the receiving party that the producing party has a reasonable basis to believe the person identified as an intended recipient of the information is not independent; is employed, as a consultant, advisor, or employee, by a competitor; or may use or disclose the information for a purpose other than preparation for trial of this case. If the parties are unable to resolve any differences within ten (10) days after receipt of such objection, the receiving party may file a motion requesting the Court rule that the disputed information be disclosed to the person identified as an intended recipient. The disputed information shall not be disclosed to such person and shall remain subject to the terms of this Order until the Court has ruled on such motion. Failure to file such a motion shall not preclude any subsequent objection to continued access or disclosure of CONFIDENTIAL information if facts suggesting a basis for objection are subsequently learned by the producing party.

12. In the event that any Party or any other individual authorized under this Protective Order to receive CONFIDENTIAL information is served with a subpoena or other judicial process demanding the production or disclosure of any materials designated CONFIDENTIAL, such Party or individual shall (a) provide all Parties with a copy of such subpoena or other judicial process within five (5) days following receipt thereof; and (b) cooperate with the Parties to protect any CONFIDENTIAL information from production or disclosure.

13.     Nothing herein is intended in any way to restrict the ability of the receiving Party to use CONFIDENTIAL material produced to him or it (a) in examining or cross-examining any employee, expert or consultant of the producing Party, or producing third party; (b) in examining or cross-examining, or preparing for examination or cross-examination any person who authored or received or is a named recipient of the CONFIDENTIAL material; or (c) examining or cross-examining any other person, provided there is a good-faith basis for believing the witness may have been involved with the specific matters to which the CONFIDENTIAL information is directed, at the time of the events to which the information is directed.  At no time, however, will such a person be permitted to review the CONFIDENTIAL material outside the presence of counsel for the receiving Party, nor to retain the material, unless otherwise permitted under the terms of the Protective Order.

14.     Nothing herein is intended to restrict, in any way, the ability of the producing Party or third party to use his or its own CONFIDENTIAL material as he or it sees fit.

15.     Nothing herein shall restrict any attorney of record from rendering advice to the attorney's Party-client with respect to this action, and in the course thereof, relying on an examination of CONFIDENTIAL information; provided, however, that in rendering such advice and in otherwise communicating with the Party-client, the attorney shall not disclose any CONFIDENTIAL information nor the source thereof to anyone not authorized to receive CONFIDENTIAL information under this Protective Order.

16.     Nothing herein shall impose any restrictions on the use or disclosure by a Party of material obtained by such Party independent of discovery from another Party in

this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own CONFIDENTIAL material as it deems appropriate. Nor shall this Order restrict the use or disclosure of material that: (a) is rightfully in the public domain at the time of the use or disclosure (unless the particular collection of public documents or information is protectable); (b) becomes a rightful part of the public domain through no fault of the receiving Party; (c) was received from a third party who was under no obligation of confidentiality to the Party that produced the material; or (d) is derived or obtained independently of the use or disclosure. The receiving Party shall have the burden of proving any of the above conditions.

17.     Before filing any pleadings or other documents which contain CONFIDENTIAL information, the parties shall confer and agree on redactions that would permit the filing of the pleadings or other documents in open court. If the parties are unable to agree on such redactions, the Producing Party(ies) shall move, pursuant to the Uniform Rules of Impoundment Procedure and Fed. R. Civ. P. 26(c), for a court order permitting such pleadings or other documents to be filed under seal. No pleadings or other documents which contain CONFIDENTIAL information shall be filed prior to the Court's ruling on that motion. In its consideration of whether any pleadings or documents may be filed under seal, the Court is not bound by the designation of any material as CONFIDENTIAL and any such designation shall not create any presumption that documents so designated are entitled to confidential treatment pursuant to Fed. R. Civ. P. 26(c) or impoundment pursuant to the Uniform Rules of Impoundment Procedure. If the Court determines that the CONFIDENTIAL information is not entitled to confidential treatment pursuant to Fed. R. Civ. P. 26(c), and/or does not permit the pleadings or other

documents which contain such CONFIDENTIAL information to be filed under seal, the parties may then file those pleadings or other documents in open court.

18. If CONFIDENTIAL material produced in accordance with this Order is disclosed to any person other than in the manner authorized by this Order, the Party or third party responsible for the disclosure shall immediately bring all pertinent facts related to such disclosure to the attention of all counsel of record and, without prejudice to other rights and remedies of the Party or third party that produced the material, shall make all reasonable efforts to prevent any further disclosure by it or by the person(s) who received such material.

19. The provisions of this Order shall govern discovery and all pre-trial, trial, and post-trial proceedings related to this action.

20. In the event that any CONFIDENTIAL material is used in any Court proceeding in this action, it shall not necessarily lose its CONFIDENTIAL status through such use.

21. This Order is entered solely for the purpose of facilitating the exchange of documents and other materials without involving the Court unnecessarily in the process. Nothing in this Order, nor the production of any document or other materials under the terms of this Order, nor any proceedings pursuant to this Order shall be deemed: (a) to have the effect of an admission or waiver by any Party or third party; (b) to alter the confidentiality or non-confidentiality of any such document or other material; or (c) to alter any existing obligation of any Party or third party including, but not limited to, any non-disclosure agreements the parties entered into or maintain with third parties.

22. If a Party or third party inadvertently produces material that bears no designation or that bears an improper designation, it may nevertheless thereafter designate or redesignate such material. Upon receipt of such notice, and upon receipt of properly labeled materials, the receiving Party or Parties shall promptly destroy or return all unmarked or improperly marked materials (and any copies that may have been made) to the producing Party's or third party's counsel. Until such materials are destroyed or returned, the receiving Party or Parties shall treat them (and any copies that may have been made) as CONFIDENTIAL and shall not subsequently disclose such materials or the information contained therein to any persons. The receiving Party or Parties shall, to the extent reasonably possible, cooperate in recovering and restoring the confidentiality of such inadvertently produced material.

23. The inadvertent production of CONFIDENTIAL material, regardless of whether the material was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of the producing Party's or third party's claim of confidentiality either as to the specific information disclosed or as to any other information relating thereto or on the same or a related subject matter, provided that the receiving Party is notified and properly marked materials are supplied as provided herein promptly after discovery of the inadvertent disclosure.

24. The inadvertent production of any privileged or otherwise protected materials shall not be deemed a waiver or impairment of any claim of privilege or protection including, but not limited to, the attorney-client privilege and work-product immunity, or the subject matter thereof. Upon receiving written notice from the producing Party or third party that the materials asserted to be privileged or protected

have been inadvertently produced, the receiving Party shall promptly return all such material (including summaries thereof and any copies that may have been made or distributed) to the producing Party or third party within five (5) business days of receipt of such notice. After receiving such notice, the receiving Party or Parties shall not furnish or disclose such materials to any persons, or use such materials in any way. Nothing stated herein shall limit the right of a Party or third party to assert or challenge a claim of privilege or protection made pursuant to this paragraph.

25. This Order shall survive the final termination of this action to the extent that the information contained in CONFIDENTIAL material is not or does not become known to the public, and this Court shall retain jurisdiction to resolve any dispute concerning the use of material produced hereunder. Within thirty (30) days of final termination of this action, including all appeals, each Party that is subject to this Order and/or its representatives, and each other individual who has received CONFIDENTIAL material under this Protective Order, shall destroy or return to the producing Party or third party all CONFIDENTIAL items, and copies of such items. Counsel, however, may retain for their files copies of pleadings, depositions and exhibits, trial testimony and exhibits, admissions, and answers to interrogatories as counsel deems necessary to preserve an accurate record of the proceedings, provided that copies of any such retained CONFIDENTIAL material shall not thereafter be disclosed to any Party or third party, other than to the provider of such material, if it so requests.

26. The Parties to this action shall each have the right to challenge the designation of any information as "CONFIDENTIAL." Any Party's failure to challenge a designation of any document or information as "CONFIDENTIAL" pursuant to this

- 11 -

Order shall be without prejudice to the right of that Party to contest the substantive legal status of such designated material as trade secret or confidential information.

27. This Order until it is entered by the Court, and even if it is never entered by the Court, shall be deemed to be an enforceable agreement between the Parties.

28. All time periods herein, if not already specified, refer to business days.

SO ORDERED this ____ day of _____, 2006.

_____
U.S. District Judge

**ASSENTED TO:**

| | |
|---|---|
| **JOHN D. CERQUEIRA,**<br>By his attorneys, | **AMERICAN AIRLINES, INC.,**<br>By its attorneys, |
| /s/ David S. Godkin<br>David S. Godkin (BBO #196530)<br>Erica Abate Recht (BBO #641452)<br>Birnbaum & Godkin, LLP<br>280 Summer Street<br>Boston, MA 02210<br>617-307-6100 | /s/ Michael A. Fitzhugh<br>Michael A. Fitzhugh, Esq. (BBO #169700)<br>Anne-Marie Gerber (BBO #649337)<br>Fitzhugh, Parker & Alvaro LLP<br>155 Federal Street<br>Suite 1700<br>Boston, MA 02110<br>(617) 695-2330 |
| /s/ Michael T. Kirkpatrick<br>Michael T. Kirkpatrick, Esq.<br>Public Citizen Litigation Group<br>1600 20th Street, NW<br>Washington, DC 20009<br>(202) 588-1000 | ATTORNEYS FOR DEFENDANT |
| ATTORNEYS FOR PLAINTIFF | |

CERTIFICATE OF SERVICE

I, Erica Abate Recht, hereby certify that a true and correct copy of the foregoing document was delivered to all counsel of record on February 8, 2006, by electronic means.

/s/ Erica Abate Recht