UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN D. CERQUEIRA, <br><br> Plaintiff, <br><br> v. <br><br> AMERICAN AIRLINES, INC., <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> )    CIVIL ACTION NO.: 05-11652 WGY <br> ) <br> ) <br> ) <br> ) |

## AMERICAN AIRLINES, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S EXPERT DISCLOSURE

American Airlines, Inc. ("AA") requests that this Court deny plaintiff's Motion to Strike Defendant's Expert Disclosure because plaintiff misunderstands the schedule established by the Court relative to setting a pretrial conference date. Moreover, AA's expert, John Beardslee, intends to testify at trial regarding issues not discussed in, disclosed by, or reasonably inferred from the report of the plaintiff's expert, Douglas R. Laird. Therefore, AA's expert disclosures are timely. Finally, contrary to plaintiff's assertion, plaintiff has not been prejudiced by AA's timely disclosure of its expert.

First, the Court's notes from the Scheduling Conference held on December 19, 2005 specifically state that the pretrial conference in this case shall be held NO SOONER THAN December 4, 2006.[1] Neither those notes, nor any further order of the Court, set a firm date for the pretrial conference. Thus, it is impossible to determine a date ninety days prior to the pretrial conference upon which expert disclosures would be due pursuant to Local Rules

---

[1] AA further contends that those same notes adopt the joint scheduling plan agreed to by the parties. In that scheduling plan, expert disclosures were due no later than June 2, 2006, rendering plaintiff's own disclosure of Mr. Laird untimely. AA intends to raise this argument in a motion addressing global deficiencies in Mr. Laird's opinions and expert disclosure that it plans to file in accordance with pretrial requirements.

16.5(c) or 26.4.  Therefore, Fed.R.Civ.P. 26(a)(2), which requires expert disclosures to be made not later than ninety days before the trial ready date, controls.  The Court did establish a firm trial ready date of January 2, 2007.  In consequence, AA's expert disclosure on October 2, 2006 was timely.

Second, AA's expert, John Beardslee, intends to testify regarding a number of issues about which plaintiff's proposed expert makes no mention in his report.  *See* Exhibits 1 and 2 to Plaintiff's Motion to Strike.  Specifically, in addition to rebutting Mr. Laird's testimony, Mr. Beardslee will testify regarding the substantial differences in aviation security from the pre-9/11 era to the time of the incident in question, industry standards in effect for handling passenger security issues as of December 2003, industry standards for training of personnel on handling passenger security issues as of December 2003, and the circumstances surrounding interaction between airlines and law enforcement regarding passenger security issues as of December 2003.  *See* Exhibit 1 to Plaintiff's Motion to Strike.  Mr. Laird offered no opinions on those issues in his expert disclosure, and indeed may not be qualified to testify regarding those issues since he has not been employed by a U.S. flag carrier subsequent to 9/11.  *See* Exhibit 2 to Plaintiff's Motion to Strike.  Rather, Mr. Laird offers only five cursory, ill-supported opinions: "1) Mr. Cerqueira was a victim of racial profiling; 2) Racial profiling does not make air travel safer; 3) Mr. Cerqueira [sic] behavior did not indicate a security threat; 4) Because the situation was mishandled an innocuous series of events was allowed to turn in to a security incident; 5) The refusal to allow Mr. Cerqueira to travel on American Airlines after he was questioned was not justified."

Finally, plaintiff is in no way prejudiced by AA's expert disclosure occurring at least ninety days prior to trial.  *See, e.g., Gagnon v. Teledyne Princeton, Inc.*, 437 F.3d 188, 191

(1st Cir. 2005) (remanded for determination on issue of harmlessness where there was no clear showing of harm on record before First Circuit).  AA's Motion for Summary Judgment, to which plaintiff's opposition is due on October 18, 2006, is in no way predicated upon Mr. Beardslee's testimony.  Furthermore, AA is ready, willing and able to make Mr. Beardslee available for deposition at a mutually agreeable time and location under the usual rules pertaining to depositions of experts.  Plaintiff's argument that he will incur substantial costs because AA's disclosure is in some way untimely is specious – those costs associated with deposing Mr. Beardslee and supplementing his disclosures would have been incurred had AA disclosed Mr. Beardslee earlier.  Even if the Court were to conclude that the plaintiff has interpreted its December 19, 2005 notes correctly, which AA submits he has not, at most, this situation would fall within the realm of cases where failure to disclose is deemed "substantially justified or harmless" under Fed. R. Civ. P. 37(c)(1).  *See, e.g., Lohnes v. Level 3 Communications, Inc.*, 272 F.3d 49, 60 (1st Cir. 2001) (discussing when failure to disclose may be justified or harmless).

## Conclusion

For the reasons set forth herein, Plaintiff's Motion to Strike should be denied.

Respectfully submitted,

**AMERICAN AIRLINES, INC.**
By its Attorneys,

_____/s/ Amy Cashore Mariani_____

Michael A. Fitzhugh, (BBO 169700)
Amy Cashore Mariani, (BBO #630160)
**FITZHUGH, PARKER & ALVARO LLP**
155 Federal Street, Suite 1700
Boston, MA 02110-1727
(617) 695-2330

Dated: October 5, 2006

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on October 5, 2006.

                                                     */s/ Amy Cashore Mariani*
                                                     Amy Cashore Mariani