UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                                    )
JOHN D. CERQUEIRA,                  )
                                    )
       Plaintiff,                   )
                                    )
       v.                           )
                                    )   CIVIL ACTION NO.: 05-11652 WGY
AMERICAN AIRLINES, INC.,            )
                                    )
       Defendant.                   )
_____)
```

### AMERICAN AIRLINES, INC.'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

American Airlines, Inc. ("AA") submits this reply memorandum to address plaintiff's strained interpretation of the appropriate legal standards governing the matter at bar. Specifically, plaintiff contends that AA's motion for summary judgment fails because he allegedly has set forth sufficient facts to show that the purported (and unsubstantiated) biases of a non-decisionmaker, Sally Walling, influenced the decision of the Captain of Flight 2237 on December 28, 2003, John Ehlers and Manager on Duty at Systems Operations, Craig Marquis, to remove plaintiff and two other passengers from the flight after they had each demonstrated unusual behaviors. Plaintiff's contention rests upon the so-called "cat's paw" theory of employer liability; that theory applies exclusively to employment discrimination cases. Moreover, application of the "cat's paw" theory to these facts runs contrary to well-settled aviation law establishing that persons making decisions relative to boarding and removal may rely upon information provided to them by others, even where such information is flawed or biased.

First, plaintiff errs in his recitation of the facts at hand. Plaintiff contends that the decision to remove plaintiff from the flight was a direct result of statements made by flight

attendant Sally Walling to Captain Ehlers, and that Captain Ehlers then reported those concerns to Mr. Marquis. *See* Plaintiff John D. Cerqueira's Memorandum in Opposition to American Airlines, Inc.'s Motion for Summary Judgment (Document 30), hereinafter "Cerqueira Opp.," at p. 5. Plaintiff fails to mention, however, that another flight attendant, Lois Sargent, also raised concerns about plaintiff's conduct. *See* American Airlines, Inc.'s Statement of Undisputed Facts in Support of its Motion for Summary Judgment, hereinafter "AA SOF," at ¶¶ 19-21, 24. He further fails to mention that plaintiff used the lavatory for between four and five minutes and that plaintiff was seated next to two individuals with whom Captain Ehlers had an unusual encounter. AA SOF at ¶¶ 11, 14-16, 23. Moreover, there is no evidence in the record that either Ms. Walling or Ms. Sargent exhibited bias against plaintiff. *See* Depositions of Sally Walling and Lois Sargent, attached as exhibits D and G to AA SOF, respectively.

Second, plaintiff misplaces his reliance on the "cat's paw" legal theory. The cases cited within his opposition demonstrate clearly that the theory applies to employment situations. *See, e.g, EEOC v. BCI Coca-Cola Bottling Co.*, 450 F.3d 476, 484-88 (10th Cir.2006); *Cariglia v. Hertz Equipment Rental Corp.*, 363 F.3d 77, 83 (1st Cir.2004); *Zades v. Lowe's Home Centers, Inc.*, No. 03-30269-MAP, 2006 WL 2563456, 10 (D.Mass. 2006); *Harlow v. Potter*, 353 F.Supp.2d 109, 115 (D.Me. 2005). Employment cases and aviation security cases are dissimilar; employment involves rights of parties, whereas air travel involves privileges, albeit privileges protected by discrimination laws. *See generally*, 42 U.S.C. § 1981, 42 U.S.C. § 2000d, and M.G.L. c. 272 §98 as compared to 49 U.S.C. § 44902(b). *See also, Williams v. Trans World Airlines*, 509 F.2d 942, 948 (2nd Cir.1975); *Jones v. City of Boston*, 738 F.Supp. 604, 605-06 (D.Mass. 1990); *Adamsons v. American Airlines, Inc.*, 444 N.E.2d 21, 23-24 (N.Y. 1982). Plaintiff's counsel cites no precedent in which the "cat's paw" theory has been applied to cases

2

involving the statutes under which his claims are asserted. Defense counsel's research reveals that the reason for that omission is that none appear to exist. The very cases on which plaintiff relies demonstrate clearly that the theory has bearing only on situations involving employment discrimination. *EEOC v. BCI Coca-Cola* sets forth the rationale for utilizing the "cat's paw" theory in employment discrimination cases, stating:

> "A biased low-level supervisor with no disciplinary authority might effectuate the termination of an employee from a protected class by recommending discharge or by selectively reporting or even fabricating information in communications with the formal decisionmaker. Recognition of subordinate bias claims forecloses a strategic option for employers who might seek to evade liability, even in the fact of rampant race discrimination among subordinates, through willful blindness as to the source of reports and recommendations." 450 F.3d at 486.

Rather than distort Title VII law to fit the facts of this case, this Court should look to the clearly defined body of aviation law that addresses circumstances such as this for guidance. Aviation case law makes it abundantly clear that the considerations mentioned above do not take precedence over the very real security concerns possessed by airlines and their captains, particularly in the post 9/11 era. *See Williams,* 509 F.2d at 948; *Adamsons,* 444 N.E.2d at 23-24; *Smith v. Comair, Inc.*, 134 F.2d 254, 259 (4th Cir.1998); *Dasrath v. Continental Airlines, Inc.*, 228 F.Supp.2d 521, 538-39, (D.N.J. 2002). Indeed, courts have expressly held, because of the security issues and time-sensitive nature surrounding denial of service situations, that the mistakes and/or biases of subordinates reporting information to decisionmakers cannot and should not be taken into account in determining whether discrimination occurred; the propriety of the decision instead must be evaluated based on the information immediately available to the decisionmakers, however perfect or imperfect that information might be. *Ruta v. Delta Airlines, Inc.*, 322 F.Supp.2d 391, 397 (S.D.N.Y. 2004).

Finally, even if the Court were to apply the "cat's paw" theory to this case, plaintiff's argument fails as a matter of law and fact. In order to successfully employ the "cat's paw" theory, plaintiff must prove that Ms. Walling exhibited bias and that Captain Ehlers and Mr. Marquis were acting as the "conduit" of that bias when they themselves made decisions. *Harlow*, 353 F.Supp.2d at 115. In other words, Ms. Walling must have influenced the process substantially enough to affect the decisions made by Captain Ehlers and Mr. Marquis. *Cariglia*, 363 F.3d at 85. For the reasons described in AA's Opposition to Plaintiff's Motion for Partial Summary Judgment that have been discussed in terse fashion supra, the evidence clearly runs to the contrary. Plaintiff must further prove that Captain Ehlers and Mr. Marquis undertook no independent investigation or made no independent determination regarding the situation. *EEOC v. BCI Coca-Cola*, 450 F.3d at 485. He cannot prove that fact as well; as described in AA's Opposition to Plaintiff's Motion for Partial Summary Judgment and highlighted above, the evidence clearly shows that Captain Ehlers and Mr. Marquis had independent bases, including, but not limited to, Captain Ehlers' own personal observations and those of flight attendant Lois Sargent, in making their decisions. Third, plaintiff would need to establish that Ms. Walling suggested a course of conduct; there is no such implication or suggestion in the record. *Id*. Fourth, plaintiff would need to show that Ms. Walling reported incorrect or false information about him, or that she failed to report information about him that was somewhat exculpatory. *Id*. at 486. There is no evidence in the record that Ms. Walling lied about her impressions of plaintiff's behavior, or that she failed to report information that might in some way excuse or otherwise vitiate the unusual behavior he displayed. *See generally,* AA SOF, Deposition of Sally Walling, Exhibit D to AA SOF. Plaintiff makes much of the fact that he disputes he acted hostilely toward Ms. Walling and that he disputes he was insistent; whether he believes he was

4

or was not hostile or insistent is immaterial. Rather, under a "cat's paw" analysis, the question is whether Ms. Walling perceived him to be hostile or insistent, and whether she truthfully reported that perception to Captain Ehlers. There is no evidence in the record from which a factfinder could conclude Ms. Walling found plaintiff to be anything other than hostile and insistent, or that she reported anything other than her own observations to the Captain, negating plaintiff's attempt to use the "cat's paw" theory. Lastly, plaintiff must establish that false or inaccurate information, or misinformation, from Ms. Walling caused him to be removed from the flight. *Id*. For the reasons discussed supra and in AA's Opposition to Plaintiff's Motion for Partial Summary Judgment, he cannot prove that fact. Therefore, plaintiff's attempt to utilize the "cat's paw" theory to resurrect his claims fails yet again.

## Conclusion

For the reasons set forth herein and in its Memorandum in Support of its Motion for Summary Judgment, AA's Motion for Summary Judgment should be granted.

        Respectfully submitted,

        **AMERICAN AIRLINES, INC.**
        By its Attorneys,

        ____/s/ Amy Cashore Mariani_____
        Michael A. Fitzhugh, (BBO 169700)
        Amy Cashore Mariani, (BBO #630160)
        **FITZHUGH, PARKER & ALVARO LLP**
        155 Federal Street, Suite 1700
        Boston, MA 02110-1727
        (617) 695-2330

## **CERTIFICATE OF SERVICE**

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on November 1, 2006.

                                                                 */s/ Amy Cashore Mariani*
                                                                 Amy Cashore Mariani