UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN D. CERQUEIRA,<br><br>    Plaintiff,<br><br>v.<br><br>AMERICAN AIRLINES, INC.,<br><br>    Defendant. | Civil Action No. 05-11652-WGY |

**PLAINTIFF'S THIRD MOTION *IN LIMINE* TO PRECLUDE
DEFENDANT FROM CONTRADICTING ITS JUDICIAL ADMISSION
THAT DEFENDANT IS A RECIPIENT OF FEDERAL FINANCIAL ASSISTANCE
OR FROM CONTENDING THAT IT IS NOT SUBJECT TO TITLE VI**

In paragraph 5 of his Amended Complaint (Doc. No. 3), plaintiff John D. Cerqueira alleged, in relevant part, that "American Airlines is a recipient of federal financial assistance." In paragraph 5 of its Answer (Doc. No. 5), defendant American Airlines (AA) stated: "AA admits to the allegations in paragraph 5 of the Amended Complaint." Admissions made in a pleading are judicial admissions, and they are binding. *Schott Motorcycle Supply, Inc. v. Am. Honda Motor Co.*, 976 F.2d 58, 61 (1st Cir. 1992) ("A party's assertion of fact in a pleading is a judicial admission by which it normally is bound throughout the course of the proceeding.") (quotation omitted); *United States v. Belculfine*, 527 F.2d 941, 944 (1st. Cir. 1975) ("[J]udicial admissions are conclusive on the party making them."). Thus, AA should be precluded from contradicting its judicial admission that it is a recipient of federal financial assistance.

AA should also be precluded from contending that it does not receive federal financial assistance as a whole. Mr. Cerqueira served the following interrogatory on AA:

> If you contend that American Airlines does not receive federal financial assistance as a whole, identify and describe the source and purpose of any federal financial assistance received by American Airlines during the five years preceding December 28, 2003.

AA responded, in relevant part: "American states that it has not advanced any such contention." Def. Resp. to Interr. No. 18 (attached as Exh. 1).

Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d, prohibits discrimination in "any program or activity receiving Federal financial assistance," and the term "program or activity" means "all of the operations of . . . an entire corporation . . . if assistance is extended to such corporation . . . as a whole." 42 U.S.C. § 2000d-4a(3)(A)(i). Because AA has admitted that it receives federal financial assistance and did not contend that such assistance was limited to any particular program or activity, AA should be precluded from arguing that the flight operations from which it excluded Mr. Cerqueira are not covered by Title VI.

AA has asserted that because one court has held that funds provided the airlines under the Air Transportation Safety and System Stabilization Act do not constitute "federal financial assistance" within the meaning of the Rehabilitation Act, this Court should find, by analogy, that AA's receipt of Stabilization Act funding does not constitute "federal financial assistance" within the meaning of Title VI. AA Mem. in Supp. of Summ. Judg. (Doc. No. 16), at 7 (citing *Shotz v. American Airlines, Inc.*, 420 F.3d 1332 (11th Cir. 2005)). Having already made judicial admissions sufficient to establish Title VI coverage, it is much too late for AA to assert that Title VI does not apply. Indeed, the Stabilization Act is only one of many potential sources of federal funding, but AA chose to avoid answering discovery about its federal financial assistance by making clear that it would not contend that it is not a recipient of federal financial assistance as a whole.

Moreover, *Shotz* is not persuasive on the question of whether Stabilization Act funding subjects an airline to Title VI, because *Shotz* focused on whether Congress intended for the Rehabilitation Act to apply air carriers. 420 F.3d 1336-37. In contrast, at least one court has held that an airline's acceptance of Stabilization Act funds triggers Title VI coverage. *See Alasady v. Northwest Airlines Corp.*, No. Civ. 02-3669, 2003 WL 1565944, at *12 (D. Minn. Mar. 3, 2003).

Because Title VI applies to all the operations of a corporation that receives federal financial assistance as a whole, and AA has admitted that it receives such funding, AA should be precluded from arguing that it is not subject to Title VI.

        **JOHN D. CERQUEIRA**
        By his attorneys,

        */s/ Michael T. Kirkpatrick*
        _____
        Michael T. Kirkpatrick
        Public Citizen Litigation Group
        1600 20th Street NW
        Washington, DC  20009
        (202) 588-1000
        mkirkpatrick@citizen.org

        David S. Godkin (BBO #196530)
        Darleen F. Cantelo (BBO #661733)
        Birnbaum & Godkin, LLP
        280 Summer Street
        Boston, MA  02210

Dated: November 17, 2006        617-307-6100

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on November 17, 2006.

*/s/ Michael T. Kirkpatrick*
_____
Michael T. Kirkpatrick

## CERTIFICATE OF CONFERENCE

I hereby certify that on November 14, 2006, at 1:00 pm, I conferred by telephone with Amy Cashore Mariani, counsel for defendant, and attempted in good faith to resolve or narrow the issue presented in this motion, but the parties were unable to resolve the issue or narrow the areas of disagreement.

*/s/ Michael T. Kirkpatrick*
_____
Michael T. Kirkpatrick

**Exhibit 1**

to

**PLAINTIFF'S THIRD MOTION *IN LIMINE* TO PRECLUDE
DEFENDANT FROM CONTRADICTING ITS JUDICIAL ADMISSION
THAT DEFENDANT IS A RECIPIENT OF FEDERAL FINANCIAL ASSISTANCE
OR FROM CONTENDING THAT IT IS NOT SUBJECT TO TITLE VI**

Def.'s Response to Interr. No. 18

INTERROGATORY NO. 16:

Identify by name, date, and forum, every lawsuit, administrative complaint, charge, or enforcement action brought against American Airlines during the last five years which involved an allegation that a passenger's race, color, national origin, ethnicity, or ancestry was a motivating factor for a decision to have the passenger removed from a flight, denied boarding, or refused service.

**Objection:** American objects to this interrogatory as being unduly broad and needlessly burdensome, as well as irrelevant. The data sought seeks this information from a commercial airline with thousands of employees serving a worldwide market. American further objects to this interrogatory because much of this information is a matter of public record, and is therefore equally available to the plaintiff.

INTERROGATORY NO. 17:

State whether, during the last five years, you have taken disciplinary action against any employee for considering a passenger's race, color, national origin, ethnicity, or ancestry in determining whether a passenger should be removed from a flight, denied boarding, or refused service, and, if so, describe each incident and identify the persons involved.

**Objection:** American objects to this interrogatory as being unduly broad and needlessly burdensome, as well as irrelevant. The data sought is not limited to the Boston station, and thus seeks this information from a commercial airline with thousands of employees serving a worldwide market.

INTERROGATORY NO. 18:

If you contend that American Airlines does not receive federal financial assistance as a whole, identify and describe the source and purpose of any federal financial assistance received by American Airlines during the five years preceding December 28, 2003.

**Objection:** American objects to this interrogatory as being vague and seeking information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**Response:** Subject to and without waiver of the foregoing objection, American states that it has not advanced any such contention.