UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN D. CERQUEIRA,<br><br>    Plaintiff,<br><br>v.<br><br>AMERICAN AIRLINES, INC.,<br><br>    Defendant. | Civil Action No. 05-11652-WGY |

**PLAINTIFF'S SEVENTH MOTION *IN LIMINE* TO PRECLUDE
DEFENDANT FROM ARGUING TO THE JURY THAT ALLEGEDLY
UNUSUAL BEHAVIOR BY OTHER PASSENGERS CAN JUSTIFY
DEFENDANT'S TREATMENT OF MR. CERQUEIRA**

Defendant American Airlines (AA) is expected to argue that its treatment of Mr. Cerqueira was justified because two passengers who looked like Mr. Cerqueira and were seated next to him, Mr. Ashmil and Mr. Rokah, engaged in allegedly unusual behavior. AA should be precluded from arguing to the jury that the allegedly unusual behavior of Mr. Ashmil and Mr. Rokah can provide a non-discriminatory reason for AA's treatment of Mr. Cerqueira.

The primary issue in this case is whether AA's decisions to remove Mr. Cerqueira from flight 2237 for police questioning, and to refuse to rebook Mr. Cerqueira after the investigation concluded, were motivated by discrimination. The behavior of Mr. Ashmil and Mr. Rokah has nothing to do with Mr. Cerqueira's behavior; thus, it is irrelevant to AA's defense, and AA should not be allowed to use it for that purpose. Fed. R. Evid. 402 ("Evidence which is not relevant is not admissible."). Even if the behavior of Mr. Ashmil and Mr. Rokah had some marginal relevance to AA's defense, it should not be allowed to be used for that purpose because "its probative value is substantially

outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . ." Fed. R. Evid. 403.

Although AA's assertions about Mr. Ashmil and Mr. Rokah are irrelevant to AA's claim that it had non-discriminatory reasons for its treatment of Mr. Cerqueira, the fact that AA imputed to Mr. Cerqueira the behavior exhibited by Mr. Ashmil and Mr. Rokah supports Mr. Cerqueira's claim that AA discriminated against him because he was perceived to be Middle Eastern. Thus, pursuant to Federal Rule of Evidence 105, any evidence about Mr. Ashmil and Mr. Rokah should be admitted only for the purpose of showing discrimination, and AA should be precluded from arguing that such evidence supports its defense.

JOHN D. CERQUEIRA
By his attorneys,

*/s/ Michael T. Kirkpatrick*
_____
Michael T. Kirkpatrick
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC  20009
(202) 588-1000
mkirkpatrick@citizen.org

David S. Godkin (BBO #196530)
Darleen F. Cantelo (BBO #661733)
Birnbaum & Godkin, LLP
280 Summer Street
Boston, MA  02210

Dated: November 17, 2006          617-307-6100

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on November 17, 2006.

          */s/ Michael T. Kirkpatrick*
          _____
          Michael T. Kirkpatrick

## CERTIFICATE OF CONFERENCE

I hereby certify that on November 14, 2006, at 1:00 pm, I conferred by telephone with Amy Cashore Mariani, counsel for defendant, and attempted in good faith to resolve or narrow the issue presented in this motion, but the parties were unable to resolve the issue or narrow the areas of disagreement.

          */s/ Michael T. Kirkpatrick*
          _____
          Michael T. Kirkpatrick