UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN D. CERQUEIRA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.: 05-11652 WGY |
| ) | |
| AMERICAN AIRLINES, INC., ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT'S MOTION IN LIMINE TO EXCLUDE DEPOSITION TESTIMONY OF BARRY BLUMENTHAL AND RICHARD FAULK

Defendant American Airlines, Inc. ("AA") moves in limine to exclude portions of the deposition testimony of plaintiff's treating physician, Barry Blumenthal ("Blumenthal"), and plaintiff's treating psychiatrist, Richard Faulk ("Faulk") because it exceeds that which is reflected in their treatment notes. Neither has been disclosed as an expert witness and neither has proffered expert disclosures in accordance with Fed.R.Civ.P. 26(b)(2). Therefore, such opinion testimony should be excluded. *See, e.g., Gonzalez v. Executive Airlines, Inc.*, 236 F.R.D. 73, 78 (D.Puerto Rico 2006); *Garcia v. City of Springfield Police Department*, 230 F.R.D. 247, 249-50 (D.Mass. 2005). *See also* Fed.R.Civ.P. 26(b)(2).

Blumenthal testified at deposition that he diagnosed plaintiff with post-traumatic stress disorder, and that there is a recognized treatment methodology for post-traumatic stress disorder. (Deposition of Barry Blumenthal, hereinafter "Blumenthal Deposition," submitted under separate cover[1] as Exhibit 1, pp. 7, 18-19, 21). Blumenthal further testified, however, that he is not a licensed psychiatrist or psychologist and that he would validate the conclusions of a

---

[1] Due to a Protective Order in place between the parties, the deposition transcripts of Blumenthal and Faulk will be submitted by mail, directly to Judge's chambers, as large portions of these transcripts have been deemed "Confidential" by the plaintiff.

psychiatrist or psychologist over his own on such issues. (Blumenthal Deposition, p. 34-35). Blumenthal also testified that he treated plaintiff primarily for physical ailments, though he provided him with a psychiatric referral. (*See generally* Blumenthal Deposition).

At deposition, Faulk was asked to describe his experiences in treating patients with post-traumatic stress and anxiety disorders (Deposition of Richard Faulk, hereinafter "Faulk Deposition," submitted under separate cover as Exhibit 2, pp. 9-11). This series of questions addressed neither his treatment of nor observations regarding plaintiff and should be excluded. Similarly, Faulk was asked to opine regarding whether anxiety disorder comes with physical symptomology. Again, this question and the response thereto have no bearing on Faulk's treatment of or observations regarding plaintiff. (Faulk Deposition p. 21). Faulk was further asked if it was "unusual" for a patient to wait a year before seeking treatment for a psychological condition. This too is not related to Faulk's treatment of or observations regarding plaintiff. (Faulk Deposition p. 23).

Because the testimony described above fails to fall within the treating physician exception to the expert disclosure rules, the deposition testimony of Blumenthal and Faulk described above should be excluded at trial.

                                        Respectfully submitted,

Dated: November 20, 2006         **AMERICAN AIRLINES, INC.**
                                        By its Attorneys,

                                          /s/ *Amy Cashore Mariani*
                                        Michael A. Fitzhugh, (BBO 169700)
                                        Amy Cashore Mariani, (BBO #630160)
                                        **FITZHUGH, PARKER & ALVARO LLP**
                                        155 Federal Street, Suite 1700
                                        Boston, MA 02110-1727
                                        (617) 695-2330

**CERTIFICATE OF SERVICE**

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on November 20, 2006.

                                                                   */s/ Amy Cashore Mariani*
                                                                   Amy Cashore Mariani

**CERTIFICATE OF CONFERENCE**

    I hereby certify that on November 3, 2006 at 4:42 p.m., I forwarded a copy of the instant motion via electronic mail to plaintiff's counsel, Michael Kirkpatrick, requesting his comments or a conference to discuss any issues brought by Plaintiff with regard to this submission. On November 14, 2006 at approximately 1:00 p.m., Attorney Kirkpatrick and I held a conference to discuss the same.

                                                                    */s/ Amy Cashore Mariani*
                                                                   Amy Cashore Mariani