UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
)
JOHN D. CERQUEIRA,                      )
                                        )
    Plaintiff,                         )
                                        )
v.                                      )
                                        )   CIVIL ACTION NO.: 05-11652 WGY
AMERICAN AIRLINES, INC.,                )
                                        )
    Defendant.                         )
_____)

## DEFENDANT'S MOTION IN LIMINE TO EXCLUDE DOCUMENT

Defendant American Airlines, Inc. ("AA") moves in limine to exclude all or portions of a document entitled Massachusetts State Police Daily Administrative Log State Police Logan Airport Sunday, December 28, 2003 ("the log") from evidence at trial. The log contains inadmissible hearsay and is riddled with inaccuracies that render it unreliable as evidence at trial, particularly where the state police troopers in question are subject to the subpoena power of this Court.

The log contains the following hearsay statements to which no exception under the rules of evidence apply:

"Tpr, Crowther advs that that the two subj.s made a statemnet in context of "Good Luck w/ flight."

The log contains the following errors:

- It assumes that the passengers in seats 20E and F made the statement "Good Luck w/ flight" when the evidence demonstrates that plaintiff did not make that statement;

- It states that the captain of the flight deplaned all passengers and requested K-9 assistance when the evidence demonstrates that those actions were taken by TSA and the State Police in consultation with AA personnel;

- It misidentifies the person who had a conversation with a flight attendant in the gate area as Danile Vittorio when the evidence shows that the passenger conversing with a flight attendant was in fact plaintiff; and

- It states that the passengers will be re-booked when AA had not in fact cleared them for travel on the date in question.

While police reports may be admitted into evidence under certain circumstances, contents of such reports that constitute hearsay must be excluded under F.R.E. 801. *See also United States v. Mackey*, 117 F.3d 24, 28 (1st Cir.1997). Furthermore, admissibility of a police report pursuant to F.R.E. 803(8) takes place only when there are sufficient indicia of reliability surrounding the document. *See Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 170 (1988). In this case, the log contains so many errors (described above) that it simply cannot be deemed reliable.

Because the log contains inadmissible hearsay and because it is replete with errors, the log should be excluded from evidence at trial. In the alternative, AA requests that all hearsay and all errors as described above be redacted from the log before it is admitted into evidence.

        Respectfully submitted,

Dated: November 20, 2006        **AMERICAN AIRLINES, INC.**
        By its Attorneys,

        __*/s/ Amy Cashore Mariani*_____

Michael A. Fitzhugh, (BBO 169700)
Amy Cashore Mariani, (BBO #630160)
**FITZHUGH, PARKER & ALVARO LLP**
155 Federal Street, Suite 1700
Boston, MA 02110-1727
(617) 695-2330


## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on November 20, 2006.

        __*/s/ Amy Cashore Mariani*__
        Amy Cashore Mariani


## CERTIFICATE OF CONFERENCE

I hereby certify that on November 3, 2006 at 4:42 p.m., I forwarded a copy of the instant motion via electronic mail to plaintiff's counsel, Michael Kirkpatrick, requesting his comments or a conference to discuss any issues brought by Plaintiff with regard to this submission. On November 14, 2006 at approximately 1:00 p.m., Attorney Kirkpatrick and I held a conference to discuss the same.

        __*/s/ Amy Cashore Mariani*__
        Amy Cashore Mariani