UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
JOHN D. CERQUEIRA,                  )
                                    )
    Plaintiff,                      )
                                    )
    v.                              )
                                    )   CIVIL ACTION NO.: 05-11652 WGY
AMERICAN AIRLINES, INC.,            )
                                    )
    Defendant.                      )
_____)

**MOTION IN LIMINE OF AMERICAN AIRLINES, INC. TO EXCLUDE EVIDENCE OF DEPARTMENT OF TRANSPORTATION PROCEEDINGS AND A CONSENT ORDER ENTERED INTO BETWEEN AMERICAN AIRLINES, INC. AND THE DEPARTMENT OF TRANSPORTATION IN CONNECTION THEREWITH, AS REFERENCED IN PARAGRAPH 60 OF PLAINTIFF'S STATEMENT OF FACTS IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT AND IN HIS PRETRIAL DESIGNATIONS**

Defendant, American Airlines, Inc. ("American"), moves this Court in limine to exclude from evidence a settlement agreement between American and the Department of Transportation (hereinafter "DOT"), and the claims underlying that agreement. As grounds therefore American states that on or about February 27, 2004, it entered into a Consent Order with the DOT to resolve outstanding disputes regarding alleged civil rights violations. As part of that Consent Order, American made no admission of liability. More importantly, the Consent Order includes the following language:

> "This order makes no findings of violations with respect to any individual incident of alleged civil rights violations and the findings herein shall have no effect in any proceeding not before the Department of Transportation."

In his statement of facts in support of his summary judgment motion, plaintiff makes reference to the existence of this Consent Order. Specifically, plaintiff states:

> "60. The U.S. Department of Transportation (DOT) has found that, following the attacks of September 11, 2001, American Airlines unlawfully discriminated against passengers perceived to be of Arab, Middle Eastern or South Asian descent, by causing such

passengers to be removed from flights, denied boarding, or refused service. On April 25, 2003, the DOT brought an enforcement action against American Airlines. Docket OST-2003-1-5046. In its Complaint, DOT cited eleven separate instances in which American Airlines unlawfully discriminated against passengers perceived to be of Arab, Middle Eastern, or South Asian descent by removing them from flights or denying boarding to them. This enforcement proceeding was concluded on February 27, 2004, pursuant to a Consent Order finding that American Airlines acted in a manner inconsistent with the requirements of Federal anti-discrimination law, and ordering American Airlines to cease and desist from future violations and to spend at least $1.5 million to provide civil rights training to its flight and cabin crew members and passenger service representatives. Pl. Resp. to Interr. No. 4."

To the contrary, the Consent Order makes clear that, in spite of DOT's allegations, no findings regarding liability of any kind, much less any akin to those asserted by the plaintiff, were made against American.

Based on the foregoing, plaintiff clearly intends to make use of the Consent Order and the proceedings pursuant to which the Consent Order was reached, and to use them in a manner that that is prejudicial and inaccurate. Plaintiff's intended actions ignore the plain language of the Consent Order, in which American not only denies liability, but in which the parties agree that the Consent Order has no legal significance outside of DOT proceedings. Plaintiff's efforts to introduce evidence of other instances of alleged discrimination through the Consent Order and underlying proceedings cannot be allowed under the plain language of the Consent Order.

Parties are entitled to rely on the plain language of a consent order into which they enter. *Porrata v. Gonzalez-Rivera*, 958 F.2d 6, 8 (1st Cir.1992). Such language controls and should be enforced, and courts should limit their consideration of the significance of consent decrees based on the terms and conditions set forth therein unless ambiguities exist. *Inmates of Suffolk County Jail v. Kearney*, 928 F.2d 33, 35 (1st Cir.1991); *US v. Boston Scientific Corp.*, 167 F.Supp.2d 424, 433 (D.Mass. 2001).

In this case, the Consent Order's language clearly and unambiguously states that a) no findings entered against American with respect to alleged civil rights infractions and b) the provisions of the Consent Order have no implication or effect outside of DOT proceedings.  That language prohibits plaintiff or any other individual or entity from attempting to introduce the Consent Order into evidence as evidence of alleged prior bad acts or as evidence of an alleged pattern and practice of conduct.

Accordingly, American would be severely prejudiced if the Consent Order or the underlying DOT claims are introduced into evidence or if any reference to the existence of a Consent Order and underlying claims is made at trial.  As American entered into the Consent Order with expectation that the order and the claims underlying its entry would not be introduced as evidence in subsequent proceedings, American respectfully requests that the Court exclude the Consent Order, the underlying claims, and any reference to the Consent Order or underlying claims, from evidence.

Dated: November 20, 2006

       Respectfully submitted,
       **AMERICAN AIRLINES, INC.**
       By its Attorneys,


       __/s/ Amy Cashore Mariani_____
       Michael A. Fitzhugh, (BBO 169700)
       Amy Cashore Mariani, (BBO #630160)
       **FITZHUGH, PARKER & ALVARO LLP**
       155 Federal Street, Suite 1700
       Boston, MA 02110-1727
       (617) 695-2330

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on November 20, 2006.

                                         _/s/ Amy Cashore Mariani_____
                                         Amy Cashore Mariani

**CERTIFICATE OF CONFERENCE**

I hereby certify that on November 14, 2006 at approximately 1:00 p.m., Attorney Kirkpatrick and I held a conference to discuss any issues brought by Plaintiff with regard to this submission. On November 15, 2006 at 4:08 p.m., I forwarded a courtesy copy of the instant motion via electronic mail to plaintiff's counsel, Michael Kirkpatrick for his consideration and have heard no further comments in this regard that would narrow the issues addressed herein.

                                         ___/s/ Amy Cashore Mariani__
                                         Amy Cashore Mariani