UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                        )
JOHN D. CERQUEIRA,                      )
                                        )
        Plaintiff,                      )
                                        )
        v.                              )
                                        )    CIVIL ACTION NO.: 05-11652 WGY
AMERICAN AIRLINES, INC.,                )
                                        )
        Defendant.                      )
_____)

**DEFENDANT AMERICAN AIRLINES, INC.'S OPPOSITION TO PLAINTIFF'S THIRD
MOTION *IN LIMINE* ERRONEOUSLY SEEKING TO CATEGORIZE CERTAIN
STATEMENTS MADE BY AMERICAN AIRLINES, INC. REGARDING RECEIPT OF
FEDERAL FUNDS AS "JUDICIAL ADMISSIONS"**

Plaintiff has asserted, among other things, claims of discrimination in connection with

Title VI.  42 U.S.C. §2000d-1.  That statute provides a cause of action for persons allegedly

discriminated against by entities receiving subsidies from the federal government.  Plaintiff now

erroneously seeks to categorize responses of defendant American Airlines, Inc. ("American") to

his Complaint and Interrogatories as "judicial admissions" subjecting American to liability under

Title VI.  Plaintiff's attempt must fail because at no time did American admit that it receives a

subsidy from the federal government for purposes of Title VI; rather, it admitted, truthfully, that

it does receive federal funds from the federal government.  Case law demonstrates that the nature

of the funding received, compensation by means of the Stabilization Act, does not constitute a

subsidy for purposes of imposing Title VI liability. *See, e.g., Shotz v. American Airlines*, Inc.,

420 F.3d 1332, 1335-36 (11th Cir.2005) (compensation under the Stabilization Act does not

qualify as "federal financial assistance" for purposes of the Rehabilitation Act, finding

Stabilization Act expressly states funding is to "compensate" rather than "subsidize" the

airlines); *Jacobson v. Delta Airlines, Inc.*, 742 F.2d 1202, 1209 (9th Cir.1984) (legislative history for Rehabilitation Act shows term "federal financial assistance should be construed in keeping with the meaning afforded that term under §2000d-1).

## I.     PLAINTIFF MISINTERPRETS AMERICAN'S RESPONSES TO HIS AMENDED COMPLAINT AND INTERROGATORIES

Plaintiff cites to two places in which American purportedly has admitted to receiving subsidies from the federal government.  The first is in its Answer to the Amended Complaint. The pertinent paragraph of the Amended Complaint and American's Answer thereto read as follows:

> **Paragraph 5**
> Defendant American Airlines, Inc. is an air carrier engaged in the business of transporting passengers.  American Airlines is a Delaware corporation with headquarters at 4333 Amon Carter Blvd., Forth Worth Texas 76155.  American Airlines maintains a business presence at Logan Airport in Boston, Massachusetts.  American Airlines is a recipient of federal financial assistance.
>
> **Answer**
> American admits to the allegations in Paragraph 5 of the Amended Complaint.

American admitted, accurately, that it receives federal financial assistance.  That assistance comes by way of the Stabilization Act, which does not subject American to liability under Title VI.  *Shotz*, 420 F.3d at 1335-36; *Jacobson*, 742 F.2d at 1209.  American was not asked if, and did not admit that it does, receive federal subsidies that would subject it to Title VI liability. Therefore, Plaintiff cannot look to American's Answer as a basis for his contention that it has made a judicial admission regarding Title VI liability.

The second place in which plaintiff contends American has admitted receiving subsidies is in Number 18 of American's Answers to Interrogatories.  That interrogatory and response read as follows:

**Interrogatory No. 18**
If you contend that American Airlines does not receive federal financial assistance as a whole, identify and describe the source and purpose of any federal financial assistance received by American Airlines during the five years preceding December 28, 2003.

**Objection:**    American objects to this interrogatory as being vague and seeking information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**Response:**    Subject to and without waiver of the foregoing objection, American states that it has not advanced any such contention.

American's answer to the interrogatory, in which it expressly incorporates its objection thereto as vague, makes it clear that American is providing its best and most honest answer to an interrogatory that is incomprehensible. American did receive federal funds by way of the Stabilization Act prior to December 28, 2003, and admitted as much in its interrogatory response. American did not admit in its interrogatory answer, and never has admitted by any means, that it has received a subsidy from the federal government for purposes of Title VI.

## II.    EVEN IF THE FOREGOING STATEMENTS COULD BE CONSTRUED AS JUDICIAL ADMISSIONS, ALTERNATIVE PLEADINGS REQUIRE THAT THE COURT PRECLUDE SUCH STRAINED CONSTRUCTION

Plaintiff has argued "a party's assertion of fact in a pleading is a judicial admission by which it normally is bound throughout the course of the proceeding." *Schott Motorcycle Supply, Inc. v. American Honda Motor Company, Inc.*, 976 F.2d 58, 61 (1st Cir.1992), quoting *Bellefonte Re Insurance Co. v. Argonaut Insurance Co.*, 757 F.2d 523, 528 (2d Cir.1985). However, the plaintiff has improperly applied the conditions of *Schott* to the facts at hand. "To be sure, a pleading should not be construed as a judicial admission against an alternative or hypothetical pleading in the same case." *Id* at 61-62, also citing *McCalden v. California Library Association*, 955 F.2d 1214, 1219 (9th Cir.1990); *Garman v. Griffen*, 666 F.2d 1156, 1159 (8th Cir.1981); *see also* Fed.R.Civ.P. 8(e)(2)(allowing alternative and hypothetical pleadings); *Glenwood Farms,*

*Inc. v. Garve Ivey*, 2005 WL 2716497, 12 (D.Me. 2005).   American's position in its memorandum in support of summary judgment demonstrates clearly that there are alternative pleadings that would vitiate any alleged admission by American.   Citing *Shotz*, in its memorandum in support of its motion for summary judgment, American argues that Plaintiff's Title VI claims fail because it does not receive federal funds by way of subsidy as required under Title VI.   420 F.3d at 1335-36.   Therefore, alternative evidence exists that would relieve American from the purported admission made in its Answer to the Amended Complaint and in its Answers to Interrogatories.

### III.    PLEADINGS ARE NOT ADMISSIBLE AS TRIAL EVIDENCE

Even if the Court finds that American's judicial admission is binding, case law clearly shows that a party may not seek to enter pleadings into evidence at trial.   That pleadings shall not be evidence on the trial (M.G.L. c. 231 §87) has been embraced by the case law of this Court. *See Avemco Insurance Company v. Aerotech, Ltd. et al,* 677 F. Supp. 35, 39 (D.Mass. 1987), *Gaines v. General Motors Corporation*, 789 F. Supp. 38, 40 FN1 (D.Mass. 1991).


WHEREFORE, for the reasons set forth herein, American requests that the Court deny Plaintiff's third motion in limine, with prejudice, and grant it any other relief which the Court deems proper.

Respectfully submitted,
**AMERICAN AIRLINES, INC.**
By its Attorneys,


 _/s/ Amy Cashore Mariani_____

Michael A. Fitzhugh, (BBO 169700)
Amy Cashore Mariani, (BBO #630160)
**FITZHUGH, PARKER & ALVARO LLP**
155 Federal Street, Suite 1700
Boston, MA 02110-1727
(617) 695-2330




### CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on November 30, 2006.


 _/s/ Amy Cashore Mariani_____
Amy Cashore Mariani