UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
)
JOHN D. CERQUEIRA,                  )
                                     )
    Plaintiff,                      )
                                     )
    v.                              )
                                     )    CIVIL ACTION NO.: 05-11652 WGY
AMERICAN AIRLINES, INC.,            )
                                     )
    Defendant.                      )
_____)

**DEFENDANT AMERICAN AIRLINES, INC.'S OPPOSITION TO PLAINTIFF'S SIXTH MOTION IN LIMINE SEEKING TO PRECLUDE REFERENCE TO MATERIALS THAT AMERICAN AIRLINES, INC. HAS NOT BEEN ABLE TO PROVIDE TO PLAINTIFF BECAUSE AMERICAN AIRLINES, INC. AWAITS DETERMINATION BY THE DEPARTMENT OF HOMELAND SECURITY AS TO WHETHER THEY CONSTITUTE SENSITIVE SECURITY INFORMATION**

Plaintiff seeks to prevent American Airlines, Inc. ("American") from mentioning the existence of policies, protocols, procedures and training materials in existence at American on or about December 28, 2003, the date upon which Plaintiff was removed from an American flight, because American has not produced those materials from Plaintiff.[1] American has been unable to produce those materials to Plaintiff because they may constitute sensitive security information pursuant to 49 CFR §1520. As such, American cannot disclose those materials without prior authorization from the Department of Homeland Security to the Plaintiff, or for that matter to anyone, on the grounds of evidentiary privilege. 49 CFR §1520. American has sought permission from the Department of Homeland Security to disclose that information, but to date has not received a response to its request. *See* Letter from Alec Bramlett to the TSA, dated April 7, 2006, attached hereto as Exhibit A.

---

[1] American disputes that it has "refused" to produce certain materials to the plaintiff; to the contrary, it cannot do so by operation of law.

Furthermore, absent permission from the Department of Homeland Security, American cannot use the contents of the policies, protocols, procedures and training materials in question as evidence at trial, even though those policies, protocols, procedures and training materials likely would advance its defenses at trial.[2]  49 CFR §1520.  *See also Chowdhury v. Northwest Airlines, Inc.*, 226 FRD 608 (N.D. Cal. 2004).  However, restrictions on the materials that may constitute sensitive security information do not prohibit American from mentioning the fact that it does have policies, procedures and protocols by which it abides.  *See generally* 49 CFR §1520.  *See also Chowdhury*, 226 FRD 608 (finding that plaintiff's request to prohibit defendant from using contents of materials containing sensitive security information was premature insofar as defendant to date had not made any attempt to utilize specifics of information in defense of its case).

American's ability to defend itself against Plaintiff's claims has been hampered significantly already by virtue of the fact that it is barred at present from introducing into evidence the policies and procedures under which its employees operated on the date of the incident.  It cannot show the jury documentary evidence substantiating that its personnel did what they were supposed to do, and were trained to do, on the date in question.  Allowing Plaintiff's motion in limine would deny American an opportunity to refute Plaintiff's claims and to prove to a jury that its actions were rational and reasonable in light of the totality of the circumstances in question.

For the reasons set forth herein, the Court should deny Plaintiff's sixth motion in limine, with prejudice.

---

[2] Indeed, because of the stringent restrictions placed on sensitive security information, outside counsel for American has not yet seen the documents forwarded to the Department of Homeland Security for review.

        Respectfully submitted,
**AMERICAN AIRLINES, INC.**
By its Attorneys,


  */s/ Amy Cashore Mariani*_____

Michael A. Fitzhugh, (BBO 169700)
Amy Cashore Mariani, (BBO #630160)
**FITZHUGH, PARKER & ALVARO LLP**
155 Federal Street, Suite 1700
Boston, MA 02110-1727
(617) 695-2330


### CERTIFICATE OF SERVICE

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on November 30, 2006.


  */s/ Amy Cashore Mariani*_____
Amy Cashore Mariani

# AmericanAirlines

ALEC BRAMLETT
SENIOR ATTORNEY

DIRECT DIAL (817) 931-4358
FACSIMILE NO (817) 967-2937
EMAIL ALEC BRAMLETT@AA COM

April 7, 2006

**Via Federal Express**

Sarah Tauber, Esq
TSA
601 S 12th Street, East Bldg
Arlington, VA 22202

Re    *Cerqueira v AA*

Dear Ms Tauber

Further to our conversation of last week, I am writing to let you know about SSI-related issues that have arisen in the above-referenced lawsuit

In a nutshell, Plaintiff Cerquiera has sued American claiming unlawful discrimination arising from his removal from an AA flight in late December of 2003 The factual details of the incident and allegations related to same are set out in the Amended Complaint and American's Answer to same, copies of which I have included for your convenience

During the course of discovery, Plaintiff has posed to AA certain discovery requests that American believes may implicate SSI, and accordingly I am writing to bring this to your attention and seek guidance from your office

Enclosed are copies of Plaintiff's First Request for Production and his Interrogatories directed to AA, as well as our responses to same    I direct your attention in particular to Interrogatories 11, 14, and 15, and Requests for Production 4(c), (d), 6, and 7, and American's responses to same

Although the exact scope of these discovery requests, as well as the question of whether particular documents or information may be responsive to them, may be subject to interpretation or differing opinions, American took a conservative approach in reviewing the discovery requests and making our responses   We think it arguable that, as posed, the requests, or some of them, may call for documents or information that may include SSI

Sarah Taber, Esq
March 7, 2006
Page 2

    In particular, we are concerned that the requests may implicate the following enclosed materials

    1    Parts 13 and/ or 15 of our Flight Manual

    2    The inflight and pre-boarding sections of our Flight Attendant Manual from 2003

    3    The same sections from our Flight Service manual from 2005

    4    Excerpts from our Flight Attendant Recurrent Training curriculum regarding "Perceived Security Threats"

    5    A videotape entitled At First Glance that AA produced and used in its recurrent Flight and Flight Attendant Training in 2004 and 2005 (this videotape reiterates some of the concepts contained in items 1-3 above)

    I would appreciate your reviewing these materials and advising AA as to whether TSA objects to our producing some or all of it on SSI grounds  Please do not hesitate to call me to discuss this

    Sincerely,

    Alec Bramlett

cc    Michael Fitzhugh (w/o encl )
       Amy Mariani (w/o encl )