UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                       )
JOHN D. CERQUEIRA,                     )
                                       )
    Plaintiff,                         )
                                       )
v.                                     )
                                       )    CIVIL ACTION NO.: 05-11652 WGY
AMERICAN AIRLINES, INC.,               )
                                       )
    Defendant.                         )
_____)

**DEFENDANT AMERICAN AIRLINES, INC.'S OPPOSITION TO PLAINTIFF'S SEVENTH MOTION IN LIMINE SEEKING TO PRECLUDE AMERICAN AIRLINES, INC. FROM PROVIDING INFORMATION TO THE JURY AS TO THE TOTALITY OF THE CIRCUMSTANCES IN EXISTENCE AT THE TIME OF ITS DECISIONS TO REMOVE AND DENY REBOOKING TO PLAINTIFF**

Plaintiff was removed from American Airlines, Inc. ("American") Flight 2237 on December 28, 2003, along with two other passengers, because Plaintiff and the two other passengers engaged in behavior that the flight crew found to be unusual. By way of motion in limine, Plaintiff now seeks to exclude evidence regarding the behavior of the other two passengers removed from that flight on the date in question. Plaintiff's motion lacks merit.[1]

Case law establishes that a decision involving the removal of passengers must be reviewed in light of the totality of the circumstances in question at the time the decision was made. *Zervignon v. Piedmont*, 558 F.Supp. 1305, 1306-07 (D.C.NY 1983), *citing Williams v. TWA*, 509 F.2d 942, 948 (2nd Cir. 1975). A jury cannot, and should not, be charged with assessing the merits of the decisions made by American's personnel without benefit of the information that they possessed at the time the decisions were taken. *Williams*, 509 F.2d at 948. That information includes information regarding not only the behavior of the plaintiff, but also

---

[1] Indeed, Plaintiff cites no case law in support of his motion to exclude evidence regarding the behavior of the other passengers removed from the flight.

that of the other removed passengers. *Zervignon*, 558 F.Supp. at 1306-07 (court reviewed behavior of entire group of passengers removed from flight, including one removed at an earlier time, in determining whether actions of captain were justified).

Moreover, Plaintiff bases his entire case on three presumptions: 1) he did nothing wrong; 2) the passengers seated next to him did; and 3) he was removed solely because he looked like the passengers seated next to him. The manner in which Plaintiff himself couches his claims requires inquiry into the behavior of the individuals next to whom he was seated because he contends that the reasons for their removal from the flight were imputed improperly to him.

Furthermore, Plaintiff cannot prevent relevant evidence from reaching the jury simply because it may harm his case; the fact that it harms his case does not rise to the level of unfair prejudice. *Swajian v. General Motors Corp.*, 916 F.2d 31, 34 (1st Cir.1990). " 'Unfair prejudice' … means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." Advisory Note, Fed.R.Evid. 403.

For the reasons set forth herein, Plaintiff's seventh motion in limine should be denied with prejudice.

> Respectfully submitted,
> **AMERICAN AIRLINES, INC.**
> By its Attorneys,
>
>
> __/s/ Amy Cashore Mariani_____
> Michael A. Fitzhugh, (BBO 169700)
> Amy Cashore Mariani, (BBO #630160)
> **FITZHUGH, PARKER & ALVARO LLP**
> 155 Federal Street, Suite 1700
> Boston, MA 02110-1727
> (617) 695-2330

3

**<u>CERTIFICATE OF SERVICE</u>**

 I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on November 30, 2006.

               */s/ Amy Cashore Mariani*
               Amy Cashore Mariani