UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                        )
JOHN D. CERQUEIRA,                      )
                                        )
    Plaintiff,                          )
                                        )
    v.                                  )
                                        )   CIVIL ACTION NO.: 05-11652 WGY
AMERICAN AIRLINES, INC.,                )
                                        )
    Defendant.                          )
_____)

**DEFENDANT AMERICAN AIRLINES, INC.'S OPPOSITION TO PLAINTIFF'S EIGHTH MOTION IN LIMINE SEEKING TO PRECLUDE EXPERT TESTIMONY BY JOHN BEARDSLEE**

Plaintiff seeks to exclude testimony by John Beardslee, an aviation security expert retained by American Airlines, Inc. ("American") to provide expert opinions in this matter, on four grounds. First, Plaintiff contends that Mr. Beardslee's opinions rely on documents not produced to Plaintiff, including the pre and post September 11 Common Strategy and industry standards in existence on December 28, 2003. Second, Plaintiff contends that Mr. Beardslee's testimony will address matters not appropriate for expert testimony, referencing background comments made by Mr. Beardslee regarding the fact that airline pilots are imposing authority figures because they wear uniforms and that flight attendants began considering their own mortality while on the job in light of the events of September 11. Third, Plaintiff argues that Mr. Beardslee's planned testimony regarding changes in airline procedures subsequent to September 11 should be excluded because there is no evidence that such procedures were put in place at American and/or that they were in place on December 28, 2003. Finally, Plaintiff contends that Mr. Beardslee's testimony regarding the interplay between the commercial aviation industry and law enforcement should be excluded as speculative and should be excluded. None of the bases

on which Plaintiff seeks to exclude and/or to limit Mr. Beardslee's testimony deserve consideration by this Court.

Plaintiff's assertion that Mr. Beardslee's opinions "rely" on documents not produced to plaintiff lack merit for several reasons. As an initial matter, American could not produce the Common Strategy, or any other document reflecting regulation of security within the commercial aviation industry, to the plaintiff without clearance from the Department of Homeland Security because that information constitutes Sensitive Security Information pursuant to 49 CFR §1520.[1] Furthermore, Mr. Beardslee's report makes it clear that his references to the Common Strategy and to industry standards are not based on his review of any particular document. *See generally*, Plaintiff's Eighth Motion in Limine, Exhibit 1. Those documents reviewed by Mr. Beardslee in preparing his disclosures are listed prominently on the second page of his report. Rather, Mr. Beardslee mentions the Common Strategy and industry standards in connection with his personal experiences as director of security for a major U.S. flag carrier at the time of the events in question; they are part of his background, training and experience that allow him to offer opinions as an expert in this matter rather than discrete documents reviewed in connection with the preparation of his opinions in this matter. *See id*, pp. 5-9.

Plaintiff's contention that Mr. Beardslee's testimony will address matters not appropriate for expert testimony also lacks any basis in fact. The examples to which Plaintiff cites in his motion are, upon review of Mr. Beardslee's report, simply part of the background information given by Mr. Beardslee in connection with the formulation of his opinions. *Id*. The opinions themselves clearly discuss and address matters well outside of the knowledge base of the average

---

[1] American incorporates by reference herein the arguments made in its Opposition to Plaintiff's Sixth Motion in Limine.

juror, and which would be of invaluable assistance to a jury in understanding the parameters in which the decisions that are the subject of this litigation were made. *Id*.

Plaintiff also claims that there is no evidence upon which Mr. Beardslee can base his opinions regarding whether American adopted changes in airline policies and procedures after September 11 and whether those changes in policies and procedures existed on or about December 28, 2003. That simply is not true. Among other things, Mr. Beardslee's report reflects the fact that he reviewed the deposition testimony of numerous American employees. *Id*., p. 2. During those depositions, those employees discussed, to the extent they could without disclosing Sensitive Security Information, the policies and procedures that were in existence at American on December 28, 2003. *See generally* depositions of Sally Walling, Lois Sargent, Amy Milenkovic, John Ehlers, attached as exhibits to Document Numbers 17 and 33, and the depositions of Craig Marquis (attached as Exhibit 1 to Defendant's Opposition to Plaintiff's Fourth Motion in Limine) and Rhonda Cobbs (attached as Exhibit B to Defendant's Opposition to Plaintiff's Second Motion in Limine). Such deposition testimony constitutes a sufficient factual basis for the opinions rendered in Mr. Beardslee's report.

Finally, Mr. Beardslee's testimony regarding the interaction between aviation security professionals and law enforcement officers is admissible because it is based upon his decades of personal experience in dealing with law enforcement as a member of aviation security. Pertinent portions of Mr. Beardslee's proffered opinions may be found at page 5 of his report, and clearly show the distinction between the role of the airline and the role of law enforcement in handling potential aviation security issues.

For the reasons set forth herein, Plaintiff's eighth motion in limine should be denied, with prejudice.

Respectfully submitted,
**AMERICAN AIRLINES, INC.**
By its Attorneys,


__/s/ Amy Cashore Mariani_____

Michael A. Fitzhugh, (BBO 169700)
Amy Cashore Mariani, (BBO #630160)
**FITZHUGH, PARKER & ALVARO LLP**
155 Federal Street, Suite 1700
Boston, MA 02110-1727
(617) 695-2330


## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on November 30, 2006.


_/s/ Amy Cashore Mariani_____
Amy Cashore Mariani