UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN D. CERQUEIRA,<br><br>            Plaintiff,<br><br>v.<br><br>AMERICAN AIRLINES, INC.,<br><br>            Defendant. | Civil Action No: 05-11652-WGY |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTION *IN LIMINE* TO EXCLUDE DOCUMENT**

    Plaintiff John D. Cerqueira opposes American Airlines, Inc.'s (AA) motion *in limine* to exclude all or portions of a document entitled Massachusetts State Police Daily Administrative Log - State Police Logan - Airport Sunday, December 28, 2003 ("the log") from evidence at trial.[1] AA argues that all or portions of the log should be excluded because the log contains hearsay statements and errors. However, the log is presumed reliable and is admissible as a public record under Fed.R.Evid. 803(8), as well as admissible as a business record under Fed.R.Evid. 803(6). *See United States v. Garcia*, No. 92-30384, 1993 WL 310635, at *3 (9th Cir. Aug. 10, 1993) (unpublished opinion) (dispatch log admissible as public record); *United States v. Versaint*, 849 F.2d 827, 831-832 (3d Cir. 1988) (same); *Vasquez v. McPherson*, 285 F. Supp. 2d 334, 338 (S.D.N.Y. 2003) (dispatch log admissible as business record); *Sage v. Rockwell International Corp.*, 477 F. Supp. 1205, 1207-1210 (D. N.H. 1979) (pubic records presumed admissible).

    AA points to one statement claimed to be hearsay and four statements that AA claims are errors. Specifically, AA argues that "Tpr, Crowther advs that that [sic] the two subj.s made a

---

[1] A copy of the log, with addresses and birth dates redacted, is attached hereto as Exhibit A.

statement in the context of 'Good Luck w/ flight" is hearsay. This statement is not hearsay because it is not being admitted for the truth of the matter asserted, but instead to show that the comment was made and that AA reported it to the State Police. Additionally, not only is the statement admissible because the log is a public record and/or business record, but this statement is contained in at least one other document that AA and Mr. Cerqueira have jointly agreed to enter as an exhibit at trial. *See* Joint Pretrial Memorandum (Doc. 57), Joint Exhibit 8, Detail Note, Event ID 03122856 (AA 0035). The jury will not only see this statement in that document, but this statement will also come out in testimony from AA's witnesses since it is an integral part of AA's defense that the measures taken were as a result of the passengers' actions, including making this statement. Therefore, all or portions of the log should not be excluded based on this statement.

Similarly, the document should not be excluded based on the four alleged errors upon which AA relies. Fed.R.Evid. 803(8) requires that AA make an affirmative showing that proffered evidence is untrustworthy. *See Versaint*, 849 F.2d at 832. Courts have consistently applied the non-exclusive list of factors proposed by the Advisory Committee for determination of trustworthiness: (1) the timeliness of the investigation; (2) the investigator's skill or expertise; (3) whether a hearing was held; (4) possible bias when reports are prepared with a view to possible litigation. *See Sabel v. Mead Johnson & Co.*, 737 F. Supp. 135, 142 (D. Mass. 1990). AA does not argue that the evidence is untrustworthy for any of these reasons. Instead, AA argues that the log is untrustworthy because it assumes that the passengers in seats 20E and F made the statement "Good Luck w/ flight." In fact, Mr. Cerqueira asserts that the report tellingly reveals that AA grouped the three passengers together when providing this information to the Massachusetts State Police. This statement in the log is thus highly relevant to Mr.

2

Cerqueira's discrimination claim. Dispatch logs are admissible because they display the objective, ministerial acts taken by the police in recording information provided by callers. *See Garcia*, 1993 WL 310635 at *3.

AA also argues that the log is untrustworthy because it states that Capt. Ehlers deplaned all passengers and requested K-9 assistance, while AA claims that those actions were taken by TSA and the State Police. However, these are a disputed facts and, therefore, it is neither an error nor a reason to exclude the log.

AA claims that the log is untrustworthy because it allegedly misidentifies the person who had a conversation with a flight attendant in the gate area. Again, Mr. Cerqueira asserts that this reveals that AA grouped the three passengers and their alleged activities together when providing this information to the Massachusetts State Police and is thus highly relevant to Mr. Cerqueira's claims. *Id.*

Finally, AA claims that the log is untrustworthy because it states the three passengers would be re-booked while AA claims that it had not in fact cleared the passengers for travel. The fact that the State Police cleared Mr. Cerqueira (and the other two passengers) for travel reveals that there was no legitimate basis for AA personnel to have removed Mr. Cerqueira from the flight or to have refused to rebook him. In fact, AA has stipulated that Mr. Cerqueira was cleared for further travel by the State Police. *See* Joint Pretrial Memorandum, Section II. S, p. 15. The fact that AA refused to rebook Mr. Cerqueira even after the State Police released him to be rebooked is direct proof that AA's defense to the charge of discrimination is pretextual.

Since the document that AA seeks to exclude is a public record and/or business record that is presumed reliable and AA has provided no evidence that the document is untrustworthy,

the Massachusetts State Police Daily Administrative Log should not be excluded, either in its entirety or in portions, from evidence.

Respectfully submitted,

**JOHN D. CERQUEIRA,**
By his attorneys,

/s/ Darleen F. Cantelo
David S. Godkin, BBO #196530
Darleen F. Cantelo, BBO #661733
Birnbaum & Godkin, LLP
280 Summer Street
Boston, MA  02210
617-307-6100

Michael T. Kirkpatrick, Esq.
Public Citizen Litigation Group
1600 20th Street, NW
Washington, DC  20009
(202) 588-1000

Date:   December 4, 2006

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on December 4, 2006.

/s/ Darleen F. Cantelo
Darleen F. Cantelo

## CERTIFICATE OF CONFERENCE

I hereby certify that on November 14, 2006, at 1:00 pm, I conferred by telephone with Amy Cashore Mariani, counsel for defendant, and attempted in good faith to resolve or narrow the issue presented in this motion, but the parties were unable to resolve the issue or narrow the areas of disagreement.

/s/ Darleen F. Cantelo
Darleen F. Cantelo

**EXHIBIT A**



Roll Call held all inform. disseminated..

0714: AA calls and advs that at gate # 29 possible suspicious parties seaqts 20 E and F. Sec R and Z-3 enrte. Lt. Toomey advs.

0718: Tpr. Crowther advs that that the two subj.s made a statemnet in context of " Good Luck w/ flight"., TSA enrte and both passangers wil; be taken from flight # (2237) to FLA. .

0742" Capt of flight at gate # 29 de-planed all passangers and requests K-9 at scene.

0745: DO contacts FBI agent McCall and left msg.

0749: Major Robbins contacted.

0823: Tpr. Bolke advs that all passangers have been de-planed and re- screened.

0842: Tpr. D. Sullivan advs that passangers name:
1. John Cerqueira
2. Danile Vittorio Redacted
3. Oren Ashaml
neg 14 and INS and HLS watch list. Subj. # 2. orginated conversation w/ flight attendent at AA counter and mentioned (to change seat.,Constantly stearing at her while at ticket counter. While subj #2., boarded plane gave same evil steer at flg. attentent. Sub. #2 made the communication re: 07:18 entry. All (3) subjs. sat together on aircraft, thus the Capt. felt uncomfatable and asked for plane to be searched.

0900: Z-3 advs all (#) subjs. denied boarding & will be re-booked.(no -charges)>

0933: Sec R Tpr. Bolke advs flight # 2237 push back from gate 29.

BackUp: 2291 Trooper Yee, Frederick F UNKN @ F-H
BackUp: 0625 Trooper Bolke, Joseph J UNKN @ F-H
BackUp: 2024 Trooper Ventura, Donald J UNKN @ F-H
Primary: 1953 Trooper Sullivan, Daniel E UNKN @ F-H
BackUp: 2613 Trooper Crowther, David UNKN @ F-H

Logan : 1200/2200 Terminal Road : B Terminal

---

Airline Passenger: Ashmil, Oren
DOB:         SSN:           Redacted
OSF1200303030:No Action
Injury:

---

Airline Passenger: Vittorio, Daniel
DOF          SSN:           Redacted
OSF1200303038:No Action
Injury:

---

Airline Passenger: Cerqueira, John D
DOB:         SSN:           Redacted
OSF1200303058:No Action
Injury:

12/29/03 0:18                Page 5 of 12

CRQ 0010