UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JOHN D. CERQUEIRA,

    Plaintiff,

v.

AMERICAN AIRLINES, INC.,

    Defendant.

Civil Action No: 05-11652-WGY

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S
## AMENDED MOTION *IN LIMINE* TO EXCLUDE DEPOSITION
## TESTIMONY OF BARRY BLUMENTHAL AND RICHARD FAULK

Plaintiff John D. Cerqueira opposes American Airlines, Inc.'s (AA) motion *in limine* to exclude portions of the deposition testimony of Mr. Cerqueira's treating physician, Dr. Barry Blumenthal, and treating psychiatrist, Dr. Richard Faulk. Mr. Cerqueira opposes the motion on the grounds that Drs. Blumenthal and Faulk fall within the treating physician exception to the expert disclosure rules. *See* Fed. R. Civ. P. 26(a)(2)(B) Advisory Committee Note to the 1993 Amendments. The designated deposition testimony of Drs. Blumenthal and Faulk is based on their first-hand knowledge of observations made while providing Mr. Cerqueira treatment and their testimony does not extend beyond that treatment. Furthermore, because Drs. Blumenthal's and Faulk's testimony falls within the treating physician exception, Mr. Cerqueira was not required to proffer expert disclosures pursuant to Fed. R. Civ. P. 26(a)(2).

AA has not pointed to any *designated* deposition testimony of Dr. Blumenthal that is not based on Dr. Blumenthal's personal knowledge regarding observations he made during his course of care and treatment of Mr. Cerqueira in January 2004. To the extent that AA has cited Dr. Blumenthal's deposition testimony on pages 18-19 and 21 of the deposition transcript, this

testimony is inapposite because Mr. Cerqueira has not designated this testimony for trial purposes. *See* Joint Pretrial Memorandum, pp. 43-44 (Doc. 57). Instead, the designated deposition testimony of Dr. Blumenthal shows that Dr. Blumenthal diagnosed Mr. Cerqueira with post-traumatic stress disorder after two visits in January 2004, during which Mr. Cerqueira complained of varying physical ailments and depression and informed Dr. Blumenthal of the December 28, 2003 incident involving AA. (Blumenthal Depo., pp. 7,13-15, attached to AA's motion i*n limine*, Exh. 1). Dr. Blumenthal further testified that after diagnosing Mr. Cerqueira with post-traumatic stress disorder he referred Mr. Cerqueira to a psychiatrist. (Blumenthal Depo., pp. 16-17, attached to AA's motion i*n limine*, Exh. 1). The testimony of a plaintiff's treating physician is admissible without an expert report "so long as the expert care-provider's testimony about causation and prognosis is based on personal knowledge and on observations obtained during the course of care and treatment, and he or she was not specially retained in connection with the litigation or for trial…" *Garcia v. City of Springfield Police Department*, 230 F.R.D. 247, 249 (D. Mass. 2005).

Similarly, AA has not pointed to any designated deposition testimony of Dr. Faulk that should be excluded. AA seeks to exclude Dr. Faulk's testimony regarding his professional background, experience and expertise in treating patients with anxiety and post-traumatic stress disorders. Dr. Faulk's professional experience is relevant because his first-hand observations of Mr. Cerqueira during treatment are based on his professional experience and expertise as a psychiatrist. It is well-settled in the First Circuit that "the triggering mechanism for application of Rule 26's expert witness requirements is not the status of the witness, but, rather, the essence of the proffered testimony." *Gomez v. Rivera Rodriguez*, 344 F.3d 103, 113 (1st Cir. 2003). Further the definition of "expert" under Rule 26 "does not encompass a percipient witness who

happens to be an expert." *Id.* AA also seeks to exclude Dr. Faulk's testimony regarding the physical symptomology associated with anxiety disorders. However, when read in context, Dr. Faulk's testimony regarding physical symptomology was given immediately after Dr. Faulk testified as to his diagnosis that Mr. Cerqueira suffered from an anxiety disorder. (Faulk Depo., pp. 20, 21, attached to AA motion *in limine*, Exh. 2). This testimony is directly related and relevant to Dr. Faulk's treatment of Mr. Cerqueira, particularly in light of the fact that Mr. Cerqueira complained to Dr. Faulk that he suffered from physical symptoms. (Faulk Depo., p. 22, attached to AA motion *in limine*, Exh. 2). Finally, Dr. Faulk was not asked if it was unusual for *a patient* to wait a year, but whether, based on his experience, it was unusual that *Mr. Cerqueira* waited a year to seek treatment.

Because Drs. Blumenthal and Faulk are testifying about their first-hand knowledge regarding their consultation, diagnosis, treatment, and observations of Mr. Cerqueira, and because their roles can be described as "'actor[s] with regards to the occurrences from which the tapestry of the lawsuit was woven'" the testimony of Drs. Blumenthal and Faulk should not be excluded. *Gonzalez v. Executive Airlines, Inc.*, 236 F.R.D. 73, 77 (D. Puerto Rico 2006).

    Respectfully submitted,

    **JOHN D. CERQUEIRA,**
    By his attorneys,


    /s/ Darleen F. Cantelo
    David S. Godkin, BBO #196530
    Darleen F. Cantelo, BBO #661733
    Birnbaum & Godkin, LLP
    280 Summer Street
    Boston, MA 02210
    617-307-6100

        Michael T. Kirkpatrick, Esq.
        Public Citizen Litigation Group
        1600 20th Street, NW
        Washington, DC 20009
        (202) 588-1000

Date: December 4, 2006

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on December 4, 2006.

        */s/ Darleen F. Cantelo*
        Darleen F. Cantelo

## CERTIFICATE OF CONFERENCE

I hereby certify that on November 14, 2006, at 1:00 pm, I conferred by telephone with Amy Cashore Mariani, counsel for defendant, and attempted in good faith to resolve or narrow the issue presented in this motion, but the parties were unable to resolve the issue or narrow the areas of disagreement.

        */s/ Darleen F. Cantelo*
        Darleen F. Cantelo