UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN D. CERQUEIRA,<br><br>          Plaintiff,<br><br>v.<br><br>AMERICAN AIRLINES, INC.,<br><br>          Defendant. | Civil Action No. 05-11652-WGY |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION
FOR RECONSIDERATION OF ORDER GRANTING
PLAINTIFF'S SIXTH MOTION *IN LIMINE*** 

On December 13, 2006, the Court entered an electronic order granting plaintiff's sixth motion in limine (Doc. 47) to preclude defendant American Airlines (AA) from referencing any AA policies and training regarding denial of service that have not been produced in discovery.  AA withheld such materials, and instructed its witnesses not to answer related deposition questions, pending a determination of whether the information is "Sensitive Security Information" (SSI) subject to the provisions of 49 C.F.R. § 1520.  AA has moved for reconsideration of the Court's order.  Doc. 74.  Because AA makes no more persuasive a case now than it did in its original opposition (Doc. 66), AA's motion should be denied.

AA asserts that it has sought permission to disclose the requested information "but to date has not received a response to its request."  AA's Mtn. at 3.  AA's attempt to obtain permission apparently consists of a single letter, dated April 7, 2006, from AA to the Transportation Safety Administration (TSA).  *See* Exh. A to AA's Mtn.  There is no evidence that AA has done anything more to obtain a decision from TSA.  Indeed, AA's letter to TSA on April 7 was apparently sent only because plaintiff, by letter of March 20, 2006, sought confirmation that AA submitted all the

requested information to the government for review. *See* letter of March 20, 2006, attached as Exh. 1.

AA also argues, without citation to any supporting authority, that it should be able to use information that is not equally available to plaintiff because plaintiff has not sought a court order compelling disclosure of the information under § 525(d) of the Department of Homeland Security Appropriations Act of 2007, PL 109-295. This argument is a red herring. First, the law was not enacted until October 4, 2006—more than two months after the close of discovery and less than three months before the trial date—and it sets forth a procedure that requires the participation of the same government agency that has not yet responded to AA's inquiry of April 7, 2006. Thus, the new statutory procedure came too late for plaintiff to make effective use of it. Second, the new procedure applies to information that the government determines *is* SSI. The information at issue in this case has been submitted for a determination of *whether* it is SSI. Finally, the new statutory procedure provides a possible means for a party or it's counsel to gain access to SSI under a protective order, but it does not provide a mechanism for such information to be used at trial.

Regardless of what efforts AA has undertaken to obtain permission to disclose its policies, protocols, and training materials related to refusal of service to ticketed passengers, the exclusion of any reference to such undisclosed materials simply puts both parties on an even playing field. AA asserts that its "policies, protocols, procedures and training materials likely would advance its defenses at trial," and that "[i]t should be permitted to mention the fact that it does have policies, procedures and protocols by which it abides," (Doc. 74 at 7), even though plaintiff is unable to confirm AA's assertion or test whether AA's personnel acted in conformity with AA's policies on December 28, 2003. Indeed, because plaintiff's actions on the day in question consisted only of

common airline passenger behavior that does not ordinarily result in a denial of service, there is no reason to believe that AA has trained its personnel to deny service to passengers who engage in such behavior.

AA's motion for reconsideration should be denied.

                                             **JOHN D. CERQUEIRA**
                                             By his attorneys,

                                             */s/ Michael T. Kirkpatrick*

                                             _____
                                             Michael T. Kirkpatrick
                                             Public Citizen Litigation Group
                                             1600 20th Street NW
                                             Washington, DC  20009
                                             (202) 588-1000
                                             mkirkpatrick@citizen.org

                                             David S. Godkin (BBO #196530)
                                             Darleen F. Cantelo (BBO #661733)
                                             Birnbaum & Godkin, LLP
                                             280 Summer Street
                                             Boston, MA  02210
Dated: December 18, 2006          617-307-6100

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on December 18, 2006.

                                             */s/ Michael T. Kirkpatrick*

                                             _____
                                             Michael T. Kirkpatrick

**PUBLIC CITIZEN LITIGATION GROUP**
1600 TWENTIETH STREET, NW
WASHINGTON, DC 20009
(202) 588-1000
(202) 588-7795 (fax)
_____

MICHAEL T. KIRKPATRICK
Direct Dial: (202) 588-7728
E-mail: mkirkpatrick@citizen.org

March 20, 2006

Michael A. Fitzhugh
Amy Cashore Mariani
Fitzhugh, Parker & Alvaro LLP
155 Federal Street, Suite 1700
Boston, MA 02110-1727

Re:    *John D. Cerqueira v. American Airlines, Inc.*, CA No. 05-11652-WGY

Dear Mr. Fitzhugh and Ms. Mariani:

We have reviewed American Airlines' (AA) initial disclosures and responses to plaintiff's interrogatories and requests for production of documents, and we have noted some deficiencies. We are writing to identify the issues and attempt to resolve them by agreement. This letter will also serve as a request for a discovery conference pursuant to Local Rule 37.1(a).

AA's initial disclosures identify ten AA employees as individuals likely to have discoverable information that AA may use to support its claims or defenses, but does not provide the address and telephone number of each individual as required by Fed. R. Civ. P. 26(a)(1)(A). Please provide this information. In addition, AA's initial disclosures do not identify with any specificity the subjects of the information that these individuals are likely to have. This deficiency is most notable with respect to Doug Wood, Assistant Chief Pilot. In contrast to the other nine AA employees listed in AA's initial disclosures, Mr. Wood is not mentioned in AA's interrogatory responses. Therefore, we request that AA either identify the subjects of the information that Mr. Wood is likely to have, or remove Mr. Wood from AA's list of individuals likely to have discoverable information. Finally, AA's initial disclosures indicate that AA has a liability insurance policy that must be provided to plaintiff under Fed. R. Civ. P. 26(a)(1)(D). Please send us a copy.

AA's response to interrogatory no. 9 may be incomplete. The interrogatory requests that AA "[i]dentify all investigations conducted, reports made, or statements obtained, concerning the incidents on which the Complaint is based, and identify the person(s) involved and all related documents." AA's response states that "[a]ll such documents were attached to American's Automatic Disclosures, or will be provided in response to the plaintiff's Rule 34 request." As

you know, AA provided no documents in response to plaintiff's requests for production. Please confirm that AA has conducted no investigations, made no reports, and obtained no statements, other than those identified in the documents attached to AA's initial disclosures, and please confirm that all persons involved and all related documents have been identified in those documents.

AA has objected to interrogatory nos. 11, 14, and 15, on the basis that the information sought "would in part involve the disclosure of Sensitive Security Information ("SSI"), which is subject to the provisions of 49 CFR § 1520[,]" and that "[n]o such disclosure can be made in the absence of special authorization from the Department of Homeland Security." AA has objected to requests for production nos. 4(c), 4(d), 6, and 7, on the same basis. AA's objection raises several issues. First, SSI is protected at the discretion of the Secretary of Transportation and the Assistant Secretary of Homeland Security for the Transportation Security Administration if, in *their* judgment, disclosure would be detrimental to transportation safety or security. *See* 49 C.F.R. §§ 15.5(a)(3) & 1520.5(a)(3). It is AA's burden to submit the requested information to the United States in order for the government to determine whether the information may be disclosed in this litigation and under what conditions, if any. Please confirm that AA has submitted all the requested information to the government for review. If the government has assigned a file number to AA's request, please provide it to us so that we may monitor directly the government's progress in reviewing AA's submission. Second, the interrogatories request that AA both "identify and state the substance" of the policies and training materials at issue. Even if the substance may involve SSI, AA should be able to at least identify the materials. Third, with respect to both the interrogatories and the requests for production, AA asserts that the requested information may "in part" involve SSI. AA has no valid reason to withhold any parts that do not involve SSI, and those parts should be produced immediately. Finally, Fed. R. Civ. P. 26(b)(5) requires that a party making a claim of privilege describe the withheld information "in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection." Please provide us a detailed log of all documents and information that AA seeks to withhold under a claim that it may constitute SSI.

Interrogatory no. 12 asks AA to "[s]tate whether any of the American Airlines personnel involved in the incidents on which the Complaint is based have been involved in other incidents in which a customer was removed from a flight, denied boarding, or refused service, and, if so, describe each incident and identify the persons involved." Request for production no. 4(a) seeks related documents. AA has objected and refused to answer the interrogatory or to produce the requested documents on grounds of burden, relevance, and vagueness. AA's objections are not well-founded. First, it is feasible, and not overly burdensome, for AA to determine whether any of the nine employees AA has identified as involved the incidents at issue have been involved in other incidents where a passenger has been removed, denied boarding, or refused service. Similarly, AA cannot credibly claim that it does not understand the phrases used in the interrogatory, because AA has responded to other interrogatories that use the same phrases and AA has used similar phrases in its interrogatories to plaintiff. Finally, AA does not explain its assertion that the information sought is "irrelevant," but AA must be aware that the issue of liability in this case will turn on whether AA's decisions to remove Mr. Cerqueira from flight

2237 and to deny him service after he was cleared by law enforcement officials were motivated, at least in part, by the perception that Mr. Cerqueira was Arab, Middle Eastern, or South Asian. Evidence of similar incidents involving the same actors is relevant to show discriminatory motive. Thus, we request that AA provide a complete response to interrogatory no. 12 and request for production no. 4(a).

Interrogatory no. 13 asks AA to "[s]tate whether any of the American Airlines personnel involved in the incidents on which the Complaint is based have been the subject of a discrimination complaint by an American Airlines customer, and, if so, describe each complaint and identify the persons involved." AA has responded by stating that the nine employees AA has identified as involved the incidents at issue have not "been named as a Respondent or a Defendant in any other administrative or legal proceeding alleging unlawful discrimination by a passenger." AA's response is too narrow. The interrogatory is not limited to complaints that have resulted in the individuals being named as respondents or defendants in administrative or legal proceedings. Rather, the interrogatory asks whether the individuals have been the subject of *any* customer complaint of discrimination, even if the complaint did not result in administrative proceedings or litigation. AA's response should include discrimination complaints lodged directly with AA or forwarded to AA by government agencies. AA has also objected to interrogatory no. 13 on the same basis that AA objected to interrogatory no. 12. As explained above with respect to interrogatory no. 12, those objections are not well-founded. Thus, we request that AA provide a complete response to interrogatory no. 13. We note that in response to request for production no. 4(b), which seeks documents related to the subject of interrogatory no. 13, AA states that it is "conducting a diligent search" and will produce responsive documents. Please let us know whether that search has been completed and when we can expect to receive the documents.

Interrogatory no. 16 requests that AA "[i]Identify by name, date, and forum, every lawsuit, administrative complaint, charge, or enforcement action brought against American Airlines during the last five years which involved an allegation that a passenger's race, color, national origin, ethnicity, or ancestry was a motivating factor for a decision to have the passenger removed from a flight, denied boarding, or refused service." Request for production no. 5 seeks the initiating document for each such case. AA has objected and refused to answer the interrogatory or to produce documents on grounds of burden and relevance, and because AA asserts that "much of this information is a matter of public record, and is therefore equally available to the plaintiff." We are willing to narrow the scope of interrogatory no. 16 and request for production no. 5 by limiting them to actions brought in the United States. Subject to that qualification, we must insist that AA answer the interrogatory and produce the requested documents, burdensome or not. Indeed, although AA has not identified the volume of cases that are responsive to the interrogatory, AA's claim of undue burden suggests that the volume is high. The fact that AA has repeatedly been accused of the same conduct at issue in this case demonstrates the relevance of the requested information for establishing liability and the need for injunctive relief and punitive damages. Finally, AA cannot credibly claim that the requested information is equally available to the plaintiff as it is to AA, because AA should have records indicating where and when it has been accused of discrimination.

Interrogatory no. 17 asks that AA "[s]tate whether, during the last five years, you have taken disciplinary action against any employee for considering a passenger's race, color, national origin, ethnicity, or ancestry in determining whether a passenger should be removed from a flight, denied boarding, or refused service, and, if so, describe each incident and identify the persons involved." AA has objected and refused to answer the interrogatory on grounds of burden and relevance. We are willing to narrow the scope of interrogatory no. 17 by limiting the request to disciplinary action arising from incidents that occurred in the United States, but subject to that qualification, we must insist that AA answer the interrogatory, burdensome or not. Whether AA has taken disciplinary action against employees who have engaged in unlawful discrimination is relevant to establishing the need for injunctive relief and punitive damages.

Request for production no. 8 seeks documents AA received "from any government agency during the last five years cautioning or warning [AA] not to target, profile, or otherwise discriminate against passengers on the basis of race, color, national origin, ethnicity, or ancestry." AA has objected and refused to produce the documents on the basis that the request is vague and overbroad, and that it seeks documents that are irrelevant and "equally available to the plaintiff." AA does not explain its objections, and they lack merit. The request is not vague or overbroad; it asks for copies of documents in which the government warned AA not to engage in the type of discrimination alleged in this case. Examples of such documents are those produced by plaintiff bearing Bates nos. CRQ 0051-61. Such documents are relevant to establish the need for injunctive relief and punitive damages. The fact that plaintiff has obtained some responsive documents from the public record does not demonstrate that all responsive documents are equally available to plaintiff as to AA. Thus, we must insist that AA produce all documents responsive to request no. 8.

Request for production no. 9 seeks "[t]he passenger manifest for American Airlines flight 2237 on December 28, 2003." AA has objected to the request and refused to produce the document on the basis that the request is unduly burdensome, irrelevant, and would invade its passengers' privacy. AA should be able to produce the requested document with minimal effort, and the passengers listed are individuals who may have witnessed some of the events giving rise to this case. Thus, the requested information is reasonably calculated to lead to the discovery of admissible evidence and AA must produce it.

We are available to confer with you about these discovery issues at your earliest convenience.

Sincerely,

Michael T. Kirkpatrick

cc:  David S. Godkin
     Erica Abate Recht