UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                        )
JOHN D. CERQUEIRA,                      )
                                        )
        Plaintiff,                      )
                                        )
        v.                              )
                                        )        CIVIL ACTION NO.: 05-11652 WGY
AMERICAN AIRLINES, INC.,                )
                                        )
        Defendant.                      )
_____)

## AMERICAN AIRLINES, INC.,'S REQUEST FOR JURY INSTRUCTIONS

Pursuant to Fed.R.Civ.P. 51(a), American Airlines, Inc., (hereinafter "American") requests that the Court instruct the jury on the law in accordance with the proposed jury instructions attached hereto.

AMERICAN AIRLINES, INC.
By its Attorneys,


/s/ Michael A. Fitzhugh
Michael A. Fitzhugh, (BBO 169700)
Amy Cashore Mariani, (BBO 630160)
Sonia L. Skinner, (BBO 631858)
**FITZHUGH, PARKER & ALVARO LLP**
155 Federal Street, Suite 1700
Boston, MA 02110-1727
(617) 695-2330

## CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on December 28, 2006.

/s/ Michael A. Fitzhugh
Michael A. Fitzhugh

**JURY INSTRUCTION NO. 1**

<u>Role of Jury</u>

You have been chosen and sworn as jurors in this case to try the issues of fact presented by the plaintiff and American.  You are to perform this duty without bias or prejudice to either party.  Our system of law does not permit jurors to be governed by sympathy, prejudice, or by public opinion.  Both the parties and the public expect that you will carefully and impartially consider all the evidence in the case, follow the law as stated by the Court, and reach a just verdict, regardless of the consequences.[1]

---

[1] *See* Devitt and Blackmar, *Federal Jury Practice and Instructions,* §71.14

## JURY INSTRUCTION NO. 2

### Burden of Proof is on the Plaintiff

The burden is on the plaintiff to prove every essential element of each of his claims by a fair preponderance of the evidence.  The burden is not on American to disprove the plaintiff's claims. [2]

If the plaintiff has failed to establish any essential element of his claims by a fair preponderance of the evidence, your verdict must be in favor of American.

---

[2] *See Bunevith v. CVS Pharmacy,* 925 F.Supp. 89 (D. Mass. 1986)

**JURY INSTRUCTION NO. 3**

Preponderance of the Evidence, Defined

To "establish by a preponderance of the evidence" means to prove that something is more likely so than not.  In other words, a preponderance means that the evidence, when considered and compared with that evidence opposed to it, has more convincing force and produces in your minds the belief that what is sought to be proved is more likely true than not true.

In determining whether a fact has been proven by a preponderance of the evidence, you may, unless otherwise instructed, consider the testimony of all the witnesses, regardless of who may have called them, and all the exhibits received in evidence, regardless of who may have produced them.

The law requires that, in order for the plaintiff to prevail, the evidence that supports his claims must appeal to you as more nearly representing what took place than the evidence opposed to his claims.  If it does not, or if it weighs so evenly that you are unable to say that there is a preponderance on either side, then you must resolve the question in favor of American. It is only if the evidence favoring the plaintiff's claims outweighs the evidence opposed to them that you may find in favor of the plaintiff.[3]

---

[3] *See* Devitt and Blackmar, *Federal Jury Practice and Instructions,* §71.14

**JURY INSTRUCTION NO. 4**

<u>Credibility of Witnesses</u>

Much of the evidence in this case came from the testimony of witnesses. You, as jurors, must decide whether the witnesses who testified were credible; in other words, you must decide which, if any, witnesses you believe and which, if any, you do not believe. In deciding whether a witness is credible – or believable – you may take into account whether there are any conflicts or discrepancies between the testimony that witness offered in court and any statements he or she may have made at some earlier time, before trial.

**JURY INSTRUCTION NO. 5**

<u>Evidence of Routine Practice</u>

If you find that Craig Marquis, American's Systems Operations Control Manager on Duty on December 28, 2003 has no recollection of the specific events transpiring on December 28, 2003, you may credit his testimony regarding his customary habits or practices if you believe he followed those practices with the necessary regularity.[4]

---

[4] *See U.S. v. Davis,* 261 F.3d 1, 33 (1st Cir.2001)

**JURY INSTRUCTION NO. 6**

<u>Use of Contradictory Evidence</u>

You heard differing testimony at the trial from the witnesses.  You are free to weigh the differing testimony of the witnesses you heard in this trial.[5]

---

[5] *See Haschmann v. Time Warner Entertainment Company,* 151 F.3d 591, 601 (7th Cir.1998)

**JURY INSTRUCTION NO. 7**

<u>Use of Expert Witnesses</u>

During this trial you heard evidence presented by expert witnesses. These individuals are experts in their respective fields and are testifying because their testimony may assist you the jury to understand the evidence or to determine a fact in issue in this case.[6]

---

[6] *See Daubert v. Merrill Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 591, 113 S.Ct. 2786 (1993)

## JURY INSTRUCTION NO. 8

### Federal Aviation Act – 49 U.S.C., § 44902(b)

The Federal Aviation Act permits an airline, through its captain, to exercise his discretion to deny any passenger air transport whom the captain believes is or may be inimical to the safety of the passengers or aircraft.[7]

If you find that American's decision to remove the plaintiff from Flight 2237 and deny him air travel on December 28, 2003 was based upon its concern for the safety and security of the passengers you must return a verdict in favor of American.

---

[7] *See Al-Qudhai'een v. America West Airlines, Inc.,* 267 F.Supp.2d 841, 846 (S.D. Ohio. 2003)

# JURY INSTRUCTION NO. 9

Airline Has Discretion to Reject a Passenger for Transport Due to Exigency

An airline's discretion to reject a passenger for transport <u>must</u> be accepted if exercised in good faith and for a rational reason.[8]  This deference to the airline's judgment is understandable in light of the fact that the airline must often make such decisions on the spur of the moment, shortly before the plane takes off, and therefore without the benefit of complete and accurate information.[9]  The law endows the airline with discretion in accepting or rejecting a passenger, based upon considerations of safety and problems inherent to air travel, and that such discretion, if exercised in good faith and for a rational reason, must be accepted.[10]

---

[8] *See Ruta v. Delta Airlines, Inc.,* 322 F.Supp.2d 391, 397 (S.D.N.Y. 2004)
[9] *Id.*
[10] *See Adamsons v. American Airlines, Inc.,* 58 N.Y.2d 42, 47 (1982)

**JURY INSTRUCTION NO. 10**

<u>Totality of Circumstances Underlying Decision to Deny Transport</u>

You must return a verdict for American if you find that Craig Marquis' decision to remove the plaintiff from American Flight 2237 was based on the totality of the observations of American's employees on Flight 2237[11] and you also find that those observations left American concerned for the security of its passengers, you must return a verdict in favor of American.

---

[11] *See Dasrath v. Continental Airlines,* 228 F.Supp.2d 531, 539 (D.N.J. 2002)

# JURY INSTRUCTION NO. 11

Captain Not Obligated to Investigate Flight Attendant's Statements

A captain of an airplane is entitled to base a decision to remove a passenger from a flight on the representations made to him by other airline employees about the passenger's behavior.[12] . . . the captain is not obligated to leave the cockpit and investigate the truthfulness of the flight attendant's statements.[13]

---

[12] *See Ruta v. Delta Airlines, Inc.,* 322 F.Supp.2d 391, 398 (S.D.N.Y. 2004)
[13] *See Christel v. AMR Corp.,* 222 F.Supp.2d 335, 340 (E.D.N.Y. 2002)

**JURY INSTRUCTION NO. 12**

<u>Reasonableness Determined by Facts Known at Time Decision Made</u>

In determining whether American acted reasonably in removing the plaintiff from Flight 2237 for questioning and denying him air transport on December 28, 2003, you must review all of the facts known to Captain Ehlers, the Systems Operations Control Manager on Duty and the Massachusetts State Police at the time they formed the decision. You must not rely on any facts disclosed in hindsight.[14]

You must return a verdict for American unless you find that its actions were "arbitrary and capricious" as those terms have been defined.

---

[14] *See Williams v. Trans World Airlines,* 509 F.2d 942, 948 (2d Cir.1975)

**JURY INSTRUCTION NO. 13**

<u>Arbitrary and Capricious, Defined</u>

A decision is arbitrary and capricious if there is no ground that reasonable people might deem proper to support it.[15]

---

[15] *See Dolphin Fleet of Provincetown, Inc., v. Provincetown Public Pier Corp.,* 2006 WL 2006169, 3   (Mass.Super.)

## JURY INSTRUCTION NO. 14

### Prima Facie Case of Discrimination – 42 U.S.C., § 1981

Racial animus is a necessary element of a claim under [42 U.S.C., § 1981].[16]

The elements of a claim under 42 U.S.C., § 1981 are:  (1) plaintiff's membership in a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) discrimination concerning one or more of the activities enumerated in § 1981. . .[17]


If you find that American denied the plaintiff air transport for security reasons and did not intend to discriminate against him on the basis of his race, you must find in favor of American.

---

[16] *See Springer v. Seaman,* 821 F.2d 871, 880 (1st Cir.1987) *abrogated on other grounds by Jett v. Dallas Independent School District,* 491 U.S. 701 (1989)
[17] *See Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 569 (3d Cir.2002)

## JURY INSTRUCTION NO. 15

<u>Prohibition Against Intentional Discrimination - 42 U.S.C., § 2000d</u>

Title VI of the Civil Rights Act, 42 U.S.C., § 2000d, prohibits discrimination against any person on the basis of race, color or national origin, who seeks to participate in or access the benefits of any program or activity receiving Federal financial assistance.[18]  Title VI prohibits intentional discrimination.[19]


You must return a verdict for American if you find that it receives federal financial assistance but denied the plaintiff air travel on December 28, 2003 because of security concerns and not because of any intent to discriminate against him.

---

[18] *See Goodman v. Bowdoin College,* 380 F.3d 33, 43 (1st Cir.2004)
[19] *See Alexander v. Sandoval*, 532 U.S. 275, 280, 121 S.Ct.1511 (2001)

**JURY INSTRUCTION NO. 16**

<u>Receipt of Federal Financial Assistance</u>

Recipients of federal financial assistance are subject to the provisions of 42 U.S.C., § 2000d if "they receive federal financial assistance by way of grants, loans or contracts . . ."[20] Purely compensatory payments [from the federal government] do not constitute [the receipt of] federal financial assistance.[21]

You must return a verdict for American if you find that its receipt of federal funds under the Stabilization Act does not constitute the receipt of Federal financial assistance as the term is defined in 42 U.S.C., § 2000d-1.

---

[20] *See* 42 U.S.C., § 2000d-1
[21] *See Jacobson v. Delta Airlines, Inc.,* 742 F.2d 1202, 1209 (9th Cir.1984)

**JURY INSTRUCTION NO. 17**

<u>Discrimination Prohibited in Places of Public Accommodation - M.G.L. c. 272, § 98</u>

Discrimination is prohibited on the basis of "race, color, religious creed, national origin, sex . . . relative to the admission of a person, to or his treatment in any place of public accommodation."[22]

---

[22] *See Scott v. Macy's East, Inc.,* 2002 WL 31439745, 7 (D.Mass. 2002)

**JURY INSTRUCTION NO. 18**

Prima Facie Case of Race Discrimination in Public Accommodation – G.L. c. 272, § 98

To establish a prima facie case of race discrimination, the plaintiff must prove by a preponderance of the evidence that:

1)      He is a member of a protected class; and

2)      He was denied access to a public accommodation because of his race.[23]

If you find that American denied the plaintiff air transport to ensure the security of the passengers and that it did not intend to deny him air transport because of his race, you must return a verdict for American.

---

[23] *Id.*

**JURY INSTRUCTION NO. 19**

<u>Burden Shifting Analysis to Prove Prima Facie Case of Race Discrimination</u>

The plaintiff bears the initial burden of establishing a case of race discrimination.[24]

The burden then shifts to American to articulate a legitimate, nondiscriminatory reason for the allegedly discriminatory action.[25]

Plaintiff must then demonstrate by competent evidence that the presumptively valid reasons for American's action were in fact a cover-up for a racially discriminatory decision, in other words, a pretext for race discrimination.[26]

If you find that American's decision to deny the plaintiff air transport was based on legitimate security concerns and not on any intent to discriminate against the plaintiff on the basis of his race, you must return a verdict for American.

---

[24] *See McDonnell Douglas Corporation v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817 (1973)
[25] *Id.*
[26] *Id.* at 805

**JURY INSTRUCTION NO. 20**

<u>Damages</u>

The fact that I am giving you instructions on the law of damages, standing by itself, is not relevant and should create no inference whether or not you should actually award damages in the individual circumstances of this case. I am instructing you on the subject of damages because it is my duty to instruct you as to all the law that may become pertinent in your deliberations. The fact that I am instructing you about damages should not be considered by you as intimating any view of my own on the issues of liability or as to which party is entitled to your verdict. [27]

_____

[27] Devitt & Blackmar, *Federal Jury Practice and Instructions,* § 71.16 at 596-597 (3d. ed. 1977)

**JURY INSTRUCTION NO. 21**

<u>Damages, Plaintiff's Burden of Proof</u>

The burden of proof is on the plaintiff to establish the extent, nature and duration of any damages he allegedly sustained. The plaintiff bears the burden of proving that each and every element of damage that he claims was causally related to American's actions.

**JURY INSTRUCTION NO. 22**

<u>Damages Must Be Reasonable</u>

If you find in favor of the plaintiff, the damages that you award must be reasonable. You may award only that amount of money as will reasonably compensate the plaintiff for his damages. In this regard, the plaintiff has the burden of proving that the damages he alleges or claims were sustained as a direct result of American's actions.

**JURY INSTRUCTION NO. 23**

<u>Damages – Good Conscience Rule</u>

I instruct you that, if you award any damages, you must predicate your award on the evidence.  No award of damages should be based on guess, speculation or conjecture. Then, after carefully considering all of the evidence in the case, you must make your award of damages, if any, based on what is fair and just, and what you, in good conscience, can award, fully considering the evidence which you have heard during the trial.

**JURY INSTRUCTION NO. 24**

<u>Mitigation of Damages</u>

If you find that the plaintiff failed to take appropriate steps to minimize the harm allegedly caused by American's actions on December 28, 2003, you must find that the damages, if any to which he is entitled are reduced proportionately to the degree to which he failed to take appropriate steps. For example, if you find that the plaintiff failed to seek psychiatric care for his alleged emotional distress within a reasonable period of time, you must find that the amount of damages, if any, to which he is entitled is reduced proportionally by the degree to which his failure to pursue such psychiatric care affected him emotionally.[28]

---

[28] *See Muniz v. Rovira*, 373 F.3d 1, 7 (1st Cir.2004)

**JURY INSTRUCTION NO. 25**

<u>Standard for the Award of Punitive Damages under G.L. c. 151B</u>

If you find that plaintiff has established by a preponderance of the evidence that American discriminated against him on the basis of his race <u>and</u> you also find that American's actions in so doing were "outrageous, because of evil motive or reckless indifference to the rights of [the plaintiff[,]"[29] then and only then should you consider awarding the plaintiff punitive damages.

---

[29] *See Dichner v. Liberty Travel,* 141 F.3d 24, 33 (1st Cir.1998)

**JURY INSTRUCTION NO. 26**

<u>Standard for the Award of Punitive Damages under 42 U.S.C. § 1981</u>

You may only award the plaintiff punitive damages if you find that he has established by a preponderance of the evidence that American acted with "evil motive or intent" or with "reckless or callous indifference" to his federally protected rights.[30]

---

[30] *See Danco, Inc., v. Wal-Mart Stores, Inc.,* 178 F.3d 8, 17 (1st Cir.1999)

## JURY INSTRUCTION NO. 27

### Standard for the Award of Emotional Distress Damages

You may award the plaintiff emotional distress damages if you find that he has established by a preponderance of the evidence that American's actions constituted "extreme and outrageous conduct, [were] without privilege and caused [the plaintiff] severe emotional distress . . ."[31] Conduct is extreme and outrageous when it transgresses "all possible bounds of decency" and is "utterly intolerable in a civilized community."[32]

---

[31] *See Scott v. Macy's East, Inc.,* 2002 WL 31439745, 11 (D.Mass. 2002)
[32] *Id.*

**JURY INSTRUCTION NO. 28**

<u>Interest</u>

If you award damages, you are not to include any amount for interest.  The law automatically provides for interest on any damages awarded, and such calculations are performed by the clerk or court and are not for the jury.  Therefore, you should not add interest to any sum of money that you may award to the plaintiff.

**JURY INSTRUCTION NO. 29**

<u>Taxation</u>

Any award of damages would be exempt by law from either federal or state income taxation, and therefore you may award only that amount of damages as will reasonably compensate the plaintiff should you first determine that he is entitled to a verdict. You are not to include in your verdict compensation for any amount of federal or state taxes.[33]

---

[33] *See Norfolk and Western Railway Co. v. Liepelt*, 444 U.S. 490, 498, 100 S.Ct. 755 (1980)

**JURY INSTRUCTION NO. 30**

<u>Unanimity of Jury Verdict</u>

Your verdict must be unanimous.[34]

---

[34] *See* Fed.R.Civ.P. 48

**JURY INSTRUCTION NO. 31**

<u>Sensitive Security Information</u>

During this case, American's employees have at times been unable to respond to questions regarding American's training, policies and procedures because of something called "sensitive security information."  I instruct you that American is prohibited as a matter of law from disclosing certain information considered by the federal government to be essential to our national security interests, and that you should not hold it against American or its employees that they have been at times unable to provide you, the jury, with complete answers regarding American's training, policies and procedures.[35]

---

[35] 49 CFR §1520.1 et seq.

**JURY INSTRUCTION NO. 32**

Appearance of American's Witnesses In Plaintiff's Case In Chief

During the course of this trial, the plaintiff called as witnesses some of American's employees. You are not to draw any inferences from when a witness testified and from which party called the witness.