UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
)
JOHN D. CERQUEIRA,                  )
                                    )
    Plaintiff,                      )
                                    )
    v.                              )
                                    )   CIVIL ACTION NO.: 05-11652 WGY
AMERICAN AIRLINES, INC.,            )
                                    )
    Defendant.                      )
_____)

## AMERICAN AIRLINES, INC.,'S REQUEST FOR PRETRIAL CHARGE

Pursuant to Fed.R.Civ.P. 51(a), American Airlines, Inc., (hereinafter "American") requests that the Court provide the pretrial charge attached hereto.

**AMERICAN AIRLINES, INC.**
By its Attorneys,


/s/ Michael A. Fitzhugh
Michael A. Fitzhugh, (BBO 169700)
Amy Cashore Mariani, (BBO 630160)
Sonia L. Skinner, (BBO 631858)
**FITZHUGH, PARKER & ALVARO LLP**
155 Federal Street, Suite 1700
Boston, MA 02110-1727
(617) 695-2330


## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on December 28, 2006.

/s/ Michael A. Fitzhugh
Michael A. Fitzhugh

Statement of the Case

This case involves claims of discrimination under two federal laws and one state law brought by John Cerqueira. Specifically, Mr. Cerqueira claims that American had no basis for removing him from Flight 2237 to Fort Lauderdale on December 28, 2003 and for denying him further travel on that date. He contends that the sole reason why he was removed from that flight was because he looked like the two gentlemen next to whom he was seated. Mr. Cerqueira contends that those two gentlemen looked Middle Eastern.

American in turn contends that Mr. Cerqueira was removed from the flight and denied further service on December 28, 2003 because Mr. Cerqueira's actions gave rise to security concerns on the part of the flight crew. American also contends that those security concerns require you to find in its favor.

Role of Jury

You have been chosen and sworn as jurors in this case to try the issues of fact presented by the plaintiff and American. You are to perform this duty without bias or prejudice to either party. Our system of law does not permit jurors to be governed by sympathy, prejudice, or by public opinion. Both the parties and the public expect that you will carefully and impartially consider all the evidence in the case, follow the law as stated by the Court, and reach a just verdict, regardless of the consequences.[1]

Burden of Proof is on the Plaintiff

The burden is on the plaintiff to prove every essential element of each of his claims by a fair preponderance of the evidence. The burden is not on American to disprove the plaintiff's

---

[1] *See* Devitt and Blackmar, *Federal Jury Practice and Instructions,* §71.14

claims. If the plaintiff fails to establish any essential element of his claims by a fair preponderance of the evidence, your verdict must be in favor of American.[2]

### Preponderance of the Evidence, Defined

To "establish by a preponderance of the evidence" means to prove that something is more likely so than not. In other words, a preponderance means that the evidence, when considered and compared with that evidence opposed to it, has more convincing force and produces in your minds the belief that what is sought to be proved is more likely true than not true.

In determining whether a fact has been proven by a preponderance of the evidence, you may, unless otherwise instructed, consider the testimony of all the witnesses, regardless of who may have called them, and all the exhibits received in evidence, regardless of who may have produced them.

The law requires that, in order for the plaintiff to prevail, the evidence that supports his claims must appeal to you as more nearly representing what took place than the evidence opposed to his claims. If it does not, or if it weighs so evenly that you are unable to say that there is a preponderance on either side, then you must resolve the question in favor of American. It is only if the evidence favoring the plaintiff's claims outweighs the evidence opposed to them that you may find in favor of the plaintiff.[3]

### Credibility of Witnesses

Much of the evidence in this case will come from the testimony of witnesses. You, as jurors, must decide whether the witnesses who testify are credible; in other words, you must decide which, if any, witnesses you believe and which, if any, you do not believe. In deciding whether a witness is credible – or believable – you may take into account whether there are any

---

[2] *See Bunevith v. CVS Pharmacy,* 925 F.Supp. 89 (D. Mass. 1986)
[3] *See* Devitt and Blackmar, *Federal Jury Practice and Instructions,* §71.14

conflicts or discrepancies between the testimony that witness offers in court and any statements he or she may have made at some earlier time, before trial.

### Appearance of American's Witnesses In Plaintiff's Case In Chief

During the course of this trial, the plaintiff may call as witnesses some of American's employees. You are not to draw any inferences from when a witness testifies and from which party calls the witness.

### Sensitive Security Information

During this case, American's employees will at times be unable to respond to questions regarding American's training, policies and procedures because of something called "sensitive security information." I instruct you that American is prohibited as a matter of law from disclosing certain information considered by the federal government to be essential to our national security interests, and that you should not hold it against American or its employees that they will be at times unable to provide you, the jury, with complete answers regarding American's training, policies and procedures.[4]

### Use of Contradictory Evidence

You may hear differing testimony at the trial from the witnesses. You are free to weigh the differing testimony of the witnesses you heard in this trial.[5]

### Use of Expert Witnesses

During this trial you may also hear evidence presented by expert witnesses. These individuals are experts in their respective fields and are testifying because their testimony may assist you the jury to understand the evidence or to determine a fact in issue in this case.[6]

---

[4] 49 CFR §1520.1 et seq.
[5] *See Haschmann v. Time Warner Entertainment Company,* 151 F.3d 591, 601 (7th Cir.1998)
[6] *See Daubert v. Merrill Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 591, 113 S.Ct. 2786 (1993)

### Federal Aviation Act – 49 U.S.C., § 44902(b)

The Federal Aviation Act permits an airline, through its captain, to exercise his discretion to deny any passenger air transport whom the captain believes is or may be inimical to the safety of the passengers or aircraft.[7]

If you find that American's decision to remove the plaintiff from Flight 2237 and deny him air travel on December 28, 2003 was based upon its concern for the safety and security of the passengers you must return a verdict in favor of American.

### Airline Has Discretion to Reject a Passenger for Transport Due to Exigency

An airline's discretion to reject a passenger for transport <u>must</u> be accepted if exercised in good faith and for a rational reason.[8]  This deference to the airline's judgment is understandable in light of the fact that the airline must often make such decisions on the spur of the moment, shortly before the plane takes off, and therefore without the benefit of complete and accurate information.[9]  The law endows the airline with discretion in accepting or rejecting a passenger, based upon considerations of safety and problems inherent to air travel, and that such discretion, if exercised in good faith and for a rational reason, must be accepted.[10]

You must return a verdict for American unless you find that its actions were "arbitrary and capricious" as those terms have been defined.

### Arbitrary and Capricious, Defined

A decision is arbitrary and capricious if there is no ground which reasonable people might deem proper to support it.[11]

---

[7] *See Al-Qudhai'een v. America West Airlines, Inc.,* 267 F.Supp.2d 841, 846 (S.D. Ohio. 2003)
[8] *See Ruta v. Delta Airlines, Inc.,* 322 F.Supp.2d 391, 397 (S.D.N.Y. 2004)
[9] *Id.*
[10] *See Adamsons v. American Airlines, Inc.,* 58 N.Y.2d 42, 47 (1982)
[11] *See Dolphin Fleet of Provincetown, Inc., v. Provincetown Public Pier Corp.,* 2006 WL 2006169, 3   (Mass.Super.)

Prima Facie Case of Discrimination – 42 U.S.C., § 1981

Racial animus is a necessary element of a claim under [42 U.S.C., § 1981].[12]

The elements of a claim under 42 U.S.C., § 1981 are: (1) plaintiff's membership in a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) discrimination concerning one or more of the activities enumerated in § 1981. . .[13]

Prohibition Against Intentional Discrimination - 42 U.S.C., § 2000d

Title VI of the Civil Rights Act, 42 U.S.C., § 2000d, prohibits discrimination against any person on the basis of race, color or national origin, who seeks to participate in or access the benefits of any program or activity receiving Federal financial assistance.[14] Title VI prohibits intentional discrimination.[15]

You must return a verdict for American if you find that it receives federal financial assistance but denied the plaintiff air travel on December 28, 2003 because of security concerns and not because of any intent to discriminate against him.

Receipt of Federal Financial Assistance

Recipients of federal financial assistance are subject to the provisions of 42 U.S.C., § 2000d if "they receive federal financial assistance by way of grants, loans or contracts . . ."[16] Purely compensatory payments [from the federal government] do not constitute [the receipt of] federal financial assistance.[17]

---

[12] *See Springer v. Seaman,* 821 F.2d 871, 880 (1st Cir.1987) *abrogated on other grounds by Jett v. Dallas Independent School District,* 491 U.S. 701 (1989)
[13] *See Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 569 (3d Cir.2002)
[14] *See Goodman v. Bowdoin College,* 380 F.3d 33, 43 (1st Cir.2004)
[15] *See Alexander v. Sandoval*, 532 U.S. 275, 280, 121 S.Ct.1511 (2001)
[16] *See* 42 U.S.C., § 2000d-1
[17] *See Jacobson v. Delta Airlines, Inc.,* 742 F.2d 1202, 1209 (9th Cir.1984)

You must return a verdict for American if you find that its receipt of federal funds under the Stabilization Act does not constitute the receipt of Federal financial assistance as the term is defined in 42 U.S.C., § 2000d-1.

<u>Discrimination Prohibited in Places of Public Accommodation - M.G.L. c. 272, § 98</u>

Discrimination is prohibited on the basis of "race, color, religious creed, national origin, sex . . . relative to the admission of a person, to or his treatment in any place of public accommodation."[18]

<u>Prima Facie Case of Race Discrimination in Public Accommodation – G.L. c. 272, § 98</u>

To establish a prima facie case of race discrimination, the plaintiff must prove by a preponderance of the evidence that:

1)   He is a member of a protected class; and

2)   He was denied access to a public accommodation because of his race.[19]

---

[18] *See Scott v. Macy's East, Inc.,* 2002 WL 31439745, 7 (D.Mass. 2002)
[19] *Id.*

<u>Burden Shifting Analysis to Prove Prima Facie Case of Race Discrimination</u>

The plaintiff bears the initial burden of establishing a case of race discrimination.[20]

The burden then shifts to American to articulate a legitimate, nondiscriminatory reason for the allegedly discriminatory action.[21]

Plaintiff must then demonstrate by competent evidence that the presumptively valid reasons for American's actions were in fact a cover-up for a racially discriminatory decision, in other words, a pretext for race discrimination.[22]

<u>Unanimity of Jury Verdict</u>

Your verdict must be unanimous.[23]

---

[20] *See McDonnell Douglas Corporation v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817 (1973)
[21] *Id.*
[22] *Id.* at 805
[23] *See* Fed.R.Civ.P. 48