UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JOHN D. CERQUEIRA,

              Plaintiff,

v.                                                                                   Civil Action No. 05-11652-WGY

AMERICAN AIRLINES, INC.,

              Defendant.

**PLAINTIFF'S TRIAL BRIEF**

Pursuant to the Procedural Order entered on November 28, 2006, plaintiff John D. Cerqueira submits this trial brief. With the agreement of counsel for American Airlines, plaintiff has attached amended exhibit lists to renumber two exhibits to comport with pretrial rulings.[1]

**I. BACKGROUND**

This is a racial profiling case brought by plaintiff John D. Cerqueira against defendant American Airlines, Inc. (AA). On December 28, 2003, AA discriminated against Mr. Cerqueira in two separate incidents. First, AA caused Mr. Cerqueira to be removed from AA flight 2237, detained, and interrogated by the Massachusetts State Police. Second, AA refused to provide service to Mr. Cerqueira after he was released from questioning and cleared for further travel. AA had no legitimate nondiscriminatory reason to justify its treatment of Mr. Cerqueira; rather, it based its actions on Mr. Cerqueira's perceived race, color, national origin, ethnicity, or ancestry. A thorough statement of the facts is set forth in Section I(A) of the joint pretrial memorandum. Doc. 57.

---

[1] Exhibit E has become Exhibit 22, and Exhibit J has become Exhibit 23.

## II. CAUSES OF ACTION

Mr. Cerqueira brought this case under 42 U.S.C. § 1981, Title VI of the Civil Rights Act of 1964 (42 U.S.C. § 2000d), and M.G.L. c. 272 § 98.  Each of these statutes prohibits discrimination, and they differ mainly with respect to the context in which the discrimination occurs.  Section 1981 prohibits discrimination in the making and enforcement of contracts.  Title VI prohibits discrimination in any program or activity that receives federal financial assistance, and M.G.L. c. 272 § 98 prohibits discrimination in any place of public accommodation as defined in M.G.L. c. 272 § 92A.

The elements of each cause of action are set forth in the attached plaintiff's requested jury instructions.  Under each cause of action, the primary issue is the same—whether AA's treatment of Mr. Cerqueira was motivated by discrimination.

## III. RELIEF

Mr. Cerqueira seeks compensatory damages for emotional distress, lost income, and out-of-pocket expenses resulting from the incidents of December 28, 2003.  In addition, Mr. Cerqueira seeks punitive damages, declaratory and injunctive relief, attorneys' fees, and litigation costs.

**A.    The Jury Should Be Allowed to Consider Awarding Punitive Damages**.

Mr. Cerqueira intends to show that AA acted with reckless indifference to his federally protected rights.  The United States Department of Transportation (DOT) put AA on notice that federal law prohibits air carriers from discriminating against passengers on the basis of race, color, national origin, religion, ethnicity or ancestry.  *See, e.g.*, Plaintiff's Proposed Trial Exhibits N, O, and S.  Further, on April 25, 2003, the DOT brought an enforcement complaint against AA

based on at least eleven separate instances in which AA unlawfully removed passengers from flights and denied boarding to passengers because they were, or were perceived to be, of Arab, Middle Eastern or South Asian descent and/or Muslim. *See* Plaintiff's Proposed Trial Exhibits T and U. Thus, not only was AA on notice of federal law, it was also on notice that its employees were engaging in, or were being accused of engaging in, multiple acts of unlawful discrimination. In addition, AA has admitted that it has not disciplined any employee for removing a passenger, denying boarding, or refusing service on the basis of the passenger's race, color, national origin, ethnicity or ancestry. *See* Plaintiff's Proposed Trial Exhibit D (Supplemental Response to Int. 17). Finally, AA's refusal to rebook Mr. Cerqueira after he was investigated and cleared by the Massachusetts State Police, and its failure and refusal to apologize to him, demonstrate a reckless or callous indifference to Mr. Cerqueira's rights protected by federal and Massachusetts law, such that punitive damages are necessary to deter AA from engaging in similar conduct in the future.

Punitive damages are available under 42 U.S.C. § 1981.[2] "[A] jury may be permitted to assess punitive damages" in a civil rights case "when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves recklessness or callous indifference to the federally protected rights of others." *Smith v. Wade*, 461 U.S. 30, 56 (1983) (applying common law tort rules to action brought under 42 U.S.C. § 1983); *see also Kolstad v. American Dental Ass'n*, 527 U.S. 526, 535 (1999) (recognizing that Congress adopted the *Wade* standard in providing for punitive damages in Title VII and ADA cases); *Bisbal-Ramos v. City of Mayaguez*,

---

[2] Punitive damages are not available under Title VI. *See Barnes v. Gorman*, 536 US 181 (2002).

467 F.3d 16, 25 (1st Cir. 2006) (quoting *Wade)*; *Che v. Massachusetts Bay Transp. Authority*, 342 F.3d 31, 41-42 (1st Cir. 2003). As explained above, AA was aware of the risk that its decisions to remove Mr. Cerqueira from flight 2237 and to refuse him further service would violate federal law.

Punitive damages are also available under M.G.L. c. 272 § 98. Section 98 provides that "any person aggrieved" by discrimination in a place of public accommodation may recover "such damages as are enumerated in section five of chapter one hundred and fifty-one B." Section 9 of Chapter 151B provides explicitly that an aggrieved person may recover "actual and punitive damages." Punitive damages are authorized under Massachusetts law where the conduct "is outrageous because of the defendant's evil motive or his reckless indifference to the rights of others." *Dartt v. Browning-Ferris Industries, Inc.*, 691 N.E.2d 526, 537 (1998); *see also McDonough v. City of Quincy*, 452 F.3d 8, 24 n.10 (1st Cir. 2006) (finding that the same evidence that should have permitted the jury to consider awarding punitive damages under Title VII "was sufficient for a jury to have concluded that the [defendant] acted with 'reckless indifference' to [plaintiff]'s rights under the Massachusetts anti-discrimination laws").

**B.    The Court Should Grant Declaratory and Injunctive Relief.**

For the same reasons that punitive damages are necessary to deter AA from engaging in discriminatory conduct in the future, this Court should fashion an appropriate injunction ordering AA to take affirmative steps to prevent similar occurrences. Mr. Cerqueira will testify that he traveled frequently on AA before the incidents of December 28, 2003, but has not traveled on any AA flight since then out of fear that AA will discriminate against him. Mr. Cerqueira will further testify that he continues to travel frequently to destinations served by AA, but he avoids

AA out of fear of discrimination. Mr. Cerqueira would travel on AA again, if he was assured that AA had taken steps to stop its discriminatory treatment of passengers perceived to be Middle Eastern. Thus, the Court should grant injunctive relief under each of Mr. Cerqueira's three causes of action. *See, e.g., Bayaa v. United Airlines, Inc.*, 249 F. Supp. 2d 1198, 1205 (C.D. Cal. 2002) (finding that an airline passenger denied service was realistically threatened by a repetition of the violation such that he could seek prospective injunctive relief under § 1981, Title VI, and state anti-discrimination law); *Carpenter v. Yellow Cab Co.*, 2001 WL 1602758, at *3 (MCAD Feb. 23, 2001) (ordering affirmative relief in the form of mandatory civil rights training after finding a violation of M.G.L. c. 272 § 98 by a public carrier); *Wilder v. Diamond Cab Co.*, 2001 WL 1602757, at *5 (MCAD Feb. 23, 2001) (same).

## IV. EVIDENTIARY ISSUES

**A.     Several Trial Exhibits Should Be Admitted Only After Redacting Certain Irrelevant Information.**

Plaintiff filed a motion *in limine* to exclude any reference to facts or circumstances that arose with regard to flight 2237 *after* Mr. Cerqueira was removed from the flight for questioning by the state police, on the grounds that such evidence is irrelevant and, even if it had some marginal relevance, its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. Plaintiff's Fifth Motion *In Limine* (Doc. 46) (citing Fed. R. Evid. 402 and 403). Although the Court denied plaintiff's motion, it did so "without prejudice to its renewal at trial." Electronic Order of December 13, 2006.

Several proposed trial exhibits contain references to the information that plaintiff will seek to exclude. If the information is excluded, these exhibits should be admitted only after the

excluded information is redacted. A ruling on the admissibility of the information would allow for appropriate redactions to be prepared in advance. At issue are Trial Exhibits 8, 10, 18, 20, 21, 22, C, F, and G.

The jury should not be presented evidence regarding the following incidents, because each is alleged to have occurred *after* Mr. Cerqueira, Mr. Ashmil, and Mr. Rokah were removed from flight 2237:

1) A passenger made a false claim that the removed passenger who had a ponytail—not Mr. Cerqueira—had surrendered a box-cutter at the security check point;

2) All passengers and luggage were removed from the aircraft and rescreened;

3) Dogs were brought onto the aircraft, and the aircraft was searched; and

4) The flight attendants originally assigned to flight 2237 were replaced.

These allegations cannot be relevant to the issue of whether AA's decision to remove Mr. Cerqueira from flight 2237 was motivated by discrimination, because these allegations relate only to events that occurred *after* that decision was made.

To the extent AA argues that these allegations are relevant to AA's decision to bar Mr. Cerqueira from booking another flight, AA's argument fails. AA's decisionmaker, Mr. Marquis, has already testified that he does not recall the reason for his decision. Thus, AA's assertion that these events *might* have influenced Mr. Marquis because they *might* have been communicated to him is pure speculation. Mr. Marquis lacks personal knowledge as to whether this information was communicated to him or whether he based his decision on it. *See* Fed. R. Evid. 602 ("A witness may not testify to a matter unless evidence is introduced sufficient to support a finding

that the witness has personal knowledge of the matter."). Thus, any mention of the circumstances listed above should be redacted from the exhibits before they are used at trial.

**B.    The Court Should Rule Before Trial that The Documents Relating to The Department of Transportation Enforcement Action and Consent Order are Admissible.**

AA filed a motion *in limine* to exclude proposed Trial Exhibits T and U. Doc. 53. The proposed exhibits show that the U.S. Department of Transportation (DOT) has found that, following the attacks of September 11, 2001, AA unlawfully discriminated against passengers perceived to be of Arab, Middle Eastern, or South Asian descent, by causing such passengers to be removed from flights, denied boarding, or refused service. In an enforcement action brought by DOT against AA, DOT cited eleven separate instances in which AA had engaged in such discrimination. The enforcement proceeding resulted in a Consent Order finding that AA acted in a manner inconsistent with the requirements of federal anti-discrimination law.

As explained in Mr. Cerqueira's opposition to AA's motion (Doc. 69), the proposed exhibits are relevant and admissible to show that AA was on notice that the actions complained of violate federal civil rights law, that AA acted with reckless indifference to Mr. Cerqueira's rights, and to show a discriminatory atmosphere as evidence of motive and intent. The Court should rule on the admissibility of these documents before the start of trial, so that Mr. Cerqueira's counsel can refer to the documents during opening statement.

## V. OTHER ISSUES

A.  **Because Decisions Motivated by Discrimination Are Necessarily Arbitrary and Capricious, 49 U.S.C. § 44902(b) Has No Application to This Case.**

To establish AA's liability under each of his three causes of action, Mr. Cerqueira must show that AA intentionally discriminated against him. Nevertheless, AA will seek to invoke 49 U.S.C. § 44902(b), a statute affording airlines discretion to refuse to transport a passenger who may be "inimical to safety" if the airline's decision is not arbitrary and capricious. Because Mr. Cerqueira must prove intentional discrimination, 49 U.S.C. § 44902(b) is inapposite. As this Court held in *Alshrafi v. American Airlines, Inc.*, 321 F. Supp. 2d 150, 162 (D. Mass. 2004):

> Although Section 44902 certainly extends broad discretion to air carriers to make safety decisions, the statute does not grant them a license to discriminate. Nor does it permit air carriers to exercise their discretion arbitrarily or capriciously. Indeed, actions motivated by racial or religious animus are necessarily arbitrary and capricious, and therefore beyond the scope of the discretion granted by Section 44902.

There is no conflict between statutes prohibiting discrimination and a statute allowing air carriers the discretion to refuse to carry passengers for rational safety reasons. If the evidence shows that AA's actions were motivated by legitimate safety concerns unrelated to race, AA will defeat Mr. Cerqueira's claims and it will not need to invoke any immunity provided by § 44902(b). If the evidence shows that AA's actions were motivated by race-based stereotypes and associations (or safety related inferences drawn irrationally from race), then AA will be liable for violations of § 1981, Title VI, and M.G.L. c. 272 § 98. Either way, this case should be presented to the jury pursuant to the statutes on which Mr. Cerqueira rests his claims, and AA should not be permitted to argue the application of other statutes that are subsumed by anti-discrimination law. Moreover, the jury should be instructed that the civil rights laws on which

Mr. Cerqueira bases his claims apply no differently in the aviation context than in any other context, and that the fact that the alleged discrimination happened with respect to air travel does not change the legal standards that the jury is to apply.

|  |  |
|---|---|
|  | **JOHN D. CERQUEIRA**<br>By his attorneys,<br><br>*/s/ Michael T. Kirkpatrick*<br>_____<br>Michael T. Kirkpatrick<br>Public Citizen Litigation Group<br>1600 20th Street NW<br>Washington, DC  20009<br>(202) 588-1000<br>mkirkpatrick@citizen.org<br><br>David S. Godkin (BBO #196530)<br>Darleen F. Cantelo (BBO #661733)<br>Birnbaum & Godkin, LLP<br>280 Summer Street<br>Boston, MA  02210 |
| Dated: December 29, 2006 | 617-307-6100 |

### CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on December 29, 2006.

*/s/ Michael T. Kirkpatrick*
_____
Michael T. Kirkpatrick

**PROPOSED EXHIBITS TO WHICH THERE IS NO OBJECTION**

Subject to the redactions that plaintiff has requested with respect to Trial Exhibits 8, 10, 18, 20, 21, and 22, the parties have agreed that the following exhibits may be admitted at trial.

| ID No. | Description | Dep. ID No. | Bates No. |
|---|---|---|---|
| 1 | Passenger Itinerary | | CRQ 0001 |
| 2 | Boarding Pass | | CRQ 0002 |
| 3 | Credit Card Refund Receipt | | CRQ 0003 |
| 4 | Orbitz Travel Document | | CRQ 0004-5 |
| 5 | E-Mail Exchange between AA Customer Relations and John D. Cerqueira | AA 0037 is Cerqueira Deposition Exh. 4 | AA 0036-38 |
| 6 | E-mail Message from John D. Cerqueira to American Airlines | | CRQ 0007 |
| 7 | American Airline's E-mail Message to John D. Cerqueira on January 6, 2004 | Cerqueira Deposition Exh. 5 | CRQ 0008 |
| 8 | Detail Note, Event ID: 03122856. SS CCRO History. | Deposition Exh. 14 | AA 0021 |
| 9 | Detail Note, Event ID: 03122856. Passenger Name Record. | Deposition Exh. 12 | AA 0023-27 |
| 10 | Detail Note, Event ID: 03122856. Event Note | Deposition Exh. 13 | AA 0028 |
| 11 | 2002 Tax Return | | CRQ 0331-359 |
| 12 | 2003 Tax Return | Cerqueira Deposition Exh. 23 | CRQ 0360-380 |
| 13 | 2004 Tax Return | Cerqueira Deposition Exh. 24 | CRQ 0381-395 |
| 14 | 2005 Tax Return | | CRQ 0457-468 |
| 15 | Prescription Records | | CRQ 0469-0476 |

1

| 16 | Detail Note, Event ID: 03122856. Activity Note. | Deposition Exh. 11 | AA 0022 |
|---|---|---|---|
| 17 | AMR Event Call Center Report of Sally Walling | Deposition Exh. 1 | AA 0018-20 |
| 18 | AMR Event Call Center Report of Lois Sargent | Deposition Exh. 5 | AA 0012-14 |
| 19 | AMR Event Call Center Report of Amy Milenkovic | Deposition Exh. 9 | AA 0015-17 |
| 20 | Detail Note, Event ID: 03122856 | Deposition Exh. 16 | AA 0035 |
| 21 | Detail Note, Event ID: 03122856. Notification Note, Aircraft Routing, Crew List, DM Delay Message, Flight/Gate Info, Passenger List | Deposition Exh. 18 | AA 0029-34 |
| 22 | Massachusetts State Police Daily Administrative Log | Included in Cerqueira Deposition Exh. 21 | CRQ 0010 |
| 23 | Psychiatry Referral | Blumenthal Deposition Exh. 2 | CRQ 0165 |

**PLAINTIFF'S PROPOSED EXHIBITS TO WHICH DEFENDANT OBJECTS**

| ID No. | Description | Defendant's Objection | Plaintiff's Response |
|---|---|---|---|
| A | Amended Complaint (Doc. No. 3) | Pleadings inadmissible; FRE 401-403, 802 | Necessary to identify admissions in Answer; relevant to liability; FRE 802(d)(2). Impeachment. |
| B | Defendant's Answer to Plaintiff's Amended Complaint (Doc. No. 5) | Pleadings inadmissible; FRE 401-403, 802 | Admissions relevant to liability; FRE 802(d)(2). Impeachment. |
| C | American Airlines's Answers to Plaintiff's First Set of Interrogatories (Deposition Exh. 2) | FRE 401-403, 802 | Admissions relevant to liability, punitive damages, and injunctive relief; FRE 802(d)(2). Impeachment. |
| D | American Airlines's Supplemental Answers to Plaintiff's First Set of Interrogatories | FRE 401-403, 802 | Admissions relevant to liability, punitive damages, and injunctive relief; FRE 802(d)(2). Impeachment. |
| E | This document has been renumbered as Trial Exhibit 22 | | |
| F | NASA Aviation Safety Report of Lois Sargent (Deposition Exh. 6) | 401-403 | Relevant to liability. |

| | | | |
|---|---|---|---|
| G | Letter of June 14, 2004, from Alec Bramlett to Samuel Podberesky (Deposition Exh. 15) (AA 0009-11) | FRE 401-403, 802 | Contains admissions relevant to liability; FRE 802(d)(2). |
| H | Insurance Notices (CRQ 0212-216, 218, 220-223) | FRE 401-403, 802 | Relevant to damages; FRE 803(6). |
| I | Blumenthal Curriculum Vitae (Blumenthal Deposition Exh. 1) (CRQ 0448-451) | FRE 802 | FRE 803(6) |
| J | This document has been renumbered as Trial Exhibit 23 | | |
| K | Faulk Curriculum Vitae (Faulk Deposition Exh. 1) (CRQ 0446-447) | FRE 802 | FRE 803(6) |
| L | Medical Records (Faulk Deposition Exh. 2) (CRQ 0166-174, 453-456) | Objections to portions - FRE 401-403, 602, 802 | FRE 803(3); 803(4); 803(6). |
| M | Kudwa Hotline Message, September 20, 2001 (Second page is Deposition Exh. 4) (AA 0047-48) | FRE 401-403, 802 | Relevant to liability, punitive damages, and injunctive relief; FRE 802(d)(2); 803(6). |
| N | DOT message to airlines, September 21, 2001 (AA 0050) (also CRQ 0060) | FRE 401-403, 802 | Relevant to punitive damages and injunctive relief; FRE 803(6); 803(8). |
| O | DOT guidance on nondiscrimination (CRQ 0058-59) (also AA 0051-53) | FRE 401-403, 802 | Relevant to punitive damages and injunctive relief; FRE 803(6); 803(8). |

| | | | |
|---|---|---|---|
| P | Kudwa messages to pilots (Deposition Exh. 10) (AA 0056-0057) | FRE 401-403, 802 | Relevant to liability, punitive damages, and injunctive relief; FRE 802(d)(2); 803(6). |
| Q | "Dear Crewmember" letter dated June 26, 2002 (Deposition Exh. 19) (AA 0096) | FRE 401-403, 802 | Relevant to liability, punitive damages, and injunctive relief; FRE 802(d)(2); 803(6). |
| R | Kudwa Hotline Message, August 12, 2002 (Deposition Exh. 17) (AA 0097-98) | FRE 401-403, 802 | Relevant to liability, punitive damages, and injunctive relief; FRE 802(d)(2); 803(6). |
| S | DOT policy statements and guidance regarding unlawful discrimination (CRQ 0058-61) | FRE 401-403, 802 | Relevant to punitive damages and injunctive relief; FRE 803(6); 803(8). |
| T | Documents re: DOT Enforcement Proceeding, OST No. 2003-15046 (CRQ 0062-128) | See motion in limine | See opposition to motion in limine |
| U | Consent Order, DOT Enforcement Proceeding, OST No. 2003-15046 (CRQ 0129-133) | See motion in limine | See opposition to motion in limine |