# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

JOHN D. CERQUEIRA,

         Plaintiff,

v.

AMERICAN AIRLINES, INC.,

         Defendant.

Civil Action No: 05-11652-WGY

## PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

Pursuant to Fed. R. Civ. P. 51, plaintiff John D. Cerqueira proposes the following jury

instructions.  Mr. Cerqueira reserves his right to supplement these proposed instructions after the

close of evidence.

**JOHN D. CERQUEIRA,**

By his attorneys,

/s/ David S. Godkin
David S. Godkin (BBO #196530)
Darleen F. Cantelo (BBO#661733)
Birnbaum & Godkin, LLP
280 Summer Street
Boston, MA  02210
617-307-6100

CERTIFICATE OF SERVICE

I, David S. Godkin, Esq., hereby certify that a true and
correct copy of the foregoing document was delivered to
the registered participants as identified on the Notice of
Electronic Filing (NEF) and paper copies will be sent those
indicated as non-registered participants on December 29,
2006.

/s/ David S. Godkin
David S. Godkin

Michael T. Kirkpatrick, Esq.
Public Citizen Litigation Group
1600 20th Street, NW
Washington, DC  20009
(202) 588-1000

ATTORNEYS FOR PLAINTIFF

## PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 1
### The Parties' Contentions

In this case, Plaintiff John D. Cerqueira has sued the Defendant, American Airlines,

claiming that the company intentionally discriminated against him on the basis of his perceived

race, color, ethnicity, national origin or ancestry on two occasions. First, Mr. Cerqueira claims

that American Airlines discriminated against him when it decided to remove him from Flight

2237 on December 28, 2003. Second, Mr. Cerqueira claims that American Airlines

discriminated against him when it refused to rebook him on another flight after he was cleared by

the Massachusetts State Police. Mr. Cerqueira contends that he was removed from Flight 2237

and refused further service because his physical appearance is commonly associated with

individuals of Arab, Middle Eastern, or South Asian descent. Mr. Cerqueira contends that this

discriminatory conduct caused him damages resulting from, among other things, lost income,

emotional distress and out-of-pocket costs.

American Airlines contends that the decision to have Mr. Cerqueira removed from Flight

2237 and the decision to refuse to rebook him were based on information that suggested that Mr.

Cerqueira might pose a security risk. American Airlines denies that any unlawful discrimination

was the basis for American Airlines' removal of Mr. Cerqueira and refusal to rebook Mr.

Cerqueira on another flight.

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 2**
**Burden of Proof**

This is a civil case. The standard of proof in a civil case is less demanding than in a criminal case, where the prosecution must prove its case beyond a reasonable doubt. Here, Mr. Cerqueira must prove his case by a preponderance of the evidence in order to prevail.

When a party has the burden of proof by a preponderance of the evidence, it means that you must be persuaded by the testimony and exhibits that the matter to be proved is more probably true than not true. You should base your decision on all of the evidence. Ultimately, you must decide if it is more likely true than not true that the propositions Mr. Cerqueira has presented are the truth.

**Sources:** *Sargent* v. *Massachusetts Accident Co.*, 307 Mass. 246, 250 (1940); *Fed. Jury Prac. & Instr.* § 101.41 (Kevin O'Malley *et al.*, 5th ed. 2004).

PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 3
**Use of Depositions as Evidence**

During the trial, certain testimony has been presented by way of deposition. The deposition consisted of sworn, recorded answers to questions asked of the witness in advance of the trial by one or more of the attorneys for the parties to the case. The testimony of a witness who, for some reason is not present to testify from the witness stand may be presented on a videotape or written transcript. Such testimony is entitled to the same consideration and is to be judged as to credibility, and weighed, and otherwise considered by you, insofar as possible, in the same way as if the witness had been present and had testified from the witness stand.

**Sources:**   *Goldwater v. Ginzburg*, 261 F. Supp. 784 (S.D.N.Y. 1966), affirmed, 414 F.2d 324 (2d Cir. 1969), *cert. denied*, 396 U.S. 1049 (1970); *Fed. Jury Prac. & Instr.* § 105.02 (Kevin O'Malley *et al.*, 5th ed. 2004).

PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 4
Liability Under 42 U.S.C. § 1981

Mr. Cerqueira asserts a civil rights claim under the federal statute 42 U.S.C. § 1981.  This statute provides that "[a]ll persons within the jurisdiction of the United States shall have the same rights in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other."

In order for Mr. Cerqueira to establish his case, he must prove by a preponderance of the evidence that: 1) American Airlines intentionally discriminated against him on account of his perceived race, color, ethnicity or ancestry; and 2) the discrimination caused Mr. Cerqueira to suffer deprivation of his right to make and enforce contracts.  An airline ticket is a contract.

In determining whether American Airlines intentionally discriminated on the basis of race, color, ethnicity or ancestry, you may consider all the evidence presented in this case.  Mr. Cerqueira may use either direct or indirect evidence to show discrimination.


**Sources:**    *McDonnell Douglas v. Green*, 411 U.S. 792, 802-804 (1973); *Garrett v. Tandy Corp.*, 295 F.3d 94, 98 (1st Cir. 2002); *Ocasio-Juarbe v. Eastern Airlines, Inc.*, 902 F.2d 117, 119-120 (1st Cir. 1990); *Mulero-Rodriguez v. Ponte, Inc.*, 98 F.3d 670, 673 (1st Cir. 1996); *Sanchez-Arroyo v. Eastern Airlines, Inc.*, 835 F.2d 407, 408 n.1 (1st Cir. 1987); *Santleben v. Continental Airlines, Inc.*, 178 F.Supp.2d 752, 755 (S.D. Tex. 2001); *Karkomi v. American Airlines, Inc.*, 717 F.Supp. 1340, 1342 (N.D. Ill. 1989); *Fed. Jury Prac. & Instr.* § 170.21 (Kevin O'Malley *et al.*, 5th ed. 2004).

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 5**
**Liability Under Title VI of the Civil Rights Act of 1964**

Mr. Cerqueira also asserts a claim under the Civil Rights Act of 1964. This act prohibits discrimination on the basis of race, color, and national origin in programs and activities receiving federal financial assistance. To establish American Airlines' liability under this Act, Mr. Cerqueira must show that: 1) American Airlines intentionally discriminated against Mr. Cerqueira based on Mr. Cerqueira's perceived race, color, or national origin; and 2) American Airlines receives federal financial assistance. American Airlines has admitted that it receives federal financial assistance, so Mr. Cerqueira need not prove this fact to prevail.

In determining whether American Airlines intentionally discriminated on the basis of race, color and/or national origin, you may consider all the evidence presented in this case. Mr. Cerqueira may use either direct or indirect evidence to show discrimination.

*Sources*:    42 U.S.C. § 2000d; *Goodman v. President and Trs. Of Bowdoin Coll.*, 135 F. Supp. 2d 40, 48 (D. Me. 2001).

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 6**
**Liability Under The Massachusetts Public Accommodations Law**

Mr. Cerqueira also asserts a claim under the Massachusetts Public Accommodations Law, Section 98 of Chapter 272 of Massachusetts' General Laws, which prohibits discrimination on the basis of race, color, national origin or ancestry, among other factors, in the admission or treatment of any person in a place of public accommodation. A "place of public accommodation" is any place that is open to and accepts or solicits the patronage of the general public, including public and private carriers and vehicles for the transportation of persons, such as buses, trains and planes, and the stations, terminals and facilities from which these vehicles operate. According to the statute, "[a]ll persons" have "the right to the full and equal accommodations, advantages, facilities and privileges of any place of public accommodation, resort or amusement subject only to the conditions and limitations established by law and applicable to all persons."

To prevail on his claim of discrimination against American Airlines, Mr. Cerqueira must prove by a preponderance of the evidence that: 1) American Airlines' Flight 2237, from which Mr. Cerqueira was removed, and other American Airlines' flights to which Mr. Cerqueira was denied admission, are places of public accommodation; and 2) American Airlines intentionally discriminated against him based on Mr. Cerqueira's perceived race, color, national origin or ancestry.

In determining whether American Airlines intentionally discriminated on the basis of race, color, national origin or ancestry, you may consider all the evidence presented in this case. Mr. Cerqueira may use either direct or indirect evidence to show discrimination.

**Sources:**    M.G.L. c. 272 § 98; *Soltys* v. *Wellesley Country Club*, No. 0000050, 2002 WL 31998398, at *6 (Mass. Super. Oct. 28, 2002); *see also Rome* v. *Transit Express*, 19 MDLR 159, 161 (1997), *aff'd,* 22 MDLR 88 (2000)*; Floyd* v. *Forrest Hill Cab Company*, 15 MDLR 1181, 1188 (1993), *aff'd*, 15 MDLR 1929 (1993), citing *Lumley* v. *Flynn*, 5 MDLR 1031, 1035 (1983).

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 7**
**Discriminatory Animus**

To prevail on his discrimination claims against American Airlines, Mr. Cerqueira must

prove that the Defendant acted with a discriminatory intent, motive or state of mind as a result of

his perceived race, color, national origin, ethnicity or ancestry. In determining whether

American Airlines discriminated against Mr. Cerqueira on these grounds, you may consider all

the evidence, both direct and circumstantial, and all reasonable inferences that lead from that

evidence. Moreover, Mr. Cerqueira need not prove that American Airlines' employees acted out

of conscious racial intent because the prohibition on discrimination extends to decisions that are

based on stereotyped thinking and other forms of less conscious bias.

**Sources:**   *McDonnell Douglas v. Green*, 411 U.S. 792, 802-04 (1973); *Thomas v. Eastman
Kodak Co.*, 183 F.3d 38, 42 (1st Cir. 1999); *Martin* v. *Envelope Div. of Westvaco
Corp.*, 850 F. Supp. 83, 92 (D. Mass. 1994); *Chief Justice for Admin. and Mgmt of
the Trial Ct.* v. *MCAD*, 439 Mass. 729, 732-35 (2003); *Lipchitz* v. *Raytheon Co.*, 434
Mass. 493, 504 (2001); *Borne* v. *Haverhill Golf & Country Club*, 58 Mass. App. Ct.
306, 313-16 (2003).

PLAINTIFF'S REQUESTED JURY INSTRUCTION No. 8
**Direct Evidence of Discrimination**

Mr. Cerqueira may prove intentional discrimination by direct evidence that his perceived race, color, national origin, ethnicity or ancestry played a role in the decision to remove him from Flight 2237 or the decision not to rebook him. Evidence of references to Mr. Cerqueira's perceived race, color, national origin, ethnicity or ancestry in the decision-making process are examples of direct evidence of discrimination. If you find that Mr. Cerqueira has proved intentional discrimination through direct evidence by a preponderance of the evidence, Mr. Cerqueira will have satisfied his burden of proof.

**Sources**:    *Williams v. Lindenwood Univ.*, 288 F.3d 349, 356 (8th Cir. 2002); *Local Fin. Co. of Rockland v. Mass. Comm'n Against Discrimination*, 355 Mass. 10, 14-15 (1968).

PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 9
**Indirect Evidence – *Prima Facie* Case**

Mr. Cerqueira may also prove intentional discrimination using indirect or circumstantial evidence. To prove intentional discrimination using indirect or circumstantial evidence, Mr. Cerqueira's initial burden is to establish a *prima facie* case of discrimination. Mr. Cerqueira's initial burden to establish a *prima facie* case is not difficult; he must merely offer proof of facts that, absent other explanation, make it more likely than not that a discriminatory motive was at work.

**Sources:**    *McDonnell Douglas v. Green*, 411 U.S. 792, 802-04 (1973); *Tex. Dep't. of County Affairs v. Burdine*, 450 U.S. 248, 253 (1981); *Furnco Constr. Corp. v. Waters*, 438 U.S. 567, 577 (1978); *Loeb v. Textron, Inc.*, 600 F.2d 1003 (1st Cir. 1979).

PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 10
**Indirect Evidence – Rebuttal of *Prima Facie* Case**

Once Mr. Cerqueira has established a *prima facie* case of discrimination, the burden

shifts to American Airlines to rebut the inference of discrimination. American Airlines has the

burden of producing evidence that the adverse actions were taken for a legitimate

nondiscriminatory reason. To meet its burden, American Airlines must clearly set forth with

some specificity plausible reasons for its actions.

**Sources**:  *McDonnell Douglas v. Green*, 411 U.S. 792, 802-04 (1973); *Tex. Dep't. of County
Affairs v. Burdine*, 450 U.S. 248, 253 (1981); *Furncwo Constr. Corp. v. Waters*, 438
U.S. 567, 577 (1978); *Simmons v. American Airlines*, 34 Fed. App. 573, 575-76 (9th
Cir. 2002); *Loeb v. Textron, Inc.*, 600 F.2d 1003 (1st Cir. 1979).

PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 11
**Indirect Evidence – Pretext**

If you find that American Airlines has met its burden of producing evidence that its removal of Mr. Cerqueira and refusal to rebook him were taken for a legitimate, non-discriminatory reason, Mr. Cerqueira can introduce evidence that the reason given by American Airlines is a pretext, in other words, that the reason given by American Airlines is not the real reason for American Airlines' actions.

Pretext may be shown in a number of ways. Mr. Cerqueira can show pretext by showing that American Airlines' given explanation is unworthy of credence, or by showing weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the reasons given by American Airlines. Mr. Cerqueira can also show pretext with evidence that American Airlines gave different and arguably inconsistent explanations for the adverse action. Finally, Mr. Cerqueira can show pretext with evidence that American Airlines has engaged in a pattern of unlawful discrimination against passengers perceived to be of Arab, Middle Eastern or South Asian descent, by causing such passengers to be removed from flights, denied boarding, or refused service.

If you find by a preponderance of the evidence that the reason given by American Airlines is not the real reason for its actions, then Mr. Cerqueira will have satisfied his burden of proving intentional discrimination by indirect or circumstantial evidence.

**Sources**:  *McDonnell Douglas v. Green*, 411 U.S. 792, 802-04 (1973); *Cummings v. Standard Register Co.*, 265 F.3d 56, 63 (1st Cir. 2001); *Dominguez-Cruz v. Suttle Caribe, Inc.*, 202 F.3d 424, 432 (1st Cir. 2000);.*Santiago-Ramos v. Centennial P.R. Wireless Corp.*, 217 F.3d 46, 55-56 (1st Cir. 2000); *Hodgens v. General Dynamics Corp.*, 144 F.3d 151, 168 (1st Cir. 1998).

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 12**
**Vicarious Liability**

American Airlines can be held liable for the acts of its officers, employees and agents.

Thus, if you find that American Airlines' officers, employees and agents engaged in intentional

discrimination, you must find that American Airlines is liable for such acts.

PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 13
**State of Mind of Decisionmakers**

It is not necessary for the persons who made the decisions to remove Mr. Cerqueira from Flight 2237 or to refuse to rebook him to have had direct knowledge of Mr. Cerqueira's perceived race, color, national origin, ethnicity or ancestry. If a neutral decisionmaker relies on information supplied by a biased subordinate, American Airlines can be liable for intentional discrimination. Moreover, Mr. Cerqueira need not prove that American Airlines' employees acted out of conscious racial intent because the prohibition on discrimination extends to decisions that are based on stereotyped thinking and other forms of less conscious bias.

It is not necessary that the decisionmaker be biased if someone else was biased and orchestrated the decision. Therefore, if you find that the captain, flight attendants and/or SOC manager was biased, then you may attribute that biased behavior to American Airlines.

**Sources:**   *EEOC v. BCI Coca-Cola Bottling Co.*, 450 F.3d 476, 484-88 (10th Cir. 2006);*Cariglia v. Hertz Equip. Rental Corp.*, 363 F.3d 77, 83-84 (1st Cir. 2004); *Thomas v. Eastman Kodak Co.*, 183 F.3d 38, 42 (1st Cir. 1999); *Freeman v. Package Machinery Co.*, 865 F.2d 1331, 1342 (1st Cir. 1988); *Sweeney v. Bd. of Trs. Of Keene State Coll.*, 604 F.2d 106, 114 (1st Cir. 1979); *Zades v. Lowe's Home Cts, Inc.*, No. 093-30269-MAP, 2006 WL 2563456, *10 (D. Mass. Sept. 6, 2006); *Harlow v. Potter*, 353 F. Supp. 2d 109, 116-18 (D. Me. 2005); *Rome* v. *Transit Express*, 19 MDLR 159, 160 (1997), *aff'd*, 22 MDLR 88 (2000); *Floyd* v. *Forest Hills Cab Co.*, 15 MDLR 1181, 1187-88 (1993), *aff'd*, 15 MDLR 1929 (1993).

PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 14
**Federal Statute on Air Commerce and Safety**

In defense of its decisions to remove Mr. Cerqueira from Flight 2237 and refuse to rebook him, American Airlines relies upon a federal statute, Section 44902(b) of Title 49 of the U.S. Code, which governs air commerce and safety. In brief, this statute allows an air carrier to refuse to transport a passenger only if the carrier determines that the passenger is or might pose a safety risk. In order for such a decision to be proper, safety issues must be reasonably implicated, and the decision cannot be either arbitrary or capricious.

Actions motivated by unlawful discrimination are necessarily arbitrary and capricious and therefore beyond the scope of the discretion granted by Section 44902. Accordingly, if you find that American Airlines was motivated by discrimination, the federal statute does not excuse American Airlines' behavior. Further, the civil rights laws on which Mr. Cerqueira bases his claims apply no differently in the aviation context than in any other context. Therefore, the fact that the alleged discrimination happened with respect to air travel does not change the legal standards that you are to apply.

**Sources:**     49 U.S.C. § 44902(b); *Williams* v. *Trans World Airlines*, 509 F.2d 942, 948 (2d Cir. 1975); *Schaeffer* v. *Cavallero*, 54 F. Supp. 2d 350, 352 (S.D.N.Y. 1999); *Bayaa* v. *United Airlines, Inc.*, 249 F. Supp. 2d 1198, 1205 (C.D. Cal. 2002); *Dasrath* v. *Continental Airlines, Inc.*, 228 F. Supp. 2d 531, 540 n.12 (D.N.J. 2002); *Alshrafi* v. *American Airlines, Inc.*, 321 F. Supp. 2d 150, 162 (D. Mass 2004).

16

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 15**
**Causation**

In addition to proving discriminatory intent, Mr. Cerqueira must also prove that discrimination was the determinative cause of his treatment, such that, but for the fact that his physical appearance is similar to that of an individual of Arab, Middle Eastern, or South Asian descent, he would not have been removed from the flight and refused further service. Mr. Cerqueira does not need to prove that discrimination was the only reason for the decision; you may find that there was more than one reason why the decision was made. Mr. Cerqueira must prove, however, that discrimination was the determinative reason, that is, that the same decision would not have been reached if he did not have a physical appearance similar to that of an individual of Arab, Middle Eastern or South Asian descent. Stated another way, Mr. Cerqueira must prove by a preponderance of the evidence that American Airlines' discriminatory intent contributed significantly to the decision to remove him from the flight and was a material and important ingredient in causing the removal and failure of rebooking to occur.

In determining whether discrimination was the determinative cause of the decision to remove Mr. Cerqueira from the flight and to refuse to rebook him, you may consider all the evidence, direct and circumstantial, and all reasonable inferences that lead from that evidence. As you did in considering whether American Airlines acted with discriminatory intent, you may consider whether one or more of the reasons offered by Defendant for removing Mr. Cerqueira from the flight and not providing him further service is a false reason. If you do find that the reason offered was not the real reason, then you may infer (but are not required to infer) that the

determinative cause of Mr. Cerqueira's treatment was his perceived race, color, national origin, ethnicity or ancestry.

**Sources:**   *Chief Justice for Admin. and Management of the Trial Court* v. *MCAD*, 439 Mass.729, 733 (2003); *Lipchitz* v. *Raytheon Co.*, 434 Mass. 493, 504 (2001); *Dartt* v. *Browning-FerrisIndus., Inc.*, 427 Mass. 1, 7-9 (1998) ("because of" does not mean "solely because of").

## PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 16
### Damages

The fact that I am now going to instruct you on the proper measure of damages does not mean that you must find damages or even that I have any opinion one way or the other on that subject. I am giving you these instructions for your guidance so that you will have the appropriate principles before you in the event that you reach the question of damages.

You will not reach the question of damages as to Mr. Cerqueira unless you conclude that Mr. Cerqueira has established that American Airlines removed him from the flight and/or refused to rebook him because of his perceived race, color, national origin, ethnicity or ancestry. If you do so find, then (and only then) will you reach the issue of damages. These are the instructions that you must use in determining damages.

There are two type of damages that you may award to Mr. Cerqueira - compensatory and punitive. I will first speak of compensatory damages.

PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 17
**Compensatory Damages**

The purpose of the law in awarding compensatory damages is to compensate an injured person for the losses he incurs because of someone else's wrongful conduct. The object is to try to restore the person to the position he would have been in had the wrong not occurred. The purpose of compensatory damages is not to reward a plaintiff or to punish the defendant. The purpose is only to fairly compensate.

If you find that American Airlines is liable to Mr. Cerqueira under any or all of his claims against it, Mr. Cerqueira is entitled to recover damages in an amount which will reasonably compensate him for the loss and injury suffered as a result of defendant's unlawful conduct. You may award plaintiff reasonable compensation for the following:

1.   Pain, suffering and physical or emotional distress;

2.   Embarrassment and humiliation;

3.   Loss of enjoyment of life, that is plaintiff's loss of the ability to enjoy certain aspects of his life as a result of defendant's discriminatory actions;

4.   Loss of income; and

5.   Any out of pocket expenses or losses incurred as a result of the unlawful discrimination.

There is no special formula which the law provides to assess a plaintiff's damages. You are to assess what is fair, adequate, and just in order to fairly and reasonably compensate a plaintiff for any injuries that were more likely than not caused by American Airlines' claimed discrimination. You must be guided by your common sense and your conscience.

In this case, if you determine that the decision to remove Mr. Cerqueira from the flight and/or the failure to rebook him was the result of illegal discrimination, Mr. Cerqueira is entitled to be compensated for any damages that resulted from these discriminatory decisions.

Most of these elements of damages are not capable of being determined with mathematical certainty. They may be estimated in accordance with the sound judgment and conscience of the jury. At the same time, you must remember that Mr. Cerqueira has the burden of proving his entitlement to damages and the amount of those damages by a preponderance of the evidence, just as he must prove the other elements of this claim; your award must be based on the evidence before you in this case, not on speculation or guesswork.

**Source:**    42 U.S.C. § 1981(a); *Johnson v. Railway Express Agency*, 421 U.S. 454, 460 (1975); *Stonehill College* v. *MCAD*, 441 Mass. 549, 575-77 (2004); *Labonte* v. *Hutchins & Wheeler*, 424 Mass. 813, 824 (1997); *Bournewood Hosp., Inc.* v. *MCAD*, 371 Mass. 303, 315-17 (1976); *Borne* v. *Haverhill Golf & Country Club*, 58 Mass. App. Ct. 306, 319-20 (2003); *Buckley Nursing Home, Inc.* v. *MCAD*, 20 Mass. App. Ct. 172 (1985).

PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 18
**Damages: Emotional Distress**

If you find that American Airlines discriminated against Mr. Cerqueira, you must decide whether that discriminatory conduct caused Mr. Cerqueira to suffer emotional distress. If you find that Mr. Cerqueira did, in fact, suffer emotional distress, this should be considered by you in determining the amount of compensatory damages you will award to Mr. Cerqueira.

Emotional distress is a personal injury ordinarily proved by showing the nature and circumstances of the wrong and its effect on the plaintiff. The term "emotional distress" can include mental anguish, loss of enjoyment from life, anger, embarrassment, humiliation or any other unpleasant or unexpected emotional state that you consider to be an injury to the plaintiff brought about by the defendant's conduct. You may consider the emotional effects on Mr. Cerqueira's family life, daily activities, personal relationships, and his reputation.

If you decide that the discriminatory conduct by American Airlines did cause Mr. Cerqueira to suffer emotional distress, then you must determine what amount of emotional distress damages to award based on that conduct. In determining what amount of emotional distress to award you must decide what amount is fair and reasonable and proportionate to the distress Mr. Cerqueira suffered. There is no formula for you to follow. Some factors that you may consider include the nature and character of the harm; the severity of the harm; the length of time Mr. Cerqueira suffered and/or continues to suffer; and whether Mr. Cerqueira attempted to mitigate the harm (for example, by counseling or by taking medication). In making this determination, you may use your common sense judgment of what the emotional complications

you believe would accompany the discriminatory conduct and award the amount you feel is

necessary to compensate him for the harm he suffered.


**Sources:**    *Stonehill College v. MCAD*, 441 Mass. 549, 574 (2004); *Bournewood Hospital, Inc.
v. MCAD*, 371 Mass. 303, 315-317 (1976); *Buckley Nursing Home, Inc. v. MCAD*, 20
Mass. App. Ct. 172, 182, *further app. rev. denied*, 395 Mass. 1103 (1985).

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 19**
**"Eggshell Skull" Doctrine**


It is well settled law that a defendant takes the plaintiff as it finds him.  Thus, Mr.

Cerqueira's emotional distress must be fully compensated, whether or not he is particularly

sensitive or vulnerable to emotional injury.


Sources:  *United States v. Feola*, 420 U.S. 671, 685 (1975); *Figueroa-Torres v. Toledo-Davila*,
232 F.3d 270 (1st Cir. 2000); *Doty v. Sewall*, 908 F.2d 1053, 1059 (1st Cir. 1990).

### PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 20
### Punitive Damages

If you find for Mr. Cerqueira and award him some amount of compensatory damages, you may then consider whether punitive damages should be awarded. Unlike compensatory damages, which compensate the victim for the harm he has suffered, the purpose of punitive damages is to punish the defendant for conduct that is outrageous because of the defendant's unlawful motive or reckless indifference to the rights of others. Punitive damages are appropriate where the defendant's conduct involves recklessness or callous indifference towards the plaintiff's legally protected rights. Therefore, if you find that American Airlines should have known, or did in fact know, that it would or could violate Mr. Cerqueira's legally protected rights by removing him from Flight 2237, then you may award punitive damages. Similarly, if you find that American Airlines should have known, or did in fact know, that it would or could violate Mr. Cerqueira's legally protected rights by refusing to rebook him, then you may award punitive damages.

In determining the amount of punitive damages to award, if any, you should consider:

1.    the character and nature of the defendant's conduct;

2.    the defendant's wealth, in order to determine what amount of money is needed to punish the defendant's conduct and to deter any future acts of discrimination;

3.    the actual harm suffered by the plaintiff; and

4.    the magnitude of any potential harm to other victims if similar future behavior is not deterred.

When fixing the amount of punitive damages to award, you should do so by using calm discretion and sound reason.

**Sources:**  TXO *Prod. Corp. v. Alliance Res. Corp.*, 509 U.S. 443, 459-462 (1993); *Smith v. Wade*, 461 U.S. 30 (1983); *Pacific Milt. Life Ins. Co. v. Haslip*, 499 U.S. 1, 15-20 (1991); *Che v. MBTA*, 342 F.3d 31, 41-43 (1st Cir. 2003); *Iacobucci v. Boulter*, 193 F.3d 14 (1st Cir. 1999); *Rowlett v. Anheuser-Busch, Inc.*, 832 F.2d 194 (1st Cir. 1987); *Contardo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 753 F. Supp. 406, 412 (D. Mass. 1990); *Dartt v. Browning-Ferris Industries, Inc.*, 427 Mass. 1, 16-17 (1998); *Bain v. City of Springfield*, 424 Mass. 758, 767-768 (1997); *Labone v. Hutchins & Wheeler*, 424 Mass. 813, 826-827 (1997).