# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN D. CERQUEIRA, <br><br> Plaintiff, <br><br> v. <br><br> AMERICAN AIRLINES, INC., <br><br> Defendant. | Civil Action No: 05-11652-WGY |

## PLAINTIFF'S PROPOSED PRETRIAL CHARGE

Pursuant to Fed. R. Civ. P. 51(a), plaintiff John D. Cerqueira requests that the Court

provide the pretrial charge contained herewith.

**JOHN D. CERQUEIRA,**

By his attorneys,

/s/ David S. Godkin
David S. Godkin (BBO #196530)
Darleen F. Cantelo (BBO#661733)
Birnbaum & Godkin, LLP
280 Summer Street
Boston, MA 02210
617-307-6100

CERTIFICATE OF SERVICE

I, David S. Godkin, Esq., hereby certify that a true and correct copy of the foregoing document was delivered to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent those indicated as non-registered participants on December 29, 2006.

/s/ David S. Godkin
David S. Godkin

Michael T. Kirkpatrick, Esq.
Public Citizen Litigation Group
1600 20th Street, NW
Washington, DC 20009
(202) 588-1000

ATTORNEYS FOR PLAINTIFF

## Statement of the Case

In this case, Plaintiff John D. Cerqueira has sued the Defendant, American Airlines, claiming that the company intentionally discriminated against him on the basis of his perceived race, color, ethnicity, national origin or ancestry on two occasions. First, Mr. Cerqueira claims that American Airlines discriminated against him when it decided to remove him from Flight 2237 on December 28, 2003. Second, Mr. Cerqueira claims that American Airlines discriminated against him when it refused to rebook him on another flight after he was cleared by the Massachusetts State Police. Mr. Cerqueira contends that he was removed from Flight 2237 and refused further service because his physical appearance is commonly associated with individuals of Arab, Middle Eastern, or South Asian descent. Mr. Cerqueira contends that this discriminatory conduct caused him damages resulting from, among other things, lost income, emotional distress and out-of-pocket costs.

American Airlines contends that the decision to have Mr. Cerqueira removed from Flight 2237 and the decision to refuse to rebook him were based on information that suggested that Mr. Cerqueira might pose a security risk. American Airlines denies that any unlawful discrimination was the basis for American Airlines' removal of Mr. Cerqueira and refusal to rebook Mr. Cerqueira on another flight.

## Role of the Jury

You have been chosen and sworn as jurors in this case to try the issues of fact presented by the plaintiff and the defendant. You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be controlled by sympathy, prejudice, or public opinion. Both parties expect that you will carefully and impartially consider all the evidence,

follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.[1]

## Burden of Proof – Preponderance of the Evidence

This is a civil case. The standard of proof in a civil case is less demanding than in a criminal case, where the prosecution must prove its case beyond a reasonable doubt. Here, Mr. Cerqueira must prove his case by a preponderance of the evidence in order to prevail.

When a party has the burden of proof by a preponderance of the evidence, it means that you must be persuaded by the testimony and exhibits that the matter to be proved is more probably true than not true. You should base your decision on all of the evidence. Ultimately, you must decide if it is more likely true than not true that the propositions Mr. Cerqueira has presented are the truth.

In determining whether any fact in issue has been proved by a preponderance of the evidence you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.[2]

## Consideration of Evidence

Unless you are otherwise instructed, the evidence in the case consists of the sworn testimony of the witnesses regardless of who called the witness, all exhibits received in evidence regardless of who may have produced them, and all facts and events that may have been admitted or stipulated to.

---

[1] *Fed. Jury Prac. & Instr.* § 103.01 (Kevin O'Malley *et al.*, 5th ed. 2004).

[2] *Sargent* v. *Massachusetts Accident Co.*, 307 Mass. 246, 250 (1940); *Fed. Jury Prac. & Instr.* § 101.41 (Kevin O'Malley *et al.*, 5th ed. 2004).

Statements and arguments by the lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statement, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. However, when the lawyers on both sides stipulate or agree on the existence of a fact, you must, unless otherwise instructed, accept the stipulation and regard that fact as proved.

## Credibility of Witnesses

A significant portion of the evidence in this case will come from the testimony of witnesses. As jurors, you must decide whether the witnesses who testify are credible. In other words, you must decide which, if any, witnesses you believe and/or do not believe. In deciding the credibility of a witness, you may take into account whether there are any conflicts or discrepancies between the testimony offered by the witness in court and any statements he or she may have made at some earlier time, before trial.

## Testimony by Deposition

During the trial, certain testimony may be presented by way of deposition. The deposition consisted of sworn, recorded answers to questions asked of the witness in advance of the trial by one or more of the attorneys for the parties to the case. The testimony of a witness who, for some reason is not present to testify from the witness stand may be presented on a videotape or written transcript. Such testimony is entitled to the same consideration and is to be judged as to credibility, and weighed, and otherwise considered by you, insofar as possible, in the same way as if the witness had been present and had testified from the witness stand.[3]

---

[3] *Goldwater v. Ginzburg*, 261 F. Supp. 784 (S.D.N.Y. 1966), affirmed, 414 F.2d 324 (2d Cir. 1969), *cert. denied*, 396 U.S. 1049 (1970); *Fed. Jury Prac. & Instr.* § 105.02 (Kevin O'Malley *et al.*, 5th ed. 2004).

**Use of Expert Witnesses**

During the trial, you may hear evidence presented by expert witnesses. These individuals are experts in their respective fields and are testifying so that their testimony may assist you to understand the evidence or to determine a fact in this case.[4]

---

[4] *Daubert v. Merrill Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 591 (1993).