UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
JOHN D. CERQUEIRA,                  )
                                    )
    Plaintiff,                      )
                                    )
    v.                              )
                                    )    CIVIL ACTION NO.: 05-11652 WGY
AMERICAN AIRLINES, INC.,            )
                                    )
    Defendant.                      )
_____)

**AMERICAN AIRLINES, INC.'S, MOTION *IN LIMINE* TO PRECLUDE ALL EVIDENCE RELATING TO THE FINDING OF PROBABLE CAUSE BY THE MASSACHUSETTS COMMISSION AGAINST DISCRIMINATION**

The Defendant, American Airlines, Inc. ("American"), moves the Court *in limine* to preclude the plaintiff from notifying the jury, in any manner, about the probable cause finding made in the action he filed with the Massachusetts Commission Against Discrimination ("MCAD").

An MCAD decision is binding upon the parties only when the complainant has received a final administrative determination. "By providing for judicial review of MCAD decisions, and by foreclosing agency action once a party has sought a judicial remedy pursuant to § 9 [of G.L. c. 151B], the Legislature signaled its intent that the parties would be bound by an MCAD decision, subject only to judicial review." *Fant v. New England Power Service, Co.,* 239 F.3d 8, 11-12 (1st Cir.2001) quoting *Brunson v. Wall,* 405 Mass. 446, 452 (1989). The inverse of this is also true, namely that the parties are not bound by the MCAD's finding of probable cause as that is not a final determination by the MCAD, nor does a finding of probable cause have any bearing on

the final determination at the MCAD. The plaintiff exercised his right to withdraw the matter from the MCAD and seek a judicial determination and he should be precluded from improperly influencing the jury with a finding entered in another forum that carries no weight in court.

The Massachusetts anti-discrimination statute provides that a complainant may, after no less than 90 days from the filing of a complaint with the MCAD and before a final disposition therein, bring a civil action for damages and "any complaint before the commission shall then be dismissed without prejudice." G.L. c. 151B, § 9. It follows that if the filing of a civil action functions as a dismissal of an MCAD action, then any finding prior to that dismissal is without weight in the civil action. Thus, The plaintiff is not permitted to inform the jury, by any means, about the MCAD's probable cause finding, as the jury may assign that information some weight in its deliberations that would unfairly prejudice American.

A finding of probable cause at the MCAD would <u>not</u> preclude the entry of summary judgment for the defendant in a subsequent civil action. *Matthews v. Ocean Spray Cranberries, Inc.,* 426 Mass. 122, 134 (1997). While not binding on this Court, the Supreme Judicial Court in *Matthews* opined "[w]e decline to rule, as the plaintiff requests, that a finding of probable cause by the MCAD satisfies the plaintiff's burden of proof. Such a ruling would effectively *nullify the burden* of persuasion placed on plaintiffs alleging unlawful ... discrimination ... ." *Id.* (emphasis supplied). The burden remains with the plaintiff to prove his *prima facie* case by a preponderance of evidence. Mr. Cerqueira should not be permitted to circumvent his burden of proof by providing the

2

jury with information that would only prejudice American and impermissibly usurp the plaintiff's burden of establishing a prima facie case of discrimination.

Wherefore, American moves the Court to preclude the plaintiff from informing the jury, in any manner, about the finding of probable cause issued from the MCAD.

                              Respectfully submitted,

                              **AMERICAN AIRLINES, INC.**
                              By its Attorneys,

                              */s/ Michael A. Fitzhugh*_____
                              Michael A. Fitzhugh, (BBO 169700)
                              Amy Cashore Mariani, (BBO #630160)
                              **FITZHUGH, PARKER & ALVARO LLP**
                              155 Federal Street, Suite 1700
                              Boston, MA 02110-1727
                              (617) 695-2330

### Certificate of Service

I hereby certify that I caused a copy of the forgoing to be served upon opposing counsel of record set forth below, this 8th day of January 2007.

David S. Godkin, Esq.
Erica Abate Recht, Esq.
Birnbaum & Godkin, LLP
280 Summer Street
Boston, MA 02110

Michael T. Kirkpatrick, Esq.
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009

                              _____
                              Michael P. McGarry