UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN D. CERQUEIRA,<br><br>           Plaintiff,<br><br>v.<br><br>AMERICAN AIRLINES, INC.,<br><br>           Defendant. | Civil Action No: 05-11652-WGY |

**PLAINTIFF'S SUPPLEMENTAL PROPOSED JURY INSTRUCTIONS**

Pursuant to Fed. R. Civ. P. 51, plaintiff John D. Cerqueira respectfully proposes the additional following jury instructions to be used in conjunction with Mr. Cerqueira's previously proposed instructions.

Respectfully submitted,
**JOHN D. CERQUEIRA,**

By his attorneys,

/s/ David S. Godkin
David S. Godkin (BBO #196530)
Darleen F. Cantelo (BBO#661733)
Birnbaum & Godkin, LLP
280 Summer Street
Boston, MA 02210
617-307-6100

Michael T. Kirkpatrick, Esq.
Public Citizen Litigation Group
1600 20th Street, NW
Washington, DC 20009
(202) 588-1000

ATTORNEYS FOR PLAINTIFF

CERTIFICATE OF SERVICE

I, David S. Godkin, Esq., hereby certify that a true and correct copy of the foregoing document was delivered to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent those indicated as non-registered participants on January 10, 2007.

/s/ David S. Godkin
David S. Godkin

## PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 7a
### Discriminatory Animus – Conscious Racial Animus Not Required

Throughout the trial, you have heard the attorneys use the word "intentional" when referring to the alleged discrimination in this case. Discriminatory animus concerns acts based on conscious racial animus as well as decisions by persons that are based on stereotyped thinking or other forms of less conscious bias. Therefore, Mr. Cerqueira need not show that any American Airlines' employees had conscious racial intent, but need only show that American Airlines employees made decisions based on stereotyped thinking or other forms of less conscious bias. You have also heard the word "pretext," meaning that the reasons given by American Airlines for its behavior are not the real reasons for its actions. For you to find pretext, it is not necessary that you find American Airlines' employees are perjurers and liars, just that there may be reasons other than American Airlines has stated for its actions, such as unthinking stereotypes or biases.

**Sources**: *Thomas v. Eastman Kodak Co.*, 183 F.3d 38, 42, 58 (1st Cir. 1999).

## PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 11a
### Direct Evidence – Mixed Motive

I have just instructed you on direct and indirect evidence of discrimination. If you find that Mr. Cerqueira has shown intentional discrimination through *direct* evidence, then Mr. Cerqueira must only show that his perceived race, color, or national origin was *one* factor in American Airlines' decision. In other words, Mr. Cerqueira need not show that his perceived race, color, or national origin was the *only* factor in American Airlines' decision, but *one* factor in the decision to remove Mr. Cerqueira from Flight 2237 and for refusing to rebook him. If you find that Mr. Cerqueira has shown that his perceived race, color, or national origin was *one* factor considered by American Airlines in making its decisions, then you must return a verdict for Mr. Cerqueira.

**Sources:** *Price Waterhouse v. Hopkins*, 490 U.S. 228 (1989), *abrogated on other grounds by Desert Palace, Inc. v. Costa*, 529 U.S. 90 (2003).

## PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 11b
### Indirect Evidence – Mixed Motive

If you find that Mr. Cerqueira has shown intentional discrimination through *indirect* evidence, and you find that American Airlines has met its burden of producing evidence that its removal of Mr. Cerqueira and refusal to rebook him were for a legitimate, non-discriminatory reason, the burden shifts back to Mr. Cerqueira. Mr. Cerqueira must only show that his perceived race, color, or national origin was *one* factor in American Airlines' decision. In other words, Mr. Cerqueira need not show that his perceived race, color, or national origin was the *only* factor in American Airlines' decision, but *one* factor in the decision to remove Mr. Cerqueira from Flight 2237 and for refusing to rebook him. If you find that Mr. Cerqueira has shown that his perceived race, color, or national origin was *one* factor considered by American Airlines in making its decisions, then you must return a verdict for Mr. Cerqueira.

**Sources**: *Desert Palace, Inc. v. Costa*, 529 U.S. 90 (2003); *McDonnell Douglas v. Green*, 411 U.S. 792 (1973); *Burton v. Town of Littleton*, 426 F.3d 9 (1st Cir. 2005) (applying *Desert Palace* to § 1983 claim); *Estades-Negroni v. The Associates Corp. of North*, 345 F.3d 25 (1st Cir. 2003) (applying *Desert Palace* to ADEA claim); *Rossiter v. Potter*, 2005 WL 1288063, *3 n. 6 (D. Mass. 2005); *Andujar v. Nortel Networks, Inc.*, 400 F.Supp.2d 306 (D. Mass. 2005); *Brown v. Westaff (USA), Inc.*, 301 F.Supp.2d 1011 (D. Minn. 2004) (applying *Desert Palace* to § 1981 claim); *Levias v. Texas Dept. of Criminal Justice*, 352 F.Supp.2d 751, 766 (S.D. Texas 2004) (suggesting *Desert Palace* applies to every discrimination case); *Chief Justice for Administration and Management of the Trial Court v. MCAD*, 439 Mass. 729 (2003); *Wynn & Wynn, P.C. v. MCAD*, 431 Mass. 655 (2000).

## PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 13a
### State of Mind of Decisionmakers – Captain's perception is not determinative

In considering Captain Ehlers' actions in removing Mr. Cerqueira from Flight 2237, you need not consider only Captain Ehlers' perception at that time. His perception is not determinative, even though he made the final removal decision, if he relied on information reported to him by other American Airlines' employees. If you find that he relied on information reported by others, you must consider the perceptions of *all* the American Airlines' employees who reported their concerns to Captain Ehlers. In doing so, if you find that these American Airlines' employees, including the flight attendants, reported their concerns to Captain Ehlers, in part because of Mr. Cerqueira's perceived race, color, or national origin, then you may attribute that biased behavior to American Airlines.

**Sources:** *EEOC v. BCI Coca-Cola Bottling Co.*, 450 F.3d 476, 484-88 (10th Cir. 2006); *Cariglia v. Hertz Equip. Rental Corp.*, 363 F.3d 77, 83-84 (1st Cir. 2004); *Thomas v. Eastman Kodak Co.*, 183 F.3d 38, 42 (1st Cir. 1999); *Freeman v. Package Machinery Co.*, 865 F.2d 1331, 1342 (1st Cir. 1988); *Sweeney v. Bd. of Trs. Of Keene State Coll.*, 604 F.2d 106, 114 (1st Cir. 1979); *Zades v. Lowe's Home Cts, Inc.*, No. 093-30269-MAP, 2006 WL 2563456, *10 (D. Mass. Sept. 6, 2006); *Harlow v. Potter*, 353 F. Supp. 2d 109, 116-18 (D. Me. 2005); *Rome v. Transit Express*, 19 MDLR 159, 160 (1997), *aff'd*, 22 MDLR 88 (2000); *Floyd v. Forest Hills Cab Co.*, 15 MDLR 1181, 1187-88 (1993), *aff'd*, 15 MDLR 1929 (1993).

## PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 13b
## State of Mind of Decisionmakers – SOC's perception is not determinative

In considering Craig Marquis' actions in refusing to rebook Mr. Cerqueira on another flight, you need not consider only Mr. Marquis' perception at that time. His perception is not determinative, even though he made the decision to refuse to rebook, if he relied on information reported to him by other American Airlines' employees. If so, you must consider the perceptions of *all* the American Airlines' employees whose concerns were reported to Mr. Marquis. In doing so, if you find that American Airlines' employees' concerns were reported to Mr. Marquis, in part because of Mr. Cerqueira's perceived race, color, or national origin, then you may attribute that biased behavior to American Airlines.

**Sources:** *EEOC v. BCI Coca-Cola Bottling Co.*, 450 F.3d 476, 484-88 (10th Cir. 2006); *Cariglia v. Hertz Equip. Rental Corp.*, 363 F.3d 77, 83-84 (1st Cir. 2004); *Thomas v. Eastman Kodak Co.*, 183 F.3d 38, 42 (1st Cir. 1999); *Freeman v. Package Machinery Co.*, 865 F.2d 1331, 1342 (1st Cir. 1988); *Sweeney v. Bd. of Trs. Of Keene State Coll.*, 604 F.2d 106, 114 (1st Cir. 1979); *Zades v. Lowe's Home Cts, Inc.*, No. 093-30269-MAP, 2006 WL 2563456, *10 (D. Mass. Sept. 6, 2006); *Harlow v. Potter*, 353 F. Supp. 2d 109, 116-18 (D. Me. 2005); *Rome v. Transit Express*, 19 MDLR 159, 160 (1997), *aff'd*, 22 MDLR 88 (2000); *Floyd v. Forest Hills Cab Co.*, 15 MDLR 1181, 1187-88 (1993), *aff'd*, 15 MDLR 1929 (1993).

## PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 17a
### Compensatory Damages – Foreseeable Damages

In considering compensatory damages, you may consider not just the damage Mr. Cerqueira suffered directly at the hands of American Airlines, but also any damages Mr. Cerqueira may have suffered as the result of behavior attributable to others who are not American Airlines employees, as long as that behavior was foreseeable. "Foreseeable" is a legal term meaning that American Airlines knew that if it behaved in a certain way (by removing Mr. Cerqueira) it was more likely than not that certain things would happen to Mr. Cerqueira. For instance, throughout the trial you heard evidence regarding the actions taken by the Massachusetts State Police. If you find that Mr. Cerqueira suffered any damages as a result of actions taken by the State Police (the interrogation), and you find that the State Police's actions were foreseeable to American Airlines, then you may award Mr. Cerqueira damages for the State Police's actions.