UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| JOHN D. CERQUEIRA, | |
|---|---|
| Plaintiff, | |
| v. | Civil Action No: 05-11652-WGY |
| AMERICAN AIRLINES, INC., | |
| Defendant. | |

### DECLARATION OF JOSEPH M. SELLERS

I, Joseph M. Sellers, declare:

1. I am a partner in the law firm of Cohen, Milstein, Hausfeld & Toll, P.L.L.C., and the head of the Civil Rights & Employment practice group. I have tried several civil rights class actions to judgment before juries and have argued more than 25 appeals in the federal and state appellate courts, including the United States Supreme Court. I have served as class counsel, and typically lead counsel, in more than 30 civil rights and employment class actions.

2. I have trained lawyers at the U.S. Equal Employment Opportunity Commission and the U.S. Department of Justice on the trial of civil rights cases. I have lectured extensively throughout the country on various civil rights and employment topics. I was an Adjunct Professor at the Washington College of Law at American University, where I taught Employment Discrimination law, and at the Georgetown University Law Center, where I taught a course on Professional Responsibility.

3. Prior to joining Cohen Milstein in 1997, I served as head of the Employment Discrimination Project of the Washington Lawyers' Committee for Civil Rights and Urban Affairs for over 15 years. I received a J.D. from Case Western Reserve School of Law in 1979, where I served as Research Editor of the Case Western Reserve Law Review, and a B.A. in American History and Literature from Brown University in 1975.

4. I understand that plaintiff's counsel in this case is seeking an award of attorneys' fees for representing the prevailing party. I am familiar with this case and with the Public Citizen Litigation Group (PCLG). I have known the work of the PCLG for more than 20 years and regard it to be of the highest quality. In my view, the PCLG's legal work has been exceptionally thorough and insightful and, as a result, it has been of great assistance to the Courts, the Congress and to the Executive Branch agencies.

5. I understand that Michael T. Kirkpatrick, an attorney with PCLG and a former senior trial attorney at the Civil Rights Division of the U.S. Department of Justice, was one of the lead attorneys in the case. I am familiar with Mr. Kirkpatrick's background in civil rights litigation because we made a joint presentation at a national conference on impact litigation sponsored by the National Employment Lawyers Association, and I am familiar with the quality of the litigation conducted by attorneys at the Civil Rights Division during the time that Mr. Kirkpatrick worked there.

6. It is my understanding that the plaintiff is requesting an hourly rate of $375 per hour for Mr. Kirkpatrick's work. Based on my knowledge of the reputation for skilled advocacy earned

by PCLG, and my familiarity with Mr. Kirkpatrick's experience in complex federal civil rights litigation, I believe that the hourly rate of $375 being sought for his services in this case is reasonable and is below the prevailing rate for lawyers of his skill and experience. My firm would bill time expended by a lawyer with Mr. Kirkpatrick's experience at a rate that is about $70 to $100 per hour above the rate at which Mr. Kirkpatrick is seeking compensation.

7.     I further understand that the plaintiff is requesting compensation for approximately 1,700 hours that his attorneys expended in the pursuit of this matter. I understand that discovery involved 13 depositions, including depositions of an expert and two treating physicians, that cross-motions for summary judgment involved significant briefing on a number of unusual issues, and that the case culminated in a six day jury trial. I also understand that Mr. Kirkpatrick and his co-counsel, David Godkin, took care not to duplicate efforts, and have exercised billing judgment by not seeking to be compensated for all time actually spent on the case. In light of the challenging and extensive litigation that this case involved and the excellent result achieved, it is my opinion that the amount of attorneys' fees sought by the plaintiff is quite reasonable.

8.     The significant public importance of this case cannot be overstated, at a time when efforts to contain and challenge terrorist activity may threaten the legitimate use of public facilities by people, such as the plaintiff here, who was suspected of terrorism while engaged in lawful activity. The outstanding result achieved in this litigation and the broader public interest it served by exposing and vindicating this civil rights violation underscores the importance of the work performed by plaintiffs' counsel and further supports the requested award of attorneys' fees.

I declare under the penalty of perjury that the foregoing is true and correct. Executed this 29th day of January 2007.

　　　　　　　　　　　　　　　　　　　　_/s/ Joseph M. Sellers_

　　　　　　　　　　　　　　　　　　　　　Joseph M. Sellers