UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JOHN D. CERQUEIRA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 05-11652-WGY |
| | ) | |
| AMERICAN AIRLINES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## DECLARATION OF BRIAN WOLFMAN
## IN SUPPORT OF APPLICATION FOR ATTORNEY'S FEES

I, Brian Wolfman, declare:

**I. Background and Relevant Professional Experience**

1. I am currently the Director of Public Citizen Litigation Group ("PCLG") and have been a staff lawyer at PCLG since early 1990. I graduated from law school in 1984. For the next year, I was a law clerk to the Honorable R. Lanier Anderson, III, of the U.S. Court of Appeals for the Eleventh Circuit. From 1985 to early 1990, I was a staff attorney at Legal Services of Arkansas, a rural civil legal services program. There, I represented poor people in a wide range of trial and appellate matters in state and federal court. Finally, as noted, since early 1990, I have worked at PCLG. In that capacity, I have represented individuals and organizations in complex litigation at all levels of the federal and state judiciaries.

2. Michael Kirkpatrick, one of the two lead plaintiff's lawyers in this case, works for PCLG. Because of Mr. Kirkpatrick's significant experience litigating civil rights cases, I asked Mr. Kirkpatrick

whether he wanted to represent the plaintiff in this case when he began working at PCLG in 2004.

3. I interact with Mr. Kirkpatrick almost every day and frequently many times a day, and I am very familiar with the issues in this case and how it progressed through the investigative, administrative, and judicial stages. Therefore, I have the knowledge necessary to address the issues taken up in this declaration, which is provided in support of the plaintiff's application for attorney's fees under 42 U.S.C. § 1988. Any fees awarded for PCLG's work will be paid to PCLG and will not benefit its attorneys personally.

## II. Billing Judgment Exercised In This Case

4. As noted, I am familiar with how this case was handled in our office. We scrupulously avoided duplication of effort. Mr. Kirkpatrick was very careful, when he assigned matters to PCLG colleagues, summer law clerks, or paralegals, not to do the same work on those matters himself and to be certain that the assignments were on topics that could be handled by the other lawyer, summer clerk, or paralegal with minimal supervision and review.

5. As an overall exercise of billing judgment, PCLG lawyers do not record most tasks taking fewer than 10 minutes in our contemporaneous record-keeping program. Thus, short phone calls, brief intra-office discussions, and the like generally have not been requested in our fee application in this case.

6. Mr. Kirkpatrick consulted with many of his PCLG attorney colleagues regarding this case. In an exercise of billing judgment, the time spent by five of those attorneys – Scott Nelson, Paul Levy, Bonnie Robin-Vergeer, Deepak Gupta, and Greg Beck – is not included in the time for which compensation is sought.

7. In my capacity of PCLG director, I work as a co-counsel on most of the litigation in the office, and I did so in this case. In general, I read, edit, and comment on most of the pleadings, discovery materials, briefs, and legal memoranda before they leave the office, and I did so in this case. Thus, I read, edited, and commented on the various written materials submitted to the courts and the opposing counsel in this case, and I talked to Mr. Kirkpatrick frequently about case developments and strategy. But because most of my work was done in relatively short segments, I did not record most of that work, as is our custom, and we are not seeking compensation for it. Thus, we are seeking only 1.4 hours for my work, although I estimate that I spent approximately 20 hours working on this case through trial.

8. We also exercised considerable billing judgment regarding our out-of-pocket expenses. As documented elsewhere, we are seeking reimbursement for large expense items, such as travel costs, deposition transcriptions, expert fees, and the like. In the exercise of billing judgment, however, we are not seeking reimbursement for *any* smaller out-of-pocket expenses, such as telephone and fax charges, Westlaw, PACER charges, and photo copying.

*   *   *

I declare under the penalty that the foregoing is true and correct. Executed on January 24, 2007.

/s/Brian Wolfman
Brian Wolfman