# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

JOHN D. CERQUEIRA,

               Plaintiff,

v.

AMERICAN AIRLINES, INC.,

               Defendant.

Civil Action No: 05-11652-WGY

## AFFIDAVIT OF SCOTT P. LEWIS

I, Scott P. Lewis, state as follows under the pains and penalties of perjury:

1.      I am a partner in the law firm of Anderson & Kreiger LLP, One Canal Park, Suite 200, Cambridge, Massachusetts, and for more than 25 years, until June 30, 2006, I was a partner in the law firm of Edwards Angell Palmer & Dodge LLP (formerly known as Palmer & Dodge). I have specialized in complex commercial, regulatory and civil rights litigation for more than 32 years. I have been a member of the bar of the Commonwealth of Massachusetts since 1974, when I graduated from Harvard Law School. I am also admitted to practice in this Court, the United States Courts of Appeals for the First, Ninth and District of Columbia Circuits and the Supreme Court of the United States.

2.      I currently serve as the Co-Chair of the Board of the Lawyers' Committee for Civil Rights and have often prosecuted civil rights cases for the Lawyers' Committee and the Civil Liberties Union of Massachusetts, including a variety of different cases in this Court beginning with *Alston v. Hall,* Civil Action No. 77-3519-G, and most recently, *Alshrafi v. American Airlines, Inc.,* 321 F.Supp.2d 150 (D. Mass. 2004), a case in many ways similar to this action.

3.    I am familiar with the standard hourly rates that Anderson & Kreiger currently

charges for all lawyers and paralegals in the firm.  In addition, I served for many years as a

member of the Executive Committee of Palmer & Dodge.  The Executive Committee fixed the

standard hourly rates that the firm charged for all the lawyers and paralegals who worked at the

firm.  From time to time, we gathered information about comparable rates in the legal market

here in Boston and elsewhere.  I am familiar with the hourly rates commonly charged by law

firms in the Boston market for complex civil litigation.

4.    I understand that plaintiff's counsel in this matter is seeking an award of attorneys'

fees for representing the plaintiff, the prevailing party in this case.  I am familiar with this case

and with David S. Godkin, counsel for the plaintiff.  Mr. Godkin has an established reputation as

an outstanding trial lawyer.

5.    It is my understanding that the plaintiff is requesting an hourly rate of $390 per

hour for Mr. Godkin's services.  Based upon my personal knowledge of Mr. Godkin's experience

and reputation, and my knowledge of the marketplace, I believe that the hourly rate of $390

being sought for his services in this case is well below prevailing market rates in this community

for lawyers of his skill and experience.  I understand that Mr. Godkin's customary hourly rate at

Testa, Hurwitz & Thibeault, LLP in 2004 was $550 and that he has discounted his rate since

forming his own firm in order to get established.  Private law firms in and around Boston,

including Anderson & Kreiger and Edwards Angell Palmer & Dodge, would ordinarily charge

their clients hourly rates considerably higher than $390 for lawyers of comparable experience

working on sophisticated litigation in this Court.  Similarly, I believe that plaintiff's proposed

hourly rates of $130 - $205 for associates and $90 - 100 for paralegals are extremely reasonable for

this case.

2

6.     I understand that Mr. Godkin was co-counsel in this case with Michael T.
Kirkpatrick, a staff attorney with Public Citizen Litigation Group in Washington, D.C. since
2004. I understand that Mr. Kirkpatrick has 15 years experience in civil rights litigation,
including four years with the Farm Worker Division of Texas Rural Legal Aid, Inc. and nine
years as a senior trial attorney with the Civil Rights Division of the U.S. Department of Justice.
I believe that the rate of $375 per hour for Mr. Kirkpatrick is reasonable in light of his
experience and extensive civil rights expertise.

7.     In a case such as this, it would be appropriate to bill for time spent by both Mr.
Godkin and Mr. Kirkpatrick as well as for time spent by associate attorneys and paralegals who
provided support to them. I understand that Mr. Godkin and Mr. Kirkpatrick took care not to
duplicate efforts, and that they do not propose to be paid for the time spent by more than one
attorney for most tasks. In my view it was reasonable for both Mr. Godkin and Mr. Kirkpatrick,
as well as an associate, to participate in the trial.

8.     I understand that the plaintiff is requesting compensation for approximately 1,700
hours in this matter. While I have not reviewed each of their individual time entries, given my
experience in litigating cases very similar to this one, the total work effort is in my opinion
reasonable in light of the issues raised in this case. I understand that Mr. Godkin and Mr.
Kirkpatrick exercised billing judgment and reduced the amount of time billed to eliminate from
the plaintiff's fee request some of the time that they and the associates actually spent on the case.
I am familiar with the facts and procedural history of this case. I am also familiar with the
complexities of cases of this kind having served as lead counsel in a similar case in this Court.
In my opinion, both the hourly rates proposed by plaintiff's counsel and the time for which they
are seeking compensation are reasonable.

Signed under the pains and penalties of perjury this 29th day of January, 2007.

/s/ Scott P. Lewis