UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN D. CERQUEIRA, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO.: 05-11652 WGY |
| AMERICAN AIRLINES, INC., | ) |
| Defendant. | ) |

**AMERICAN AIRLINES, INC.'S MOTION FOR A NEW TRIAL
OR IN THE ALTERNATIVE FOR *REMITTITUR***

Pursuant to Fed.R.Civ.P. 50(b)(1)(B) and 59(a), the Defendant, American Airlines, Inc. ("American"), hereby moves this Court to enter judgment in its favor notwithstanding the verdict returned by the Jury in this case on January 12, 2007, or in the alternative, to grant American a new trial of this matter. Should the Court deny American's aforementioned motions, it moves in the alternative that this Court order a *remittitur* of the damages awarded to the Plaintiff on January 12, 2007, pursuant to Rule 59(e).

The basis of American's motion for new trial is that the jury's verdict in Mr. Cerqueira's favor is unsupported by the evidence because he failed to establish that American's employees intentionally discriminated against him on December 28, 2003. In addition, when the evidence is analyzed under the correct legal standard of "arbitrary or capricious" for judging AA's decisions and actions, the verdict would be similarly insupportable. As a corollary to that issue, the Court's instructions on "intentional discrimination" were erroneous and consideration of the properly-admitted evidence warrants the granting of a new trial. Furthermore, the verdict was engendered by unfair prejudice due to the jury's consideration of the 2004 Consent Order

between American and the Department of Transportation ("DOT"), erroneously admitted into evidence over AA's objections.

In support of its Motion for New Trial, AA will demonstrate that the verdict is against the clear weight of the evidence, because:

- Admission of the 2004 Consent Order was error, in that it was unfairly prejudicial under Fed.R.Evid. 403 and tainted the jury's appraisal of the evidence;

- This Court committed error in failing to give AA's jury instructions, or to instruct at all on the issue of the discretion afforded to Captain Ehlers under 49 U.S.C. § 44902(b);

- This Court's instructions to the jury were erroneous with respect to the elements of "intentional discrimination," given that the "Cat's Paw" theory was put to the jury;

- This Court's ruling that AA could not offer any testimony (even of a general nature) related to its security and other procedures because AA had not produced in discovery Sensitive Security Information, was unduly restrictive and unfairly prejudiced its ability to presents its case; and

- Even if this Court will not grant American a new trial, it should enter a r*emittitur* on the award of compensatory and/or punitive damages.

In support of this Motion For A New Trial, Or In the Alternative For *Remittitur*, American further relies on the memorandum of law submitted concurrently herewith.

                             Respectfully submitted,
                             **AMERICAN AIRLINES, INC.**
                             By Its Attorneys,

                             */s/ Michael A. Fitzhugh*
                             Michael A. Fitzhugh, (BBO #169700)
                             Amy Cashore Mariani, (BBO #630160)
                             **FITZHUGH, PARKER & ALVARO LLP**
                             155 Federal Street, Suite 1700
                             Boston, MA 02110-1727
                             (617) 695-2330

Dated: January 30, 2007

## **CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on January 30, 2007.

                                               */s/ Michael A. Fitzhugh*
                                               Michael A. Fitzhugh