UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JOHN D. CERQUEIRA,

        Plaintiff,

v.

AMERICAN AIRLINES, INC.,

        Defendant.

Civil Action No: 05-11652-WGY

**AFFIDAVIT OF DAVID S. GODKIN**

I, David S. Godkin, depose and state the following:

1. I am a partner with the law firm Birnbaum & Godkin, LLP, 280 Summer Street, Boston, Massachusetts 02210, and a member in good standing of the bar of the Commonwealth of Massachusetts, the United States District Court for the District of Massachusetts, and the United States Courts of Appeal for the First, Second and Federal Circuits.

2. Birnbaum & Godkin, LLP and the Public Citizen Litigation Group are co-counsel for the plaintiff, John D. Cerqueira, in this case.

3. I have attached hereto as Exhibit A the Memorandum of Decision on Plaintiff's Application for Attorney's Fees in *Pellegrino v. National Association of Government Employees*, Norfolk Superior Court No. 03-0048, dated November 20, 2006.

Signed under penalties of perjury this 20th day of February, 2007.

                                        /s/ David S. Godkin
                                        David S. Godkin

EXHIBIT A

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, SS                                              SUPERIOR COURT
                                                         NO. 03-00438

LISA M. PELLEGRINO, PLAINTIFF

v.

NATIONAL ASSOCIATION OF GOVERNMENT EMPLOYEES, DEFENDANT

## MEMORANDUM OF DECISION ON PLAINTIFF'S APPLICATION FOR ATTORNEY'S FEES

The plaintiff was successful in an employment discrimination case in obtaining a jury award of $130,000 for lost compensation and $500,000 for punitive damages. She now seeks attorneys fees pursuant to G.L.c.151B, §9. The defendant objects to the amount requested, arguing that the requested rates per hour are unreasonably high, that the time spent by plaintiff's lawyers was extravagant, and that, in any event, the amount requested should be reduced because several claims were waived or dismissed prior to sending the case to the jury. After lengthy oral argument and review of the submissions, I find and rule as set forth hereinafter.

Awards of attorney's fees are to be based primarily on an assessment of the reasonable number of hours spent on the matter multiplied by a reasonable hourly rate. Fontaine v. Ebtec Corp., 415 Mass. 309, 326 (1993). Contemporaneous time records are of assistance to the court but are not essential. Handy v. Penal Institution Commissioner of Boston, 412 Mass. 759 (1992). The court may use its own judgment based on first-hand observations of the case, and its own knowledge in determining fair market rate.

1

The plaintiff is represented by Rogers, Powers and Schwartz, LLP, a small firm specializing in plaintiff-side employment law. The partner who tried the case, Kevin G. Powers, is 54 years old and has been practicing in that field for 28 years. He is well-known and regarded in the legal community. By my observation, he is a careful and competent trial lawyer who presented an efficient and persuasive case to the jury. In my judgment a fair and reasonable rate for his work is $400 per hour.[1] His time records indicate 193.07 hours spent in the preparation for and trial of the case. As the lead lawyer, about half of his time came near the end of the case in preparing for and actually conducting the trial. His records are reasonably detailed and satisfactory. I have no difficulty in understanding essentially what work he did, even though he may not have recorded the precise subject matter of each conference with the client or other lawyers in the office. As stated, he tried the case in an efficient and effective manner on behalf of his client.

Two other lawyers in his office worked on the case. Attorney Robert Mantell worked 13.9 hours on the case primarily drafting instructions and performing other office research. He has practiced since 1992 in the employment law field. I regard $200 per hour as a reasonable rate for his office time. Although he performed his work outside of my presence, I felt that his proposed instructions and supporting citations were very

---

[1] Plaintiff's attorneys have submitted a substantial amount of information concerning what other attorneys in their specialty have charged or been awarded. There is, as might be expected, a wide range and it is difficult to compare fees charged or awarded by or to different attorneys from different law firms in different cases. Attorney Powers requests to be awarded a fee of $525 per hour, commensurate with the highest hourly charge he is able to support. I disagree that it would be reasonable for the court to award an hourly rate based on the highest charged. The $400 per hour figure that I do accept as reasonable is consistent with an award of fees by the Supreme Judicial Court to Mr. Powers recently, and rates charged by other experienced, well known, employment lawyers.

2

useful to me in preparing my instructions to the jury. The time which he devoted to the case was well spent and reasonable.

Attorney Linda Evans, an attorney since 1997, devoted 147.32 hours to the case. In my opinion, $150 per hour would be reasonable for her time and given her experience level and the nature of the work that she was doing. Again, her time records are detailed and I can find no good reason for not crediting them.

Plaintiff's attorneys have filed a supplemental affidavit attaching additional time records reflecting time spent after trial essentially for opposing defendant's motions for judgment notwithstanding the verdict, for a remittur, and in preparing and arguing the fee petition. The time spent was: Powers-14.34 hours; Mantell-.66 hours; Evans-18.15 hours. The time spent was reasonable. The petition, in particular, is detailed and thorough.

Other arguments have been advanced by defendant which I will briefly address. First, defendant requests a reduction in the total fees due to the fact that other claims were made and eventually waived or dismissed. For instance, at one time plaintiff charged sex discrimination. Her lawyers evidently saw no merit in this claim and spent almost no time developing it. Plaintiff also charged in a separate count that the defendant union asked questions on the employment application form which violated the law. No damages arose from this, because plaintiff admitted that she was told that she did not have to answer any questions that she did not feel were lawful, and ultimately the claim was dismissed. Finally, the claim against Kenneth Lyons, the president of the defendant at the relevant time and the individual responsible for plaintiff's abrupt and unlawful discharge, was waived during trial.

3

The additional issues that were put in play at the beginning of the litigation did not serve to increase the time plaintiff's attorneys spent on the case. In my experience it is normal for plaintiffs' attorneys to overplead at the outset of the case, with the normal litigation process sifting and winnowing out the unmerited claims until the case has become crystallized for the jury. The claims made here are substantially interconnected; I decline to discount the fee application for these reasons.

Defendant also argues that the case was not particularly complex and that because plaintiff's lawyers were specialists in the field, they should not have spent so much time on it. I disagree with the premise that the case was simple. I find it hard to regard any discrimination case as run of the mill. They almost always are circumstantial, involving difficult questions of proof of motive or state of mind. This case was no slam-dunk for the plaintiff. In particular, establishing a violation of chapter 151B for discharging someone "regarded" as handicapped, who was not in fact handicapped, presented an unusual legal issue that challenged the court and likely will be pressed on appeal. Likewise, the retaliation theory was non-routine. The fact that the plaintiff's lawyers were experienced no doubt enhanced their legal and factual presentations, but the hours still had to be spent.

My award of fees is as follows:

1. Attorney Kevin G. Powers: $82,964 (207.41 hours at $400 per hour).
2. Attorney Robert Mantell: $2,912 (14.56 hours at $200 per hour).
3. Attorney Linda Evans: $24,821 (165.47 at $150 per hour).

Total: **$110,697**

4

## ORDER

For the reasons stated above, I award **$110,697** to the plaintiff as fair and reasonable attorneys fees.

*[signature]*
Patrick F. Brady
Justice, Superior Court

A TRUE COPY
Attest: *[signature]* Mary E. Kenney
Deputy Assistant Clerk
11/27/06

20 Nov 06

5