UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JOHN D. CERQUEIRA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>AMERICAN AIRLINES, INC., )<br>)<br>Defendant. )<br>) | CIVIL ACTION NO.: 05-11652 WGY |

**AMERICAN AIRLINES, INC'S., SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT IN LIGHT OF THE RECENT U.S. SUPREME COURT RULING IN <u>PHILLIP MORRIS v. WILLIAMS</u>**

American Airlines, Inc., ("American") files this brief supplemental memorandum of law in support of its motion for judgment notwithstanding the verdict, to apprise the Court of the holding in the recent case of *Phillip Morris v. Williams,* CA No. 05-1256 2007 WL 505781 (U.S.Or. Feb. 20, 2007) and its impact on the punitive damages awarded in the case at bar.

The *Williams*[1] Court held that a jury cannot punish a defendant for the harm it has caused to non-parties. "Evidence of actual harm to nonparties can help to show that the conduct that harmed the plaintiff also posed a substantial risk of harm to the general public, and so was particularly reprehensible … a jury may go no further than this and

---

[1] In *Williams*, the plaintiff, administratrix of the estate of her deceased husband, Jesse Williams, sued Phillip Morris, the cigarette manufacturer for negligence and deceit in the smoking-related death of her husband who believed smoking to be safe. After plaintiff's counsel introduced evidence that ten of every 100 smokers will succumb to some smoking-related disease and that Phillip Morris was responsible for each of those deaths occurring in the past 40 years, the jury returned a verdict for the plaintiff and awarded her $821,000 in compensatory damages and $79,500,000 in punitive damages. After a series of appeals, the Court granted certiorari to answer the limited question of whether the Oregon Supreme Court had impermissibly permitted Phillip Morris to be punished for harming nonparty victims. *Id.* at *4.

use a punitive damages verdict to punish a defendant directly on account of harms it is alleged to have visited on nonparties. *Id.* at *6. The Court opined: "In our view, the Constitution's Due Process Clause forbids a state to use a punitive damages award to punish a defendant for injury that it inflicts upon nonparties or those whom they represent, i.e. injury that it inflicts upon those who are, essentially, strangers to the litigation." *Id.* at *5. The Supreme Court issued a similar pronouncement relating to the propriety of an award of punitive damages in *State Farm Mut. Automobile Ins. Co., v. Campbell,* 538 U.S. 408, 123 S.Ct. 1513 (2003)[2] where evidence was introduced that showed a company practice that caused financial harm to its insureds nationwide.

In the case at bar, plaintiff's counsel, in his closing argument, directed the jury to consider one document, Trial Exhibit 26, the Department of Transportation Consent Order[3], in its determination of a punitive damage award to the plaintiff. The Consent Order, admitted over American's objection, recited 11 instances in which American is alleged to have denied air transport to passengers due to racial animus. The Consent Order provided that the parties entered into it to avoid the expense and uncertainty of litigation and was not a determination of any wrongdoing on American's part. The instant jury's consideration of the Consent Order tainted the verdict as the jury could have misunderstood the Consent Order as establishing that American employed a pattern

---

[2] In *State Farm*, , the plaintiffs, Mr. and Mrs. Campbell, filed suit against their insurer alleging fraud and deceit for refusing to settle two actions arising out of the same car accident in which the insurer's investigation confirmed that Mr. Campbell was at fault. The jury returned a verdict in favor of Mr. and Mrs. Campbell and awarded compensatory damages in the amount of $1,000,000 and punitive damages in the amount of $145,000,000. After granting certiorari, the U.S. Supreme Court reversed and remanded the case and held that a punitive damage award that is 145 times the compensatory damage award violated the Due Process Clause of the Fourteenth Amendment and "was neither reasonable nor proportionate to the wrong committed, and it was an irrational and arbitrary deprivation of the property of the defendant." *Id.* at 429.

[3] The Consent Order was issued by the Department of Transportation on February 27, 2007 and is a public record.

and practice of discriminating against certain passengers because of their race and that the instant action was yet another example of that unlawful practice, thereby justifying an award of punitive damages.

The Supreme Court provided guideposts for reviewing an award of punitive damages in *BMW v. Gore,* 517 U.S. 559, 116 S.Ct. 1589 (1996).[4] The three factors to consider in reviewing a punitive damage award are: "(1) the degree of reprehensibility of the defendant's conduct; (2) the disparity between the actual or potential harm suffered by the plaintiff and the punitive damage award; and (3) the difference between the punitive damages awarded by the jury and the civil penalties authorized or imposed in comparable cases." *Id.* at 418. The determination of the reprehensibility of the defendant's conduct must encompass a review of several factors. "A court, in reviewing a punitive damage award must consider whether: the harm caused was physical as opposed to economic; the tortuous conduct evinced an indifference to or a reckless disregard of the health or safety of others; the target of the conduct had financial vulnerability; the conduct involved repeated actions or was an isolated incident; and the harm was the result of intentional malice, trickery, or deceit, or mere accident." *Id.* at 575-576. The existence of any one of these factors weighing in favor of a plaintiff may not be sufficient to sustain a punitive damages award; and the absence of all of them renders any award suspect. *Id.*

None of the factors of reprehensibility exist in the case at bar which should call the punitive damage award into question. The jury's award of punitive damages cannot

---

[4] In *Gore*, the plaintiff sued BMW for failing to notify him that his new vehicle had been damaged and repainted prior to delivery to the dealership. After hearing evidence that BMW implemented this practice in many states where the damages was 3% or below of the sale price, the jury awarded the plaintiff compensatory damages in the amount of $4,000 and a punitive damage award of $4,000,000. The Supreme Court reversed and remanded the case and formulated three punitive damage guideposts. *Id.* at 575.

be allowed to stand because it was tainted by the false belief that the allegations in the Consent Order constituted a pattern and practice of race discrimination on the part of American, which conduct may satisfy the reprehensibility factor in deciding whether to award punitive damages. The Court in *Williams* held that a jury may not punish a defendant for the harm it caused to others. *Williams, supra,* at *7. In light of the holding in *Williams*, the punitive damages portion of the verdict should not stand because the jury impermissibly relied on questionable evidence to punish American for harm that it is alleged to have caused others. There was no trial in any of the 11 alleged instances of race discrimination and no determination of liability against American.

In light of the foregoing ruling in *Williams*, American moves this Court to enter judgment notwithstanding the verdict.

Respectfully submitted,<br>
**AMERICAN AIRLINES, INC.**<br>
By Its Attorneys,<br>
<br>
*/s/ Michael A. Fitzhugh*<br>
Michael A. Fitzhugh, (BBO #169700)<br>
Amy Cashore Mariani, (BBO #630160)<br>
**FITZHUGH, PARKER & ALVARO LLP**<br>
155 Federal Street, Suite 1700<br>
Boston, MA 02110-1727<br>
(617) 695-2330

Dated: February 26, 2007

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on February 26, 2007.

*/s/ Michael A. Fitzhugh*<br>
Michael A. Fitzhugh