### UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN D. CERQUEIRA,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN AIRLINES, INC.,<br><br>Defendant. | Civil Action No: 05-11652-WGY |

### MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF JOHN D. CERQUEIRA'S SUPPLEMENTAL MOTION FOR ATTORNEYS' FEES AND COSTS

Pursuant to 42 U.S.C. § 1988, Mass. Gen. Laws ch. 151B, § 9, and Fed. R. Civ. P. 54(d)(2), Plaintiff John D. Cerqueira respectfully submits this Memorandum in Support of his Supplemental Motion for Attorneys' Fees and Costs.

### INTRODUCTION

After prevailing at his trial on his claims under 42 U.S.C. § 1981 and Mass. Gen. Laws ch. 272 § 98 against American Airlines, Inc. ("AA"), Mr. Cerqueira filed a Motion for Attorneys' Fees and Costs, seeking an award of $524,544.75 in fees, enhanced in any amount the Court deems appropriate, and $19,299.06 in costs (Doc. 111). That motion, however, did not take into account work performed after the trial, including responding to post-trial motions and preparing the previously filed fee petition. Mr. Cerqueira's Supplemental Motion, which takes into account that work and costs related thereto, requests a total award of $593,792.25 in attorneys' fees, enhanced in any amount the Court deems appropriate, and $20,517.56 in costs.

In submitting his Supplemental Motion, Mr. Cerqueira's counsel has exercised careful billing judgment and is requesting compensation for less than the actual number of hours actually

spent on this post-trial work. Supplemental Godkin Decl., ¶ 4; Supplemental Kirkpatrick Decl., ¶ 4; Godkin Decl., ¶ 16; Kirkpatrick Decl., ¶ 13. After thoroughly reviewing all the time charges recorded to this matter, counsel has eliminated charges that are excessive and/or duplicative. In addition to requesting compensation for hours spent on post-trial work, Mr. Cerqueira also requests the Court enhance the requested fees. Both federal and Massachusetts law permit the Court to enhance the lodestar figure in exceptional cases such as this case. *See Coutin v. Young & Rubicam Puerto Rico, Inc.*, 124 F.3d 331, 338 (1st Cir. 1997); *Fontaine v. Ebtec Corp.*, 415 Mass. 309, 326 (1993); *Stratos v. Dept. of Public Welfare*, 387 Mass. 312, 321 (1982).

In support of his supplemental Motion, Mr. Cerqueira submits the Supplemental Declaration of David S. Godkin and the Supplemental Declaration of Michael T. Kirkpatrick. In further support of this memorandum, Mr. Cerqueira relies of the Declarations of Mssrs. Godkin (Doc. 113), Kirkpatrick (Doc. 114), Savage (Doc. 121), Lewis (Doc. 120), Friedman (Doc. 119), Wolfman (Doc. 118), Blustein (Doc. 117), Libman (Doc. 116), and Sellers (Doc. 115), previously submitted to the Court.

## ARGUMENT

Mr. Cerqueira filed his Motion for Attorneys' Fees and Costs on January 30, 2007 (Doc. 111). The same day, AA filed a Motion for Judgment NOV (Doc. 122) and a Motion for New Trial or in the Alternative for Remittitur (Doc. 124). Mr. Cerqueira filed oppositions to AA's motions on February 13, 2007 (Docs. 130, 131). On February 27, 2007, the Court held a hearing on AA's motions. While the Court denied AA's Motion for JNOV, AA's Motion for a New Trial and Mr. Cerqueira's Motion for Attorneys' Fees and Costs are still pending before the Court.

2

## I.    Additional Attorneys' Fees

The First Circuit, in applying the "lodestar method" to determine reasonable attorneys'

fees, multiplies the number of reasonably expended hours by the applicable hourly market rate to

determine the lodestar figure. *See Grendel's Den, Inc. v. Larkin*, 749 F.2d 945, 950 (1st Cir.

1984); *see also Fontaine*, 415 Mass. at 324. The Court calculates time spent by counsel,

subtracts duplicative or excessive hours, and then applies the prevailing rates in the community

while taking into consideration the attorneys' qualifications, experience, and specialized

competence. *See Gay Officers Action League v. Puerto Rico*, 247 F.3d 288, 295 (1st Cir. 2001).

In addition to compensation for hours spent on post-trial work such as preparing

oppositions to AA's Motion for JNOV and Motion for New Trial, Mr. Cerqueira is entitled to

compensation for the hours his attorneys spent preparing and filing the fee petition and the Bill

of Costs. "As a general rule, the time reasonably devoted by attorneys to successful fee

applications can be reimbursed under fee-shifting statutes, such as section 1988." *McDonald v.*

*Secretary of Health and Human Services*, 884 F.2d 1468, 1480 (1st Cir. 1989) (citations

omitted). Indeed, "'[t]o hold otherwise would permit a deep pocket losing party to dissipate the

incentive provided by an award through recalcitrance and automatic appeals.'" *Id.* (citation

omitted); *see also Roosevelt Campobello International Park Commission v. United States*

*Environmental Protection Agency*, 711 F.2d 431, 441 (1st Cir. 1983); *Baird v. Bellotti*, 616 F.

Supp. 6, 9 (D. Mass. 1984) (awarding 350 hours spent on fee petition and related hearings).

The additional hours for which Mr. Cerqueira is seeking compensation in this matter are

attached to the Supplemental Godkin Declaration as Exhibit A and the Supplemental Kirkpatrick

Declaration as Exhibit 1. Mr. Cerqueira requests compensation for approximately 219 hours in

addition to the 1,714 hours of compensation already requested in his original Motion, for a total

of 1,933.5 hours. All of the time entries were contemporaneously recorded and copied from actual time records generated by time keeping software. Supplemental Godkin Decl., ¶ 3; Supplemental Kirkpatrick Decl., ¶ 3; Godkin Decl., ¶¶ 16, 17; Kirkpatrick Decl., ¶ 13. The hours are summarized as follows:

| Individual | Requested Hours |
|---|---|
| Michael T. Kirkpatrick | 889.55 |
| David S. Godkin | 384 |
| Darleen Cantelo | 314.25 |
| Erica Abate Recht | 200 |
| David Becker | 42.5 |
| Jessica Edgerton | 41 |
| G. Brian Vogler | 21.5 |
| Dawn Perlman | 15 |
| Kimberly Nuzum | 6.5 |
| Philip Longo | 6 |
| Adina Rosenbaum | 4.8 |
| Allison Zieve | 2.8 |
| Brian Wolfman | 5.6 |
| **TOTAL** | 1933.5 |

These hours represent time spent by Birnbaum & Godkin, LLP, Testa, Hurwitz & Thibeault, LLP, and the Public Citizen Litigation Group attorneys and paralegals on this case. Counsel has exercised billing judgment and has eliminated numerous time entries and pared down the remaining time entries. *See* Supplemental Godkin Decl., ¶ 4; Supplemental Kirkpatrick Decl., ¶ 4; Godkin Decl., ¶ 16; Kirkpatrick Decl., ¶ 13. The hours are reasonable considering the complexity of the case and all time charges are related to a common core of facts and/or related legal theories. Moreover, there is little duplication in these additional time charges. Therefore, the Court should compensate Mr. Cerqueira for the attorneys' fees submitted herewith and enhance the fees in any amount the Court deems appropriate.

## II.    Additional Costs

Mr. Cerqueira also requests compensation for $20,517.56 in costs incurred through February 28, 2007, as set forth in the Supplemental Godkin Declaration.  Counsel's "reasonable and necessary costs and expenses may be awarded to a prevailing party pursuant to 42 U.S.C. § 1988." *Palmigiano v. Garrahy*, 707 F.2d 636, 637 (1st Cir. 1983).

## CONCLUSION

For the foregoing reasons, Mr. Cerqueira respectfully requests that the Court award attorneys' fees in the amount of $593,792.25, enhanced in any amount the Court deems appropriate, and costs in the amount of $20,517.56.  The attorneys' fees requested are summarized as follows:

| Individual | Requested Hours | Requested Rate | Total |
|---|---|---|---|
| | | | |
| Michael T. Kirkpatrick | 889.55 | $375 | $333,581.25 |
| David S. Godkin | 384 | $390 | $148,395.00 |
| Darleen Cantelo | 314.25 | $150 | $45,937.50 |
| Erica Abate Recht | 200 | $205 | $41,000.00 |
| David Becker | 42.5 | $120 | $5,100.00 |
| Jessica Edgerton | 41 | $130 | $5,330.00 |
| G. Brian Vogler | 21.5 | $100 | $2150.00 |
| Dawn Perlman | 15 | $205 | $3,075.00 |
| Kimberly Nuzum | 6.5 | $205 | $1,332.50 |
| Philip Longo | 6 | $120 | $ 720.00 |
| Adina Rosenbaum | 4.8 | $245 | $1,176.00 |
| Allison Zieve | 2.8 | $375 | $1,050.00 |
| Brian Wolfman | 5.6 | $425 | $ 2,380.00 |
| **TOTAL** | 1933.5 | | $593,792.25 |

Dated:  March 2, 2007

Respectfully submitted,

**JOHN D. CERQUEIRA,**

By his attorneys,

/s/ David S. Godkin
David S. Godkin (BBO #196530)
Darleen F. Cantelo (BBO#661733)
Birnbaum & Godkin, LLP
280 Summer Street
Boston, MA  02210
617-307-6100

Michael T. Kirkpatrick, Esq.
Public Citizen Litigation Group
1600 20th Street, NW
Washington, DC  20009
(202) 588-1000

ATTORNEYS FOR PLAINTIFF

CERTIFICATE OF SERVICE

I, David S. Godkin, Esq., hereby certify that a true and correct copy of the foregoing document was delivered to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent those indicated as non-registered participants on March 2, 2007.

/s/ David S. Godkin
David S. Godkin