UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

)
JOHN D. CERQUEIRA,                    )
                                       )
       Plaintiff,                      )
                                       )
       v.                              )
                                       )        CIVIL ACTION NO.: 05-11652 WGY
AMERICAN AIRLINES, INC.,               )
                                       )
       Defendant.                      )
_____)

## EMERGENCY MOTION OF AMERICAN AIRLINES, INC.
## TO VACATE ENTRY OF JUDGMENT AND RE-ENTER JUDGMENT OR,
## IN THE ALTERNATIVE, TO EXTEND DEADLINE
## FOR FILING MOTION FOR ATTORNEYS' FEES AND COSTS

Defendant, American Airlines, Inc. ("American"), respectfully moves on an emergency basis

for an Order to (1) vacate the Judgment in favor of American entered on January 16, 2008, which

pre-dated the Mandate of the United States Court of Appeals, entered in this Court on March 17,

2008, and (2) re-enter Judgment in favor of American in accordance with the Mandate. A Copy of

the Judgment is attached as Exhibit A; a copy of the Certified Mandate is attached as Exhibit B. In

the alternative, American requests the Court extend the time for filing its Bill of Costs and its Motion

for Attorneys' Fees and Costs in accordance with Fed.R.Civ.P. 54(d) and 42 U.S.C. § 1988. As

grounds therefore, American states that the Judgment of this Court must enter after the Mandate of

the Court of Appeals enters such that the time for the filing of American's Bill of Costs and Motion

for Attorneys' Fees and Costs can begin running.

In further support, American states:

1.     Following a jury trial, Judgment entered in favor of the plaintiff, John D. Cerqueira,

       against American on January 16, 2007.

2.   Following American's appeal, the Court of Appeals entered Judgment on January 10, 2008, ordering that the judgment of the district court was to be reversed and remanding the case to the district court to vacate the judgment for the plaintiff and enter judgment for American. A copy of the Judgment of the Court of Appeals is attached as Exhibit C.

3.   Thereafter, Judgment (Exhibit A) entered in this Court on January 16, 2008, vacating the Judgment in favor of the plaintiff and entering Judgment in favor of American.

4.   On January 24, 2008, the plaintiff filed with the Court of Appeals a Petition for Rehearing en banc.

5.   On February 29, 2008, the Court of Appeals issued an Order denying the Petition for Rehearing.[1]

6.   On March 14, 2008, the Court of Appeals issued its Mandate. (Exhibit B).

7.   In federal court a judgment does not become final following appeal until the case is returned to the district court and the mandate is spread. *Calderon v. U.S. District Court for Central District of California*, 128 F.3d 1283, 1286, n.2 *citing* 16A Wright, Miller & Cooper, *Federal Practice and Procedure* §3987, at 687 (2d ed. 1996)("issuance of the appellate mandate returns the case to the district court"), *certiorari denied* 522 U.S. 1099, 118 S.Ct. 899, 139 L.Ed. 2d 884.

8.   Since a Motion for Attorneys' Fees must be filed pursuant to Fed.R.Civ.P. 54(d) "no later than 14 days after the entry of judgment", American must be provided an opportunity to comply with the Rule.

---

[1] The Court of Appeals also treated the Petition as a Petition for Rehearing before the original panel which was also denied.

9.    Now that the Mandate of the Court of Appeals has been entered in the District Court

(Exhibit B), Judgment may enter in favor of American. It is this Judgment that

commences the time period in which a Motion for Attorneys' Fees may be filed.

10.   In the alternative, American requests the Court extend the time in which American

may file its Motion for Attorneys' Fees and Costs until April 15, 2008, to prevent

American from being prejudiced by the procedural issue.

WHEREFORE, American respectfully requests that the Court vacate the Judgment, entered

on January 16, 2008, and re-enter Judgment vacating the judgment in favor of the plaintiff and award

of attorneys' fees (entered on April 12, 2007) and enter Judgment in favor of American in

accordance with the Mandate of the Court of Appeals. In the alternative, American requests the

Court extend the time in which American may file its Motion for Attorneys' Fees and Costs until

April 15, 2008.

**AMERICAN AIRLINES, INC.**

By Its Attorneys,

Michael A. Fitzhugh (BBO #169700)
**FITZHUGH & MARIANI LLP**
155 Federal Street, Suite 1700
Boston, MA 02110-1727
(617) 695-2330

Dated: April 1, 2008

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**Civil Action
No: 05-11652-WGY**

**JOHN D. CERQUEIRA
Plaintiff**

**v.**

**AMERICAN AIRLINES
Defendant**

## JUDGMENT

Pursuant to the Judgment of the First Circuit Court of Appeals, the Judgment
entered 1/16/07 and Attorneys fees awarded 4/12/07 are hereby Vacated and Judgment
enters for the Defendant American Airlines.

 **Sarah Thornton
Clerk**

**/s/ Elizabeth Smith
Deputy Clerk**

**January 16, 2008
To: All Counsel**



# MANDATE

# United States Court of Appeals
## For the First Circuit

No. 07-1824

JOHN D. CERQUEIRA,

Plaintiff, Appellee,

v.

AMERICAN AIRLINES, INC.,

Defendant, Appellant.

**JUDGMENT**
Entered:  January 10, 2008

This cause came on to be heard on appeal from the United States District Court for the District of Massachusetts and was argued by counsel.

Upon consideration whereof, it is now here ordered, adjudged and decreed as follows: The judgment of the district court is reversed, and the matter is remanded to the district court with instructions to vacate the judgment and fees award in favor of John D. Cerqueira and enter judgment for American Airlines, Inc.

Certified and Issued as Mandate
under Fed. R. App. P. 41.

Richard Cushing Donovan, Clerk

Deputy Clerk

Date: 3/14/08

By the Court:

Richard Cushing Donovan, Clerk

[Certified copies to Hon. William G. Young and Ms. Sarah Thornton, Clerk, United States District Court for the District of Massachusetts.  Copies to Ms. Cantelo, Mr. Godkin, Mr. Kirkpatrick, Mr. Fitzhugh, Mr. Bramlett, Ms. Mariani, Ms. Skinner, Ms. Gerber, Mr. Powell, Mr. Schrader, Mr. Stavers, Mr. Foreman, Ms. Saxena, Ms. Birch, Mr. Eng, Ms. Baldillo, Ms. Valenzuela, Ms. Ciccolo, Mr. Asaka, & Mr. Maer.]

# United States Court of Appeals
## For the First Circuit

No. 07-1824

JOHN D. CERQUEIRA,

Plaintiff, Appellee,

v.

AMERICAN AIRLINES, INC.,

Defendant, Appellant.

Before

Boudin, Chief Judge,
Campbell, Senior Circuit Judge,
Torruella, Circuit Judge,
Stahl, Senior Circuit Judge,
Lynch, Lipez, and Howard, Circuit Judges.

### ORDER OF COURT
### Entered: February 29, 2008

Pursuant to First Circuit Internal Operating Procedure X(C), the petition for rehearing en

banc has also been treated as a petition for rehearing before the original panel. The petition for

rehearing having been denied by a majority of the panel of judges who decided the case and the

petition for rehearing en banc having been submitted to the active judges of this court and a majority

of the judges not having voted that the case be heard en banc, it is ordered that the petition for

rehearing and petition for rehearing en banc be denied.

**TORRUELLA, Circuit Judge, dissenting.** I respectfully dissent from the denial of John

Cerqueira's petition for rehearing en banc. The panel opinion offers a sweeping interpretation of 49

U.S.C. § 44902(b) which goes further than any other court and, more importantly, further than

Congress had intended in enacting that provision. Its application to an airline's denial of rebooking

is a matter of first impression; no other court has applied it in such a manner. The issue is of

exceptional importance not only for its novelty but also in light of the high-security environs in

which we find ourselves today.

**I.**

There are two distinct parts to this case: (1) the Captain's decision to remove Cerqueira from

his original flight and (2) American Airlines' refusal to rebook him on another, later flight. With

respect to the first, the panel opinion concludes that Section 44902(b) endows the Captain with

tremendous immunity when making difficult, split-second decisions regarding a passenger on his

flight. Indeed, "even mistaken decisions are protected as long as they are not arbitrary or capricious

. . . assum[ing] that . . . [a] responsible decisionmaker could credit the information provided." Slip

Op. at 29. I agree that such considerations for the Captain are not only necessary but are also

consistent with the underlying legislative intent:

> Congress was certainly aware that decisions under [§ 44902(b)] would in many
> instances probably have to be made within minutes of the plane's scheduled take-off
> time, and that the carrier's formulation of opinion would have to rest on something
> less than absolute certainty.

Williams v. Trans World Airlines, 509 F.2d 942, 948 (2d Cir. 1975) (emphasis added).

The decision to deny rebooking is a separate and independent decision made by the SOC

manager. It is clear that Cerqueira was not going to reboard the original fight: after deciding to

-2-

remove Cerqueira (and the other two passengers) from the flight, the Captain was told by the state police officers that "[t]hese three gentlemen are not traveling with you today. It's out of your hands." Slip Op. at 14-15. The rebooking decision concerned whether Cerqueira was to be rebooked on another, later flight after being cleared by the police. There was no imperative that the SOC manager make an immediate decision with respect to rebooking; the decision was made without time pressure and with the benefit of additional information afforded by the police investigation.[1]

No other court has applied Section 44902(b) to this type of situation. All of the cases discussed in the opinion arise in a context in which a decisionmaker must determine whether to remove or bar a particular passenger from a flight because of security-related concerns. See, e.g., Cordero v. Cía. Mexicana de Aviación, S.A., 681 F.2d 669, 672 (9th Cir. 1982) (refusal to allow plaintiff to continue on the flight after an unscheduled stop); Williams, 509 F.2d at 944 (refusal to transport plaintiff on his ticketed flight); Dasrath v. Cont'l Airlines, Inc., 467 F. Supp. 2d 431, 432-33 (D.N.J. 2006) (passengers removed by pilot for security reasons); Al-Qudhai'een v. Am. W. Airlines, Inc., 267 F. Supp. 2d 841 (S.D. Ohio 2003) (same). None have ever raised questions about future travel. In fact, in Williams, TWA had offered various alternate flight arrangements to the plaintiff after refusing him passage on his original flight. Williams, 509 F.2d at 945. In contrast, American Airlines refunded the remaining portion of Cerqueira's trip, refused to rebook him on an

---

[1]  The panel opinion's treatment of the SOC manager's decision conflates the fact that the decision was made quickly with the need for that decision to be made so quickly. A captain's decision regarding a security threat is necessarily a hasty one because it involves a take-off schedule and affects all of those on the plane. The SOC manager's decision enjoys the luxury of time: the next available flight was not scheduled to depart until that afternoon and Cerqueira was cleared by the state police before 9:00 A.M.

-3-

available flight later that afternoon, and simply informed him that the "decision had been made by AA's corporate offices." Slip Op. at 18.

This case puts the rebooking scenario squarely in front of the court. Cerqueira's complaint clearly alleges two separate claims. Yet, with little to no discussion, the panel opinion takes a major leap in extending the mantle of decisional emergency to an airline decisionmaker who is removed from the exigencies of split-second passenger safety determinations. In so doing, the opinion transforms Section 44902(b)'s exceptional immunity into a legal framework that may apply in all airline decisions. After concluding that Section 44902(b) governs the SOC manager's decision, the opinion states that the McDonnell Douglas burden-shifting methodology for evaluating indirect evidence of discriminatory intent is "inconsistent" with the Section 44902(b) test. Slip Op. at 37. The opinion goes on to conclude that Cerqueira's challenge to the rebooking decision fails because "[t]here is no evidence that the SOC manager's decision was based on race discrimination . . . there is no evidence that the SOC manager was aware of the plaintiff's appearance, race, or ethnicity . . . [and thus] the § 1981 claim against the SOC manager fails." Slip Op. at 36.

The McDonnell Douglas burden-shifting framework was crafted by the Supreme Court specifically to ameliorate the difficulties in obtaining direct evidence of racial discrimination. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). Accordingly, we have used that framework in evaluating § 1981 claims. See, e.g., Straughn v. Delta Air Lines, Inc., 250 F.3d 23, 33 (1st Cir. 2001); Oliver v. Digital Equip. Corp., 846 F.2d 103, 107 (1st Cir. 1988); T&S Serv. Assoc., Inc., v. Crenson, 666 F.2d 722, 724 (1st Cir. 1981). In requiring a plaintiff to submit direct evidence of discriminatory animus in the rebooking scenario, the opinion uses Section 44902(b) to effectively exempt a broad swath of airline decisions from the McDonnell Douglas burden-shifting

-4-

methodology. Such was not the intent of Congress in promulgating Section 44902(b), and the opinion fails to provide a compelling rationale for doing so. I am firmly opposed to the expansion of the airline's immunity in this manner.

## II.

Additionally, I think that the panel opinion erroneously concludes that "no properly instructed jury could return a verdict against the air carrier." Slip Op. at 3. In so concluding, the opinion improperly encroaches upon the fact-finding responsibilities of the jury. See, e.g., United States v. Nascimento, 491 F.3d 25, 46-47 (1st Cir. 2007) ("Sifting through conflicting testimony and determining where the truth lies is the sort of work that falls squarely within the jury's province."). Under either a § 1981 burden-shifting analysis or the Section 44902(b) arbitrary and capricious standard, a properly instructed and reasonable jury could find in favor of Cerqueira with respect to the rebooking decision.

Applying McDonnell Douglas, a reasonable jury could conclude that the denial of rebooking was based on the perception that Cerqueira was from the Middle East. The SOC manager based his decision not to rebook Cerqueira on the security information provided by the Captain, a combination of his personal concerns and those of his flight attendants. Trial testimony and record evidence indicated that at least one flight attendant's information may have been race-based. While we remove any responsibility on the part of the Captain to conduct an inquiry into representations made by other air carrier employees, there is no convincing rationale for extending that consideration to decisionmakers such as the SOC manager who are not compelled by exigent circumstances. After listening to the testimony of the airline employees and reviewing the evidence, a jury should

-5-

determine whether it believes that the airline acted out of legitimate safety concerns in denying rebooking, or if the actions were based on race discrimination.

Alternatively, even if the Section 44902(b) standard applies to the SOC manager's decision, a reasonable jury could conclude that the airline's failure to inquire into Cerqueira's status before issuing its denial was arbitrary and capricious.[2] While we do not impose a burden on the Captain to conduct an investigation, the SOC manager can be held to greater scrutiny without compromising safety. Cerqueira was released by the police with no charges; those facts were within the knowledge of the airline when the decision not to rebook was made, and, in any event, available sufficiently prior to the afternoon flight, to allow American Airlines time to rationally consider its rebooking determination. The failure of American Airlines to do so and its refusal to give any reason for acting in such an apparently arbitrary manner, when placed against the background of the earlier evidence, presents sufficient facts to have the rebooking issue go before a properly instructed jury. A reasonable jury "might have concluded that the [airline] acted unreasonably in excluding [the passenger] without even the most cursory inquiry into the complaint against him." Cordero, 681 F.2d at 672.

---

[2]  Although the panel opinion emphasizes the "short proximity" (i.e. "within minutes") between the Captain's decision not to allow Cerqueira to fly and the SOC manager's decision to deny rebooking, that assertion is unsupported by the record.  See Slip Op. at 36. Prior to the flight's original estimated departure time of 6:35 A.M., Cerqueira was removed from the flight and taken by the police for questioning. He was released by the police around 9:00 A.M. Although the Captain had contacted the SOC to provide a "full report on the security issues and to notify them that the flight would not be departing on time" it was not until 9:01 A.M. that the customer service manager, "per SOC [manager]," made an entry stating that Cerqueira was to have his ticket refunded. Several minutes later, another entry stated: "Do not rebook on AA." Slip Op. at 11, 17.

-6-

## III.

I am deeply troubled by the legal implications of the opinion and, therefore, dissent from the denial of en banc review.

**LIPEZ, Circuit Judge, dissenting**. I respectfully dissent from the denial of en banc rehearing for all of the reasons Judge Torruella sets forth in his dissent. I write separately to add one additional point.

We recognized in Cariglia v. Hertz Equip. Rental Corp., 363 F.3d 77, 83 (1st Cir. 2004), that corporate liability for discrimination could attach if a neutral decisionmaker relied on information that was inaccurate, misleading, or incomplete because of another employee's discriminatory animus. The Captain testified that he conveyed to the SOC what the flight attendants had reported to him, and the jury had evidence before it supporting an inference that at least one flight attendant's information may have been race-based. As such, the plaintiff would be entitled to rely on a Cariglia theory that corporate liability could attach because the SOC manager relied on information that was inaccurate, misleading, or incomplete because of a flight attendant's discriminatory animus.

As the panel decision notes, we have not previously applied this theory of corporate liability to a discrimination claim under 42 U.S.C. § 1981. However, we have noted that the standards of liability under § 1981, Title VII, and the Massachusetts state employment discrimination statute (under which Cariglia arose) are substantially identical. Villanueva v. Wellesley College, 930 F.2d 124, 127 n.2 (1st Cir. 1991); see also T & S Serv. Assocs., Inc. v. Crenson, 666 F.2d 722, 724 (1st Cir. 1981) (applying the McDonnell Douglas framework, developed under Title VII, in a nonemployment § 1981 case); cf. Danco, Inc. v. Wal-Mart Stores, Inc., 178 F.3d 8, 13 (1st Cir. 1999) (noting that the list of activities protected under § 1981 now includes "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship," tracking the language of Title VII's prohibition on discrimination with respect to "compensation, terms, conditions, or privileges of employment").

-8-

Against this backdrop, the panel's conclusion that <u>Cariglia</u> should not extend to the rebooking decision is dubious.

The panel concludes that "[t]he § 1981 claim against the SOC manager's decision was derivative of the § 1981 claim against the Captain's decision" because the SOC manager had only the information conveyed to him by the Captain. I respectfully submit that this conclusion is flawed. The SOC manager made a separate decision as to whether the passenger could be rebooked on a flight that was scheduled to depart hours later. In doing so, he may have relied – perhaps unwittingly – on information tainted by a flight attendant's racial animus. While the law affords the Captain great latitude because his decision must be made quickly, the SOC manager – and American Airlines as a whole – is not entitled to piggyback on that first decision and thereby multiply any discriminatory animus underlying it. This conflation of the Captain's decision and the SOC manager's decision should have been considered and corrected by the en banc court. Accordingly, I dissent from the denial of en banc review.

By the Court:

Richard Cushing Donovan, Clerk

[Certified copies to Hon. William G. Young and Ms. Sarah Thornton, Clerk, United States District Court for the District of Massachusetts. Copies to Ms. Cantelo, Mr. Godkin, Mr. Kirkpatrick, Mr. Fitzhugh, Mr. Bramlett, Ms. Mariani, Ms. Skinner, Ms. Gerber, Mr. Powell, Mr. Schrader, Mr. Stavers, Mr. Foreman, Ms. Saxena, Ms. Birch, Mr. Eng, Ms. Baldillo, Ms. Valenzuela, Ms. Ciccolo, Mr. Asaka, & Mr. Maer.]

-9-