UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN D. CERQUEIRA,<br><br>     Plaintiff,<br><br>v.<br><br>AMERICAN AIRLINES, INC.<br><br>     Defendant. | Civil Action No: 05-11652-WGY |

**PLAINTIFF'S MOTION FOR
DISALLOWANCE OF DEFENDANT'S BILL OF COSTS**

In accordance with the Court's Procedures for the "Taxation of Costs," plaintiff John D. Cerqueira hereby objects to and moves to disallow the Bill of Costs submitted by the defendant American Airlines, Inc. ("American"). Cerqueira objects because American seeks to recover as "costs" numerous amounts to which it is not entitled under 28 U.S.C.A. § 1920 and this Court's procedures.

**I. Fees for Exemplification and Copies**

American seeks $8,305.44 under 28 U.S.C.A. § 1920(4) in "Fees for exemplification and copies of papers necessarily obtained for use in the case." However, American has not established that the costs for which it seeks recovery fall within the definition of "exemplification" or that the copies were "necessarily obtained for use in the case."

Most of this amount, $7,330, was billed by New England Trial Services for "Trial Presentation Services," including equipment rental and, apparently, the costs of a "presentation technician" who operated the equipment. This charge does not constitute "exemplification."

"Exemplification is the making of an official and certified copy of a document or transcript that is used as evidence. Examples of items that may be exemplified include docket sheets, complaints, medical reports, police reports, weather reports, land records, and criminal records." See "Taxable Costs - Fees for Exemplification." See also Black's Law Dictionary, 593 (7th ed. 1999), which defines "exemplification" as "[a]n official transcript of a public record, authenticated as a true copy for use as evidence."

The balance of the requested charges includes amounts for duplication of discovery documents, video media duplication, duplication of witness notebooks for use at deposition, and costs for creating enlargements of demonstratives for trial. These charges are not properly taxable. "Photocopying costs are taxable only to the extent that the copies were used as exhibits, were furnished to the Court or opposing counsel, or were otherwise necessary for maintenance of the action." Further, "Counsel must include a statement that the cost is no higher than what is generally charged for reproduction in the local area, and that no more copies than what was actually necessary were reproduced. Copies for the convenience of counsel and not for use at trial are not taxable." "Taxable Costs – Fees for Printing and Copying." As American has submitted nothing to establish that the charges are properly taxable, or that the costs incurred were no higher than what is generally charged, its request should be denied.

**II.     Fees for Deposition and Trial Transcripts**

American seeks $5,425.76 under 28 U.S.C.A. § 1920(2) for court reporter services, including deposition transcripts of witnesses even though American did not use the transcripts at trial (Walling, Sargent, Milenkovic, Ball, Flores, Traer, Ehlers, Marquis, Blumenthal and Faulk), and deposition transcripts of witnesses who did not testify at trial (Laird). With respect to Mr. Cerqueira's deposition, American has not established that it used the transcript at trial for

impeachment purposes. Depositions taken "solely for discovery are not taxable as costs, but if the depositions were actually introduced in evidence or used at trial for impeachment purposes, then it is proper to conclude they were necessarily obtained for use in the case." Marcoin, Inc. v. Edwin K. Williams & Co., Inc., 88 F.R.D. 588, 592 (E.D. Va. 1980). "Costs incurred for the convenience of a party, for the purposes of investigation, simply to aid a party in a more thorough preparation of the case, are not recoverable." George R. Hall, Inc. v. Superior Trucking Co., Inc., 532 F. Supp. 985, 994 (N.D. Ga. 1982). See also Wolfe v. Wolfe, 570 F. Supp. 826, 829 (D.S.C. 1983) (deposition costs not recoverable if witness did not testify at trial); Hill v. BASF Wyandotte Corp., 547 F. Supp. 348, 351 (E.D. Mich. 1982) (depositions not taxable when for purposes of investigation or preparation for trial.)

Fees paid by American for expedited transcripts ($678.18 of the requested charge for trial transcripts) are not taxable. See "Taxable Costs, Fees of the Court Reporter," ("Daily or expedited transcript costs will not be taxable unless requested in a motion filed prior to commencement of trial." American did not make such a request in a motion filed before trial began.

American is entitled to no more than $62.70 for transcripts (transcript prepared by Ms. Patrisso on 1/29/07).

### III. Fees for Summons and Subpoenas

Although American seeks to recover the costs for subpoenaing Trooper Sullivan and Trooper Crowther, it called neither as a witness at trial. Trooper Sullivan was subpoenaed and called by Mr. Cerqueira, and Trooper Crowther did not testify at all. These costs are not taxable.

### IV. Fees for Witnesses

American seeks $701.91 under 28 U.S.C.A. §§ 1920(3), 1821(c) and (d) for Lodging, Meals and Transportation for Mr. Marquis. However, American is entitled only to $238 per day for subsistence. "Taxable Costs – Fees for Witnesses." As Mr. Marquis only testified on one day, it is entitled to no more than $238 for Mr. Marquis's subsistence expenses.

American is entitled to no more than $598 for witness fees ($238 subsistence fee for Mr. Marquis, and $40 per day for nine witnesses).

### **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that American's Bill of Costs be reduced. American should be awarded taxable costs of no more than $710.70, as follows:

| | |
|---|---|
| Fees of the Clerk | $50 |
| Fees of the court reporter | $62.70 |
| Fees for witnesses | <u>$598</u> |
| TOTAL | $710.70 |

WHEREFORE, Plaintiff respectfully requests that the Court disallow American's Bill of Costs, and award costs of no more than $710.70.

        Respectfully submitted,

        **JOHN D. CERQUEIRA**
        By his attorneys,

        /s/ David S. Godkin
        David S. Godkin, BBO #196530
        Birnbaum & Godkin, LLP
        280 Summer Street
        Boston, MA  02210
        617-307-6100

        Michael T. Kirkpatrick, Esq.
        Public Citizen Litigation Group
        1600 20th Street, NW
        Washington, DC  20009
        (202) 588-1000

Dated:  April 29, 2008

CERTIFICATE OF SERVICE

I, David S. Godkin, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on April 29, 2008.

    /s/ David S. Godkin
    David S. Godkin